

CLERK'S OFFICE
A TRUE COPY
Sep 13, 2018
s/ mmurav...
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

TRANSFERRED

# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CRIMINAL DOCKET FOR CASE #: 2:97–cr–00098–JPS–5

Case title: USA v. O'Neill et al

Other court case number:  :00– –03865 USCA Mroch 10/26/00

Date Filed: 05/30/1997

Date Terminated: 10/12/2000

---

Assigned to: Judge J P Stadtmueller

Appeals court case numbers: 00–3865, 98–3785

## Defendant (5)

**Richard E Mroch**
*TERMINATED: 10/12/2000*
*also known as*
Richie

represented by **Ann R Auberry**
Rebholz & Auberry
1414 Underwood Ave – Ste 400
Wauwatosa, WI 53213
414–479–9130
Fax: 414–479–9131
Email: aauberry7707@sbcglobal.net
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael R Barth**
Barth Law Office
W501 Honey Creek Pkwy
Burlington, WI 53105
262–642–7179
*TERMINATED: 10/12/2000*
*Designation: CJA Appointment*

**Michael D Fabing**
Warsawsky McNeal Fabing et al
10 S Wabash Ave – Ste 700
Chicago, IL 60603
312–332–1093
*TERMINATED: 07/01/1997*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |

18:1962(c) & 18:2 RACKETEERING
(1)

That pursuant to the court's determination that the govt did not timely seek subsequent authorizations for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment are hereby dismissed.

18:1962(c) RACKETEERING
(1s)

SENT: 240 months as to each of Cts 1 and 2 to run concurrently to each other and consecutive to 48 months as to Ct 3 for a total term of imprisonment of 288 months, SR: 3 years as to each of Cts 1–3 to run concurrently for a total term of supervised release of 3 years, SA: .00, FINE: ,000.00

18:1962(d) & 18:2 RACKETEERING CONSPIRACY INVOLVING INTERSTATE AND FOREIGN COMMERCE
(2)

That pursuant to the court's determination that the govt did not timely seek subsequent authorizations for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment are hereby dismissed.

18:1962(d) RACKETEERING ACTIVITY AFFECTING INTERSTATE & FOREIGN COMMERCE
(2s)

SENT: 240 months as to each of Cts 1 and 2 to run concurrently to each other and consecutive to 48 months as to Ct 3 for a total term of imprisonment of 288 months, SR: 3 years as to each of Cts 1–3 to run concurrently for a total term of supervised release of 3 years, SA: .00, FINE: ,000.00

21:846 & 18:2 CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE
(3)

That pursuant to the court's determination that the govt did not timely seek subsequent authorizations for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment are hereby dismissed.

21:841(a)(1) & 21:846 & 18:2 CONSPIRACY – POSSESS & DISTRIBUTE CONTROLLED SUBSTANCE
(3s)

SENT: 240 months as to each of Cts 1 and 2 to run concurrently to each other and consecutive to 48 months as to Ct 3 for a total term of imprisonment of 288 months, SR: 3 years as to each of Cts 1–3 to run concurrently for a total term of supervised release of 3 years, SA: .00, FINE: ,000.00

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                    **Disposition**

None

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Carol L Kraft** |

**Carol L Kraft**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1700
Fax: 414–297–1738
Email: CAROL.KRAFT@USDOJ.GOV
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Laura Schulteis Kwaterski**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–4484
Email: laura.kwaterski@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Paul L Kanter**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1700
Fax: 414–297–1738
Email: paul.kanter@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Scott J Campbell**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1064
Fax: 414–297–1738
Email: scott.campbell@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/30/1997 | 1 | 67 | INDICTMENT by USA. Counts filed against Kevin P O'Neill (1): count(s) 1, 2, 3, 4, 5, 6; Carl J Warneke (2): count(s) 1, 2 Raymond L Morgan (3): |

| | | | |
|---|---|---|---|
| | | | count(s) 1, 2, 3; Robert A (4): count(s) 1, 2, 3, 4, 5, 6; Richard E Mroch (5): count(s) 1, 2, 3; Randy M Yager (6): count(s) 1, 2; Johnson F Blake (7): count(s) 1, 2, 3, 6; William B Brock (8): count(s) 1, 2; James E Hanson (9): count(s) 1, 2; David A Kadlec (10): count(s) 1, 2; Allen J McVay (11): count(s) 1, 2, 3; James E Meinen (12): count(s) 1, 2, 3; Randall E Miller (13): count(s) 1, 2, 3; Harvey E Powers (14): count(s) 1, 2, 3, 5, 6; James C Rostron (15): count(s) 1, 2; James W Schneider (16): count(s) 1, 2, 3, 4; Leslie John Jensen (17): count(s) 1, 2. RICO forfeiture allegations pursuant to 18:1963 as to ALL DEFENDANTS. INDICTMENT FILED UNDER SEAL, UNSEALED 6/10/97. (klp, ) Modified on 06/25/1997 (mlm). (Entered: 06/10/1997) |
| 06/02/1997 | | | ARREST Warrant issued for Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Randy M Yager, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen. (klp, ) Modified on 06/25/1997 (Entered: 06/11/1997) |
| 06/10/1997 | 2 | | MOTION to unseal indictment [1−1] by USA as to Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Randy M Yager, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen (klp, ) Modified on 06/25/1997 (Entered: 06/11/1997) |
| 06/10/1997 | 3 | | ORDER by Mag Judge William E. Callahan granting motion to unseal indictment [2−1] (cc: all counsel) (klp, ) Modified on 06/25/1997 (Entered: 06/11/1997) |
| 06/11/1997 | 22 | | HEARING MINUTES: before Mag Judge William E. Callahan dft Richard E Mroch, Johnson F Blake arraigned; not guilty plea entered; to Mag Judge William E. Callahan STD: 8/19/97. Final pretrial and jury trial date to be set. Scheduling conference for 6/25/97 at 1:00 p.m. Govt seeking detention of defts. Court enter order of temporary detention. Detention hearing set for 6/13/97 at 2:00 p.m. for both defts. (bdf, ) (Entered: 06/24/1997) |
| 06/11/1997 | 23 | | ORDER of temporary Detention by Mag Judge William E. Callahan as to Richard E Mroch (bdf, ) (Entered: 06/24/1997) |
| 06/12/1997 | 11 | | CJA Form 20 Copy 4 (Appointment of Counsel) as to Richard E Mroch ; Attorney Michael R. Barth appointed (bdr, ) (Entered: 06/19/1997) |
| 06/12/1997 | 25 | | ARREST Warrant returned executed as to defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant William B Brock, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant James W Schneider, defendant Leslie John Jensen ; defendants' arrested on 6/10/97 defendant Richard E. Mroch and Johnson F. Blake arrested on 6/11/97 (bdf, ) (Entered: 06/24/1997) |
| 06/13/1997 | 26 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing as to defts Mroch and Blake. Govt's proffer for detention of defts. Defense counsel proffer for release of defts on bond. Testimony taken. Court |

| | | | |
|---|---|---|---|
| | | | entered order of detention as to both defts. (bdf, ) (Entered: 06/24/1997) |
| 06/13/1997 | 27 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing as to defts Kruppstadt and Miller. Govts proffer for detention as to both defts. Defense counsel proffer for release of defts on bond. Court enters order of detention as to both defts. (bdf, ) (Entered: 06/24/1997) |
| 06/13/1997 | 35 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing for deft Schneider. Govt's proffer for detention of deft pending trial. Defense counsel proffer for release of deft on bond. Court entered order of detention. (bdf, ) (Entered: 06/24/1997) |
| 06/16/1997 | 42 | | ORDER of Detention by Mag Judge William E. Callahan as to Richard E Mroch (bdf, ) (Entered: 06/24/1997) |
| 06/17/1997 | 45 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing. Govt's proffer for detention of deft Morgan pending trial. Deft's proffer for release pending trial. Court entered order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/17/1997 | 46 | | HEARING MINUTES: before Mag Judge William E. Callahan– detention hearing. Govt's proffer for detention of deft Meinen pending trial. Deft's proffer for release pending trial. Court entered order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/17/1997 | 48 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing – Govt's proffer for detention of deft O'Neill pending trial. Deft's proffer for release of deft pending trial. Testimony taken. Court enter order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/17/1997 | 49 | | HEARING MINUTES: before Mag Judge William E. Callahan – detention hearing as to dft HANSON. Govt's proffer for detention of deft pending trial. Deft's proffer for release of deft pending trial. Testimony taken. Matter put over until 6/20/97 at 8:30. (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/18/1997 | 52 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing. Govt's proffer for detention of deft Warneke pending trial. Deft's proffer for release pending trial. Court entered order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/19/1997 | 57 | | APPLICATION by plaintiff USA and ORDER (AEG) f.writ of HC for deft Kadlec appearance on 6/23/97 at 4:00 p.m. in courtroom 425. Writ issued (bdf, ) (Entered: 06/25/1997) |
| 06/24/1997 | 66 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing. Defense is not opposing detention at this time. Govt's proffer for detention of deft McVay. Court entered order of detention (bdf, ) (Entered: 06/25/1997) |
| 06/24/1997 | 67 | | MOTION for regulating disclosure of discovery material by USA (sealed) (bdf, ) (Entered: 06/25/1997) |
| 06/24/1997 | 68 | | AFFIDAVIT of Paul L. Kanter by plaintiff USA (sealed) (bdf, ) Modified on 06/25/1997 (Entered: 06/25/1997) |

| 06/25/1997 | 79 | | HEARING MINUTES: before Mag Judge William E. Callahan scheduling conference. Discussion regarding when discovery will be available to defense counsel. Court will enter order (bdf, ) (Entered: 06/26/1997) |
|---|---|---|---|
| 06/27/1997 | 82 | | ORDER by Mag Judge William E. Callahan that the govt file a response to deft O'Neill's motion to compel on or before July 3, 1997 (cc: all counsel) (bdf, ) |
| 06/27/1997 | 83 | | ORDER by Mag Judge William E. Callahan (cc: all counsel) that the Sheriff of Waukesha County allow deft Johnson Blake to have contact visitation with any three of the following persons: Sandra Blake, Jordan Blake, Jeremiah Blake, Penny Paulsen, Douglas Blake and Melinda Cantebury at one time, in accordance with the Waukesha County Jail procedures (bdf, ) |
| 06/27/1997 | 84 | | ORDER by Judge J. P. Stadtmueller granting motion for regulating disclosure of discovery material [67–1] (cc: all counsel) (bdf, ) |
| 07/01/1997 | 91 | | ORDER by Mag Judge William E. Callahan All which do not require an evidentiary hearing for resolution shall be filed by 9/2/97 w/briefs for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for C Rostron, for James W Schneider, for Leslie John Jensen Motions to adopt must be filed by 9/5/97, govt's response due 9/22/97 with replies due 9/30/97. All motion for which an evidentiary hearing is requested is due 10/15/97. Pursuant to 18:3161(h)(8)(A), a continuance of the time limits found in 18:3161(c)(1) is hereby granted on the grounds that the ends of justice served by taking such action outweigh the best interests of the public and the defts in a speedy trial. (cc: all counsel) (bdf, ) Modified on 07/01/1997 |
| 07/07/1997 | 96 | | ORDER by Mag Judge William E. Callahan denying defendant's motion to compel U.S. Marshal to return deft O'Neill to Waukesha County Jail pending trial [80–1] (cc: all counsel) (sealed, ) |
| 07/07/1997 | 97 | | LETTER from plaintiff USA regarding scheduling deadlines (bdf, ) (Entered: 07/09/1997) |
| 07/14/1997 | 104 | | ORDER by Judge J. P. Stadtmueller granting Randall MILLER's motion for contact visitation [103–1] (cc: all counsel) (bdf, ) Modified on 07/28/1997 (Entered: 07/15/1997) |
| 07/16/1997 | 111 | | CJA Form 20 Copy 4 (Appointment of Counsel) ; Attorney appointed (bdr, ) (Entered: 07/25/1997) |
| 07/21/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for withdrawal of attorney [107–1] withdrawing attorney Victor E. Plantinga for Robert A Kruppstadt (cc: all counsel) (bdf, ) (Entered: 07/22/1997) |
| 07/24/1997 | 110 | | ORDER by Mag Judge William E. Callahan denying Raymond MORGAN's motion for order for transfer of custody [109–1] (cc: all counsel) (klp, ) Modified on 07/28/1997 |
| 07/24/1997 | 113 | | HEARING MINUTES before Judge J. P. Stadtmueller: Detention Review hearing held 7/24/97 for Kevin P. O'NEILL. Court affirms magistrate's decision; dft to remain detained until trial. (klp, ) (Entered: 07/28/1997) |

| | | | |
|---|---|---|---|
| 07/25/1997 | 114 | | HEARING MINUTES before Judge J. P. Stadtmueller: Detention Review hearing held 7/25/97 for Leslie J. JENSEN. Court affirms magistrate's order; dft to remain detained pending trial. (klp, ) (Entered: 07/28/1997) |
| 07/30/1997 | 118 | | HEARING MINUTES: review of detention order before Mag Judge William E. Callahan denying motion for bail review [106–1] (bdf, ) (Entered: 08/01/1997) |
| 07/30/1997 | 119 | | ORDER by Mag Judge William E. Callahan denying motion to provide discovery to deft [112–1], denying motion to extend time by 30 days the time period within which to file motions [112–2] (cc: all counsel) (bdf, ) (Entered: 08/01/1997) |
| 08/04/1997 | 121 | | MOTION to modify conditions of release by Richard E Mroch (bdf, ) |
| 08/11/1997 | 138 | | AMENDED DISCLOSURE AND PROTECTIVE ORDER by Judge J. P. Stadtmueller: 6/27/97 order is amended in that the master copy of all tape recorded conversations distributed to Atty Hart under 6/27/97 order shall be transferred to the custody of Attys Reiher & Kushner. FURTHER ORDERED that if defense attys wish to have the tapes transcribed, Atty Reiher must notify US Atty's Office of the agency/individual so retained, must attest to the notification to that agency of this protective order and the fact that it applies to the agency/individual. (cc: all counsel) (klp, ) (Entered: 08/13/1997) |
| 08/11/1997 | 139 | | MEMORANDUM to all counsel appointed under the Criminal Justice Act in the above–aptioned case re: interim payments for representation of counsel by Judge J.P. Stadtmueller (klp, ) (Entered: 08/13/1997) |
| 08/12/1997 | 140 | | LETTER NOTICE by USA unsealing arrest warrant and indictment as to Randy M. YAGER. (klp, ) (Entered: 08/13/1997) |
| 08/13/1997 | 141 | | MOTION for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order by all defendants (klp, ) (Entered: 08/18/1997) |
| 08/13/1997 | 142 | | MEMORANDUM in support of defendants' motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order [141–1] (klp, ) (Entered: 08/18/1997) |
| 08/13/1997 | 143 | | AFFIDAVIT of Franklyn M. Gimbel in support of motion for continued relief from Speedy Trial Act & modification of scheduling order and disclosure and protective order [141–1] (klp, ) (Entered: 08/18/1997) |
| 08/14/1997 | 145 | | HEARING MINUTES before Mag Judge William E. Callahan: Bail review hearing held for Richard Mroch ; $350,000 cash or property bond set. Part of the property to be provided by Mr. Gary Haak. Dft to reside w/mother, Carol Mroch; dft is on home detention w/electric monitoring; dft may meet w/atty, may leave for activities approved by PTS, is NOT AUTHORIZED to go to work. Dft to report to PTS as directed. Dft to submit to drug testing/urinalysis as directed by PTS. Dft to have no contact, direct or written, w/anyone who has provided information in any discovery material, w/the exception of his family members. Dft may not posess firearms/weapons. Standard procedures for posting real property apply. Gvt may request Nebia Hearing. (klp, ) (Entered: 08/18/1997) |

| 08/14/1997 | 146 | | HEARING MINUTES before Mag Judge William E. Callahan: Bail review hrg held for James ROSTRON. Court modifies conditions of bond to strike provision that dft's brother, Richard Rostron, reside w/dft. ALL OTHER CONDITIONS OF BOND REMAIN THE SAME. (klp, ) (Entered: 08/18/1997) |
|---|---|---|---|
| 08/15/1997 | 147 | | HEARING MINUTES before Mag Judge William E. Callahan: Bail Review Hearing held for James MEINEN. Detention order to continue; decision may be appealed to Judge Stadtmueller. (klp, ) (Entered: 08/18/1997) |
| 08/15/1997 | 151 | | REQUEST by plaintiff USA for stay pending appeal of release order for deft Richard Mroch (bdf, ) (Entered: 08/20/1997) |
| 08/18/1997 | 148 | | MOTION for revocation of order of release by USA as to Richard E Mroch (bdf, ) (Entered: 08/19/1997) |
| 08/18/1997 | 149 | | MEMORANDUM by plaintiff USA in support motion for revocation of order of release [148−1] (bdf, ) (Entered: 08/19/1997) |
| 08/18/1997 | 150 | | AMENDED SCHEDULING ORDER by Mag Judge William E. Callahan granting motion to extend time to file motions [137−1] All motions which do not require an evidentiary hearing for resolution shall be filed no later than 10/1/97, motions to adopt must be filed by 10/6/97, the govt shall respond to such motions filed by the defts by 10/24/97 and replies are due 11/5/97; All motions for which an evidentiary hearing is requested shall be filed by 11/21/97 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Randy M Yager, for Johnson F Blake, for William Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen Evidentiary heaings will be conducted during the month of December 1997. (cc: all counsel) (bdf, ) (Entered: 08/19/1997) |
| 08/19/1997 | 152 | | ORDER by Mag Judge William E. Callahan denying govt request for stay pending appeal regarding bond for deft Richard Mroch (cc: all counsel) (bdf, ) (Entered: 08/20/1997) |
| 08/27/1997 | 154 | | RESPONSE by plaintiff USA to motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order [141−1] filed by the Gimbel Firm (bdf, ) (Entered: 08/28/1997) |
| 09/04/1997 | 161 | | LETTER from plaintiff USA in response to deft McVay's motion regarding modification of detention conditions (bdf, ) (Entered: 09/05/1997) |
| 09/04/1997 | 165 | | LETTER (sealed) (bdf, ) (Entered: 09/10/1997) |
| 09/08/1997 | 162 | | ORDER by Mag Judge William E. Callahan − sealed (bdf, ) Modified on 09/08/1997 |
| 09/08/1997 | 163 | | ORDER by Mag Judge William E. Callahan denying motion exparte [134−1], denying motion exparte [132−1], denying motion exparte [130−1], denying motion exparte [128−1], denying motion exparte [126−1], denying motion exparte [124−1] sealed (cc: all counsel) (bdf, ) |
| 09/09/1997 | 164 | | |

| | | | HEARING MINUTES: before Mag Judge William E. Callahan – sealed (bdf, ) |
|---|---|---|---|
| 09/10/1997 | 166 | | ORDER by Mag Judge William E. Callahan – (sealed) (bdf, ) |
| 09/12/1997 | 168 | | ORDER by Mag Judge William E. Callahan denying motion for assistance without prejudice, as moot as to deft. Allen McVay. [153−1] (cc: all counsel) (kaf, ) (Entered: 09/15/1997) |
| 09/17/1997 | 171 | | RECOMMENDATION by Mag Judge William E. Callahan concerning motion to modify disclosure and protective order be denied [158−1]; ORDER that motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order is denied; and recommendation that the district court deny the Gimbel firms' motion to modify the disclosure & protective order [141−1] Recommendation denying defts' Meinen & Jensen's joint defense agreement, recommendation denying Meinen & Jensen's request for the govt to produce to the Gimbel firm a complete master set of discovery materials, recommendation denying Meinen & Jensen's request to allow the Gimbel firm to share all discovery materials; recommendation that Meinen & Jensen's motion for modification of district court's disclosure & protective order to allow their counsel to disseminate discovery materials be denied, without prejudice; ORDER that Meinen & Jensen's request that the govt categorize discovery is denied. (cc: all counsel) (bdf, ) |
| 09/19/1997 | 172 | | ORDER by Mag Judge William E. Callahan denying motion to preserve agent's notes [157−1] by deft O'Neill, denying as moot motion in re: transportation of deft of O'Neill [156−1] (cc: all (bdf, ) |
| 09/19/1997 | 173 | | MOTION to modify disclosure & protective order and to extend time for filing pretrial motions by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, James C Rostron (bdf, ) (Entered: 09/22/1997) |
| 09/23/1997 | 177 | | ORDER by Mag Judge William E. Callahan that the govt is directed to file a response to the defts' motion by 9/30/97; in the meantime, the schedule setting the dates by which pretrial motions are to be filed in this action is suspended pending further order of this court. (cc: all counsel) (bdf, ) |
| 09/25/1997 | 184 | | STIPULATION for substitution of Atty. Franklyn Gimbel in place of Atty. Christine Harris for deft Randall E. Miller. (bdf, ) (Entered: 09/30/1997) |
| 09/26/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan allowing the govt until 10/3/97 to respond to the proposed substitution of counsel for deft Miller (cc: all counsel) (bdf, ) |
| 09/30/1997 | 185 | | RESPONSE by plaintiff USA to motion to modify disclosure & protective order and to extend time for filing pretrial motions [173−1] (bdf, ) (Entered: 10/01/1997) |
| 10/03/1997 | 191 | | ORDER by Judge J. P. Stadtmueller granting motion to modify disclosure & protective order [173−1] (please see order for details) (cc: all counsel) (bdf, ) (Entered: 10/06/1997) |
| 10/03/1997 | 192 | | ORDER by Mag Judge William E. Callahan granting motion to extend time for filing pretrial motions [173−1] ; All motions relating to discovery, along |

| | | | |
|---|---|---|---|
| | | | w/the statement required by Local Rule 6.02 and briefs, must be filed by 11/3/97 for Kevin P O'Neill, for Carl J Warneke, for L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for , for Johnson F Blake, for William B Brock, James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen the govt shall respond by 11/17/97 and any replies are due 11/24/97. All motions challenging the sufficiency of the indictment as well as any other motion which does not require an evidentiary hearing for resolution shall be filed by 1/5/98, motions to adopt must be filed by 1/9/98; the govt shall respond by 1/30/98 and replies are due 2/13/98; all motions for which an evidentiary hearing is requested shall be filed by 3/2/98. Pursuant to 18:3161(h)(8)(A), a continuance of the time limits found in 18:3161(c)(1) is hereby granted on the grounds that the ends of justice served by taking such action outweigh the best interests of the public and the defts in a speedy trial. (cc: all counsel) (bdf, ) (Entered: 10/06/1997) |
| 10/10/1997 | 195 | | HEARING MINUTES: before Mag Judge William E. Callahan hearing on substitution of counsel. Govt's statements regarding possible conflict. Atty. Gimbel's response. Court grants substitution and sign order. Atty. Harris to remain in case until November 3, 1997. (bdf, ) (Entered: 10/15/1997) |
| 10/23/1997 | 201 | | ORDER by Judge J. P. Stadtmueller denying the Gimbel firm's motion to modify this Court's disclosure & protective order for lack of standing; adopting report and recommendation motion RECOMMENDATION in its entirety. Consistent with Magistrate Judge Callahan's recommendations' [171−1], denying defts Meinen and Jensen request for an order from this Court acknowledging or placing its imprimatur on the joint defense agreement entered into between "most of the co−defts' counsel and Gimbel, Reilly, Guerin & Brown" ; order that deft Meinen and Jensen's request that this Court modify its disclosure order so as to allow the Gimbel firm to function as coordinator is denied; order that defts' Meinen and Jensen's request that the district court order the govt to produce to the Gimbel firm a complete "master set" of all discovery is denied; order that defts' Meinen and Jensen's request that the district court allow defense counsel and the Gimbel firm to "share" all discovery material is denied and order that defts' Meinen and Jensen's motion to modify this Court's disclosure and protective order to allow dissemination of the materials to paralegals, sec's, and other non−lawyers is denied without prejudice. counsel) (bdf, ) (Entered: 10/24/1997) |
| 10/27/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan that Atty. Franklyn Gimbel is substituted as the attorney of record for deft Randall Miller in place of Christine Harris (cc: all counsel) (bdf, ) (Entered: 10/28/1997) |
| 10/28/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting deft Rostron's request for modifications of his release. See letter for details. (cc: all counsel) (bdf, ) (Entered: 10/29/1997) |
| 10/30/1997 | 203 | | TRANSCRIPT of proceedings held 9/9/97 − sealed (bdf, ) |
| 11/01/1997 | 258 | | CJA Form 20 Copy 4 (Appointment of Counsel) as to Richard E Mroch; Attorney Michael Barth appointed (bdr, ) (Entered: 11/17/1997) |

| 11/01/1997 | 314 | | CJA Form 20 Copy 4 (Appointment of Counsel) as to Richard E Mroch; Attorney Michael R. Barth appointed (bdr, ) (Entered: 01/09/1998) |
|---|---|---|---|
| 11/03/1997 | 209 | | MOTION for Rule 6.02 statement discovery by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Richard E Mroch, David A Kadlec, Allen J McVay, James E Meinen, Leslie John Jensen, Johnson F Blake (bdf, ) (Entered: 11/04/1997) |
| 11/05/1997 | 229 | | ORDER by Mag Judge William E. Callahan granting motion to join/adopt joining motion for disclosure of legal insturctions to grand jury [221–1], joining motion for disclosure of 10–day progress reports under Title III order and Local Rule 6.02 statement [220–1], joining motion to extend time to file motions related to discovery [217–1], joining motion grand jury minutes and transcripts of witness testimony and non–witness statements prior to trial [206–1], joining motion for disclosure of the identity of informants [204–1] [226–1] , joining motion to compel govt to disclose identity of all confidential informants & to disclose any and all threats or promises made to informants and witnesses [225–1], permit filing of brief in excess local rules [210–1] as to defts' Blake, Hanson, Jensen, Kadlec, Kruppstadt, McVay,, Meinen, Miller, Morgan, O'Neill (cc: all counsel) (bdf, ) Modified on 05/13/1999 (Entered: 11/06/1997) |
| 11/10/1997 | 245 | | HEARING MINUTES: before Judge J. P. Stadtmueller (sealed) (bdf, ) (Entered: 11/12/1997) |
| 11/13/1997 | 260 | | ORDER by Mag Judge William E. Callahan granting motion to adopt by defts' O'Neill, Warneke, Meinen, Morgan, Powers, Rostron and Jensen cc mailed (bdf, ) (Entered: 11/18/1997) |
| 11/14/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan denying motion [228–1] (sealed) (cc: all counsel) (bdf, ) (Entered: 11/18/1997) |
| 11/20/1997 | 268 | | LETTER from plaintiff USA opposing deft Hanson's motion to allow off–premises weekend visitation with his minor children (bdf, ) (Entered: 11/21/1997) |
| 11/21/1997 | 269 | | APPLICATION by plaintiff USA (sealed) (bdf, ) |
| 11/21/1997 | 270 | | ORDER by Mag Judge William E. Callahan (sealed) (cc: all counsel) (bdf, ) |
| 11/26/1997 | 277 | | ORDER by Mag Judge William E. Callahan denying in part and granting in part motion exparte [233–1] (sealed) (cc: all counsel) (bdf, ) |
| 11/26/1997 | 278 | | ORDER by Mag Judge William E. Callahan denying in part and granting in part motion [227–1] (sealed) (cc: all counsel) (bdf, ) |
| 11/26/1997 | 279 | | ORDER by Mag Judge William E. Callahan granting motion for visitation w/his children [264–1] (cc: all counsel) (bdf, ) |
| 12/01/1997 | 280 | | NOTICE of hearing ; detention hearing rescheduled for 2:00 12/12/97 for Raymond L Morgan (tlf, ) (Entered: 12/02/1997) |
| 12/03/1997 | 282 | | MOTION for joint status conference by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Johnson F Blake, James E Hanson, Allen J McVay, James E Meinen, Randall E Miller, Richard E Mroch James C. Rostron (bdf, ) Modified on 12/05/1997 (Entered: |

| | | | 12/05/1997) |
|---|---|---|---|
| 12/04/1997 | 285 | | ORDER by Mag Judge William E. Callahan granting motion for joint status conference [282−1] status conference hearing set for 7:30 12/11/97 the presence of the defts is not necessary at this conference (cc: all counsel) (bdf, ) (Entered: 12/05/1997) |
| 12/04/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for order permitting defendant to adopt those portions of the consolidated reply brief on discovery motions which pertain to motions previously adopted [281−1] (cc: all counsel) (bdf, ) (Entered: 12/05/1997) |
| 12/05/1997 | 286 | | LETTER from Magistrate Judge Callahan regarding status conference scheduled for 12/11/97 at 7:30 a.m. (bdf, ) |
| 12/08/1997 | 288 | | LETTER from plaintiff USA regarding defts' joint motion for status conference (bdf, ) (Entered: 12/09/1997) |
| 12/11/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to permit brief in excess of local rule [273−1] (cc: all counsel) (bdf, ) |
| 12/11/1997 | 290 | | HEARING MINUTES: before Mag Judge William E. Callahan ; for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen See order for amended schedule. (bdf, ) (Entered: 12/12/1997) |
| 12/11/1997 | 291 | | ORDER by Mag Judge William E. Callahan ; pretrial motions set for 2/20/98 for which an evidentiary hearing is requested; all motions challenging the sufficiency of the indictment are due 5/15/98; motions to adopt must be filed by 5/20/98 w/govt response to motions due 6/12/98 and replies due 6/24/98 as to defts' Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for C Rostron, for James W Schneider, for Leslie John Jensen Pursuant to 18:3161(h)(8)(A), a continuance of the time limits found in 18:3161(c)(1) is hereby granted (cc: all counsel) (bdf, ) (Entered: 12/15/1997) |
| 12/16/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to adopt joint motion f/status conference [293−1] (cc: all counsel) (bdf, ) (Entered: 12/18/1997) |
| 12/30/1997 | 296 | | ORDER by Mag Judge William E. Callahan that the defts' motion for immediate production of physical evidence be granted in part and denied in part; order that the defts' motion for immediate production of scientific evidence be granted in part and denied in part; order that the defts' motion for immediate production of expert witness identification and testimony be granted in part and denied in part; order that the defts' motion for immediate production of Title III logs be denied; order that the defts' motion for immediate production of ten−day progress reports be denied; order that the defts' motion for immediate production of Rule 404(b), evidence be granted in part and denied in part; order that the defts' motion for immediate |

| | | | |
|---|---|---|---|
| | | | production of the identities of all confidential informants be granted in part and denied in part; order that the defts' motion for immediate production of confidential informants' addresses, criminal records is granted in part and denied in part; order that the defts' motion for immediate production of grand jury instructions and minutes be denied; order that the defts motion for immediate production of Brady, Kyles and Giglio materials be granted in part and denied in part and order that the defts' motion for immediate production of Jencks material be denied as moot. (cc: all counsel) (bdf, ) Modified on 01/09/1998 (Entered: 01/09/1998) |
| 01/01/1998 | 411 | | CJA Form 20 Copy 4 (Appointment of Counsel) as to Richard E Mroch; interim voucher #4 (bdr, ) (Entered: 03/11/1998) |
| 01/05/1998 | 301 | | ORDER by Mag Judge William E. Callahan sealed (cc: all counsel) (djd, ) (Entered: 01/09/1998) |
| 01/07/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file defense objections to magistrate's order [298-1] to January 19, 1998 (cc: all counsel) (djd, ) (Entered: 01/09/1998) |
| 01/12/1998 | 319 | | ORDER by Mag Judge William E. Callahan granting Atty. Reilley's motion to w/d and appointing Atty. Thomas G. Halloran as counsel for deft Brock (cc: all counsel) (bdf, ) |
| 01/13/1998 | | | MARGINAL ORDER by Judge J. P. Stadtmueller granting motion to extend time to file objections to 1/19/98 [303-1] (cc: all counsel) (bdf, ) (Entered: 01/14/1998) |
| 01/14/1998 | 323 | | OBJECTIONS by plaintiff USA to the discovery order of December 30, 1997 (bdf, ) |
| 01/16/1998 | 325 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion for change of Pretrial placement and for dental treatment [321-1] Court direct U.S. Marshal to provide dental care f/deft Miller w/in the guidelines of the marshal service. Marshal Hagerty to notify court w/in a week regarding status of dental care f/deft Miller (bdf, ) Modified on 01/16/1998 |
| 01/20/1998 | 330 | | OBJECTIONS by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, deftendant Richard Mroch defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen regarding [296-1] (bdf, ) (Entered: 01/21/1998) |
| 01/20/1998 | 333 | | ORDER by Mag Judge William E. Callahan that the court's order of December 30, 1997, is stayed until such time as Chief Judge Stadtmueller issues his ruling on the govt's objections. (cc: all counsel) (bdf, ) (Entered: 01/21/1998) |
| 02/10/1998 | | | MARGINAL ORDER by Chief Judge Robert Posner of the 7th Circuit Court of Appeals approving interim payments for CJA counsel. Signed on 1/20/98 by Judge Posner (cc: all counsel) (bdf, ) Modified on 02/10/1998 |
| 02/17/1998 | 346 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to challenge search pursuant to a warrant by Richard E Mroch (bdf, ) (Entered: 02/18/1998) |
| 02/17/1998 | 347 | | MEMORANDUM by defendant Richard E Mroch in support motion to challenge search pursuant to a warrant [346–1] (bdf, ) (Entered: 02/18/1998) |
| 02/20/1998 | 352 | | Memorandum regarding the need for evidentiary hearings & anticipated length of same by plaintiff USA (bdf, ) |
| 02/23/1998 | 376 | | ORDER by Mag Judge William E. Callahan evidentiary hearing set for 9:00 3/10/98 for deft Meinen and an evidentiary hearing is set for 1:00 p.m. on 3/10/98 for deft Mroch (cc: all counsel) (bdf, ) (Entered: 02/25/1998) |
| 02/24/1998 | 379 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to modify conditions of release – for removal from electronic monitoring [345–1], denying motion to modify conditions of release – for removal from electronic monitoring [343–1] as to deft Hanson and Rostron. Court modifies Hanson's bond to allow him premission to travel to Michigan, Indiana, Iowa and Wisconsin for employment – must provide verification to pretrial services and must have prior approval. Court modifies Rostron bond to allow him to work as much overtime that is available – must have prior approval from pretrial services. Court directs pretrial to contact pretrial office in N.D. of Ill and to prepare written proposal as to how to administer electronic monitoring for deft Rostron. Court order that deft Hanson complete a supplemental financial afdvt to determine how much he should contribute towards court appointed counsel fees. (bdf, ) Modified on 02/25/1998 (Entered: 02/25/1998) |
| 02/25/1998 | 381 | | RESPONSE memorandum regarding the need for evidentiary hearings by plaintiff USA (sealed) (bdf, ) Modified on 02/26/1998 (Entered: 02/26/1998) |
| 03/03/1998 | 391 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 03/04/1998) |
| 03/03/1998 | 392 | | ORDER by Mag Judge William E. Callahan (cc: all counsel) (sealed) (bdf, ) (Entered: 03/04/1998) |
| 03/04/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to permit late filing of 3/12/95 car stop motion [387–1] (cc: all counsel) (bdf, ) |
| 03/04/1998 | 397 | | Text not available. (Entered: 03/06/1998) |
| 03/04/1998 | 397 | | ORDER by Mag Judge William E. Callahan denying request for an evidentiary hearing for deft Miller, denying request for evidentiary hearing as to deft Morgan to support his motion to suppress evidence seized in Gary, IN, denying deft Kruppstadt's request for evidentiary hearing regarding the facts and circumstances surrounding search in Racine, WI and denying deft Blake's request for evidentiary hearing under Franks motion to suppress items seized from 1988 Ford pick–up. evidentiary hearing set for Raymond Morgan for 3/17/98 at 9:00 evidentiary hearing for 9:00 3/18/98 for Kevin P O'Neill, 9:00 3/17/98 for Raymond L Morgan, 9:00 3/18/98 for Robert A Kruppstadt, for Johnson F Blake, for Allen J McVay, for James E Meinen evidentiary hearing set for 9:00 3/19/98 for Kevin P O'Neill, for Johnson F Blake (cc: all counsel) (bdf, ) (Entered: 03/06/1998) |
| 03/05/1998 | 398 | | Memorandum regarding the need for evidentiary hearing re: deft Powers' motion to suppress by plaintiff USA (bdf, ) (Entered: 03/06/1998) |

| 03/06/1998 | 399 | | ORDER by Mag Judge William E. Callahan that deft Powers' request for a hearing is denied (cc: all counsel) (bdf, ) (Entered: 03/09/1998) |
|---|---|---|---|
| 03/10/1998 | 400 | | ORDER by Mag Judge William E. Callahan Govt shall file its brief in response to O'Neill's "Omnibus Motion to suppress evidence intercepted or gathered under Title III by 4/6/98, deft Kevin P O'Neill's may file a reply brief by 4/27/98 (cc: all counsel) (bdf, ) |
| 03/10/1998 | 401 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held as to deft James Meinen regarding his motion to suppress physical evidence. Testimony taken. Court set simultaneous briefing schedule: brief due 4/10/98 and response due 4/24/98. (bdf, ) |
| 03/10/1998 | 403 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held. Testimony taken. Court set briefing scheduled. All briefs to be filed simultaneously: 4/10/98 and response briefs due 4/24/98 for govt and Richard E Mroch (bdf, ) (Entered: 03/11/1998) |
| 03/11/1998 | 414 | | ORDER by Judge J. P. Stadtmueller that the Magistrate's Order dated 12/30/98 is modified as to those provisions which pertain to applications for Rule 17(c) subpoenas duces tecum, pretrial identification of physical evidence, inspection of physical evidence in Milwaukee, and pretrial disclosure of expert witnesses and It is further ordered that the balance of the Magistrate's pretrial discovery orders are Affirmed in their entirety and adopted as an order of this court. (cc: all counsel) (bdf, ) (Entered: 03/12/1998) |
| 03/16/1998 | 416 | | ORDER by Mag Judge William E. Callahan that deft Rostron's motion to modify conditions of his bond to allow him to be removed from electronic monitoring is denied. PTS in Northern District of Illinois are willing to accommodate deft Rostron's overtime schedule by allowing him to notify that office of his working overtime, even after he has worked those hours. (cc: all counsel) (bdf, ) |
| 03/16/1998 | 420 | | TRANSCRIPT of proceedings held on 3/10/98 for defendant Richard E Mroch – evidentiary hearing (bdf, ) (Entered: 03/17/1998) |
| 03/17/1998 | 424 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing on motion to suppress. Testimony taken. Court set briefing schedule. Briefs due 4/10/98 and response brief due 4/24/98. (bdf, ) |
| 03/18/1998 | 427 | | ORDER by Mag Judge William E. Callahan setting hearing on motion for bail review as to deft Johnson Blake before Magistrate Judge Callahan in courtroom 445 [419−1] 1:30 3/20/98 (cc: all counsel) (bdf, ) (Entered: 03/19/1998) |
| 03/18/1998 | 428 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing set for 9:00 3/24/98 for Kevin P O'Neill, for Robert A Kruppstadt, for Johnson F Blake, for Allen J for James E Meinen, for Harvey E Powers (bdf, ) (Entered: 03/19/1998) |
| 03/18/1998 | 429 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to release deft Robert Kruppstadt from detention pending trial [402−1] (bdf, ) (Entered: 03/19/1998) |
| 03/19/1998 | 430 | | |

| | | ORDER by Mag Judge William E. Callahan setting hearing on motion to compel Marshal service to provide for necessary dental care for deft Randall Miller [421–1] 11:00 3/23/98 (cc: all counsel) (bdf, ) |
|---|---|---|
| 03/19/1998 | 432 | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing on motion to suppress. Testimony taken. Court sets briefing schedule: briefs in support due 4/10/98 by 5:00 p.m., responsive briefs due 4/24/98 by 5:00 p.m. (bdf, ) (Entered: 03/20/1998) |
| 03/19/1998 | 433 | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to modify jail conditions [353–1] as to deft Kevin O'Neill (bdf, ) (Entered: 03/20/1998) |
| 03/23/1998 | 435 | HEARING MINUTES: before Mag Judge William E. Callahan granting motion to compel Marshal service to provide for necessary dental care for deft Miller [421–1] Court direct U.S. Marshal to advance adequate funds for dentist to perform procedures. Marshal may seek reimbursement according to law. Court direct defense counsel to prepare order f/courts signature. (bdf, ) (Entered: 03/24/1998) |
| 03/24/1998 | 436 | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held on 3/24/98 Testimony taken. Court set following briefing schedule: Brief in support due 4/10/98 and responsive brief due 4/24/98. Court request defts' to file a joint brief. (bdf, ) Modified on 03/26/1998 |
| 03/25/1998 | 443 | ORDER by Mag Judge William E. Callahan that the U.S. Marshal Service shall forthwith advance adequate funds to Dr. Moulton so that he can conduct all of the recommended, medically–necessary therapy and treatments specifically outlined in his letter to the U.S. Marshal dated 1/16/98. See order for additional conditions (cc: all counsel) (bdf, ) (Entered: 03/26/1998) |
| 03/25/1998 | 444 | HEARING MINUTES: before Mag Judge William E. Callahan – testimony taken. Arguments heard from defense counsel and govt; Court deny motion for bail for deft Powers [439–1] (bdf, ) (Entered: 03/26/1998) |
| 03/27/1998 | 450 | ORDER by Mag Judge William E. Callahan denying govt's request for a stay pending appeal of courts order allowing the release of deft Blake on bond (cc: all counsel) (bdf, ) |
| 03/30/1998 | 451 | ORDER by Judge J. P. Stadtmueller that the Magistrate's March 20, 1998 release order f/deft Johnson Blake is stayed pending a hearing and further decision by this court (cc: all counsel) (bdf, ) Modified on 04/10/1998 |
| 03/30/1998 | 452 | APPLICATION by plaintiff USA (sealed) (bdf, ) |
| 03/30/1998 | 453 | ORDER by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 04/01/1998 | 455 | ORDER by Judge J. P. Stadtmueller granting motion ex parte [418–1] sealed (cc: all counsel) (bdf, ) (Entered: 04/02/1998) |
| 04/03/1998 | 456 | MOTION to reduce bond amount by Richard E Mroch (bdf, ) (Entered: 04/06/1998) |
| 04/08/1998 | 473 | ORDER by Mag Judge William E. Callahan granting motion to seal [461–1] (bdf, ) (Entered: 04/22/1998) |
| 04/09/1998 | 462 | |

| | | | SUPPLEMENTAL brief in support of motion challenging search pursuant to a warrant by defendant Richard E Mroch (bdf, ) |
|---|---|---|---|
| 04/14/1998 | 470 | | LETTER from plaintiff USA supplementing govt's consolidated memo (bdf, ) (Entered: 04/15/1998) |
| 04/23/1998 | 474 | | REPLY by defendant Richard E Mroch to response to motion to challenge search pursuant to a warrant [346−1] (tlf, ) (Entered: 04/24/1998) |
| 04/24/1998 | 482 | | Govt's consolidated pretrial motions response (evidentiary motions) (sealed) (bdf, ) Modified on 05/13/1999 (Entered: 04/27/1998) |
| 05/07/1998 | 484 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to reduce bond amount [456−1] Court Reporter: Heidi (bdf, ) (Entered: 05/08/1998) |
| 05/07/1998 | 485 | | MOTION to sever from deft Randall Miller by Richard E Mroch w/attachments (sealed) (bdf, ) Modified on 05/08/1998 (Entered: 05/08/1998) |
| 05/12/1998 | 486 | | ORDER by Mag Judge William E. Callahan regarding O'Neill's motion to suppress Title II evidence; directing the govt within 10 days to provide court with any further evidentiary materials it wishes this court to consider in determining whether the govt has made a prima facie showing of reasonable compliance with Title III minimization requirement relative to Application No. 498. (cc: all counsel) (bdf, ) (Entered: 05/13/1998) |
| 05/15/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for leave to file overlength brief [499−1] (cc: all counsel) (tlf, ) |
| 05/15/1998 | 523 | | JOINT MOTION to adopt joining motion to strike all racketeering acts involving conspiracy from Cts 1 and 2 [496−1], joining motion to strike predicate acts of conspiracy from Ct 2 [497−1], joining motion for order requiring election of one racketeering act involving conspiracy [498−1] by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James W Schneider, Leslie John Jensen (tlf, ) (Entered: 05/18/1998) |
| 05/15/1998 | 536 | | DEFENDANTS' Combined MOTION to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in count one and counts 2 and 3 (bdf, ) (Entered: 05/20/1998) |
| 05/15/1998 | 538 | | MEMORANDUM by defendants' to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in count one and counts 2 and 3 [536−1] (no signature page included) copy (bdf, ) Modified on 05/20/1998 (Entered: 05/20/1998) |
| 05/18/1998 | 545 | | HEARING MINUTES: before Mag Judge William E. Callahan – bond hearing for deft William Brock. Mr. Brocks employer Mr. Brown is no longer in business which was a condition of deft Brocks bond; some problems with electronic monitoring; matter cleared up; Court request further information regarding deft's residence and pretrial officer from Chicago; Parties to advised court when a status conference can be scheduled and the availability of Ms. Vasquez – owner of property where deft Brock is living and pretrial officer from Illinois who is responsible for deft's supervision |

| | | | |
|---|---|---|---|
| | | | Court Reporter: Chris Petrie (bdf, ) (Entered: 05/20/1998) |
| 05/20/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting request to allow motion to strike surplusage as timely filed [563−1] for defendant Harvey Powers (cc: all counsel) (tlf, ) (Entered: 05/22/1998) |
| 05/21/1998 | 561 | | MOTION to join/adopt joining motion to transfer proceedings to Northern District of Illinois [487−1], joining motion for order requiring the government to particularize its evidence under FRCrP 16(a)(1)(C) [489−1], joining motion to dismiss count(s) as to Johnson F Blake (7) count(s) 1, Allen J McVay (11) count(s) 1, James E Meinen (12) count(s) 1 [534−1], joining motion to strike various aspects of the Rico charges in this case as a violation of the 1st Amendment's Right to freedom of association [541−1], joining motion to strike various aspects of the Rico Charges due to their violation of there right to due process [539−1], joining motion to strike surlusage from indictment [551−1], joining motion to strike prejudicial surplusage [549−1], joining motion to adopt joining motion to strike all racketeering acts involving conspiracy from Cts 1 and 2 [496−1], joining motion to strike predicate acts of conspiracy from Ct 2 [497−1], joining motion for order requiring election of one racketeering act involving conspiracy [498−1] [523−1], joining motion for a Santiago Hearing and for a pretrial ruling concerning alleged co−conspirator statements [525−1], joining motion to strike various aspects of the Rico charges in this case as incompatible with a proper interpretation of the Rico Statute [531−1], joining motion to strike various aspects of the Rico charges in this case due to their violation of his right to due process [532−1], joining motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club [533−1], joining motion for order dismissing indictment and staying proceedings [494−1], joining motion to strike all racketeering acts involving conspiracy from Cts 1 and 2 [496−1], joining motion to strike predicate acts of conspiracy from Ct 2 [497−1], joining motion for order requiring election of one racketeering act involving conspiracy [498−1], joining motion to dismiss, strike or exclude Racketeering Act #3 [521−1], joining motion to dismiss, strike or exclude Racketeering Act #23 in Cts 1 and 2, Paragraph 19(d) under Category IV "Means and Methods, and to preclude evidence re distribution or possession of controlled substances in proof of Ct 2 [519−1], joining motion to dismiss count(s) as to James E Meinen (12) count(s) 1, 2, Allen J McVay (11) count(s) 1, 2, Johnson F Blake (7) count(s) 1, 2 [517−1], joining motion for a bill of particulars [516−1], joining motion for a bill of particulars [527−1], joining motion for a bill of particulars [510−1], joining motion for a bill of particulars [524−1], joining motion for a bill of particulars [491−1], joining motion to sever co−defts' [546−1], joining motion to sever codefendants [502−1], joining motion to sever defendants [505−1], joining motion to sever on the basis of misjoinder of defts and of counts [535−1], joining motion to sever co−defts' O'Neill and Miller [543−1], joining motion to sever [529−1], joining motion to sever defendants [512−1], joining motion to sever from defendant Randall Miller [508−1], joining motion Rule 14 motion for relief from prejudicial joinder of defts [537−1], joining motion to sever defendant Kruppstadt from defendant Randall E Miller [492−1], joining motion to sever counts [547−1], joining motion to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in count one and counts 2 and 3 [536−1] by Richard E Mroch (tlf, ) |

| 05/21/1998 | 600 | | HEARING MINUTES: before Mag Judge William E. Callahan contination of bond hearing of deft William Brock. Testimony taken. granting motion to amend bond [598-1] Court modifies deft Brock's bond as follows: deft must reside with his father at 7412 Kedvale, Skokie, Ill, not to leave the premises except to meet w/lawyer and pretrial as directed, deft may make telepone inquires to prospective employers, any prospective employer to be questioned in court, under oath. Court Reporter: Great Lakes Reporting (bdf, ) (Entered: 05/22/1998) |
|---|---|---|---|
| 05/21/1998 | 601 | | TRANSCRIPT of proceedings held 8/14/98 for defendant Richard E Mroch – bail review hearing (bdf, ) (Entered: 05/22/1998) |
| 05/22/1998 | 602 | | AFFIDAVIT of Sandra M. DeValkenaere by plaintiff USA (bdf, ) (Entered: 05/26/1998) |
| 06/01/1998 | 613 | | NOTICE of hearing ; bond hearing set for 10:45 6/12/98 for Carl J Warneke before Magistrate Judge Callahan (bdf, ) |
| 06/02/1998 | 618 | | CJA Form 20 Copy 4 (Appointment of Counsel) as to Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Harvey E Powers, James W Schneider ; Interim voucher #5 (bdf, ) Modified on 06/04/1998 (Entered: 06/03/1998) |
| 06/03/1998 | 619 | | .............. RECOMMENDATION by Mag Judge William E. Callahan that O'Niell's "Omnibus motion to suppress evidence intercepted or gathered under Title III" (joined by Kruppstadt, McVay, Meinen, Powers and Blake) (355) be denied; It is further recommended that Blake's "motion to suppress evidence under Franks v. Arizona" (367) be denied; it is further recommended that Powers' "motion to suppress evidence obtained through March 12, 1995, warrantless stop and search of automobile" (389) be denied; it is further recommended that Miller's "motion to dismiss indictment and/or suppress evidence due to outrageous govt conduct" (372) be denied; it is further recomended that Miller's "motion to suppress physical evidence and fruits of unlawful searches, surveillances and seizures" (373) be denied; it is further recommended that Miller's "motion to suppress statements" (374) be denied' it is further recommended that Morgan's "motion to suppress evidence seized as a result of the March 8, 1995, arrest, search and seizure in evidence in Gary, Indiana," (360) be granted, in part, and denied, in part; it is further recommended that Kruppstadt's "motion to suppress evidence seized as a result of the search of 1228 Hayes Avenue, Racine, Wisconsin," (363) be granted, in part, and denied, in part; it is further recommended that Mroch's "motion challenging a search pursuant to a warrant of 7332 W. 59th Street, Summit, Illinois, "motion to suppress physical evidence" (350) be denied; it is further recommended that Meinen's "motion to suppress statements" (349) be denied; it is further recommended that Blake's (joined by O'Neill) "motion to suppress under Draper v. United States and Miranda v. Arizona any and all oral, written, adopted or recorded statements and/or any evidence seized from [their respective] Persons and/or vehicles by the Village of Fox Lake, Illinois Police Dept on February 10, 1994," (366) be denied; it is further recommended that Morgan's "motion to suppress evidence seized as a result of illegal stop of automobile, arrest and search on September 3, 1994," (358) be denied; it is further recommended that McVay's, Kruppstadt's Meinen's, |

| | | | |
|---|---|---|---|
| | | | Blake's and O'Neill's (joined by Powers) "motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin" (370) be denied; and, it is further recommended that Kruppstadt's McVay's and Meinen's (joined by defts Hanson, O'Neill, Powers and Blake) "motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin," (363) be denied. (cc: all counsel) (bdf, ) (Entered: 06/04/1998) |
| 06/09/1998 | 620 | | MOTION to extend time to file objections to Magistrate's Recommendation and Order by Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, Allen J McVay, James E Meinen, Randall E Miller (tlf, ) (Entered: 06/10/1998) |
| 06/09/1998 | 621 | | AFFIDAVIT/DECLARATION of Daniel D Resheter Jr by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller (tlf, ) (Entered: 06/10/1998) |
| 06/10/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file objections to Magistrate's Recommendation and Order [620−1] until July 14, 1998(cc: all counsel) (bdf, ) (Entered: 06/11/1998) |
| 06/12/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time for filing of response [623−1] until 7/6/98 (cc: all counsel) (bdf, ) |
| 06/12/1998 | 628 | | NOTICE of hearing ; bond hearing set for 10:00 6/26/98 for William B Brock before Magistrate Judge Callahan in courtroom 445 (bdf, ) |
| 06/12/1998 | 629 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion for bail review [611−1] Court Reporter: Diane M. (bdf, ) (Entered: 06/15/1998) |
| 06/12/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file objections [627−1] to July 14, 1998(cc: all counsel) (bdf, ) (Entered: 06/15/1998) |
| 06/12/1998 | 631 | | RESPONSE by plaintiff USA (consolidated) response to the defts' pretrial motions filed on or about 5/15/98 (bdf, ) (Entered: 06/15/1998) |
| 06/12/1998 | 632 | | LETTER from plaintiff USA w/attached corrected pages for govt's consolidated response to defts' pretrial motions (bdf, ) (Entered: 06/15/1998) |
| 06/16/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time for filing [633−1] (cc: all counsel) (bdf, ) |
| 06/19/1998 | 637 | | NOTICE of hearing ; bond hearing set for 9:00 7/6/98 for William B Brock (bdf, ) |
| 06/22/1998 | 638 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) |
| 06/23/1998 | 639 | | NOTICE of hearing bond hearing set for 3:00 7/7/98 for William B Brock before Magistrate Judge Callahan (bdf, ) (Entered: 06/24/1998) |
| 06/25/1998 | 650 | | MOTION for order governing pubic disclosure by Kevin P O'Neill, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, E Hanson, Allen J McVay, James E Meinen, Randall E Miller, Harvey E |

| | | | |
|---|---|---|---|
| | | | Powers (bdf, ) (Entered: 06/26/1998) |
| 06/26/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for leave to file instanter reply memo [648–1] (cc: all counsel) (bdf, ) |
| 07/01/1998 | 653 | | NOTICE of hearing ; bond hearing set for 12:00 7/13/98 for William B Brock (bdf, ) (Entered: 07/02/1998) |
| 07/10/1998 | 683 | | RESPONSE by plaintiff USA to motion seal CJA fee & expense vouchers [651–1] (bdf, ) (Entered: 07/13/1998) |
| 07/13/1998 | 685 | | MOTION challenging recommendation of Magistrate Judge and order w/brief in support by Richard E Mroch (bdf, ) Modified on 07/13/1998 |
| 07/13/1998 | 684 | | HEARING MINUTES: before Mag Judge William E. Callahan bond hearing held on 7/13/98 for deft William Brock ; govt to file any objections to prospective employer Hy Kite by 5:00 7/20/98, defendant's response due 7/22/98; court grants deft's request to seek dental treatment Court Reporter: Chris Petrie (tlf, ) (Entered: 07/14/1998) |
| 07/14/1998 | 691 | | ORDER by Mag Judge William E. Callahan granting defendant Kruppstadt's motion to seal CJA fee & expense vouchers [651–1] (cc: all counsel) (tlf, ) (Entered: 07/15/1998) |
| 07/17/1998 | 701 | | REPLY by defendants James C Rostron, Johnson F Blake, James E Hanson, Robert A Kruppstadt, Allen J McVay, James E Meinen, Randall E Miller, Raymond L Morgan, Richard E Mroch, Kevin P O'Neill, Harvey E Powers to response to motion for order governing pubic disclosure [650–1] (tlf, ) (Entered: 07/20/1998) |
| 07/21/1998 | 705 | | ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [622–1] It is ordered that Mr. Brock's conditions of release be amended to allow him to work for Mr. Hyman Kite as a consultant/driver. Mr. Brock is to be allowed to leave his place of residence to work for Mr. Kite for such hours as are approved by his pretrial services officer. In all other respects his conditions of release remain unchanged.(cc: all counsel) (bdf, ) (Entered: 07/22/1998) |
| 07/30/1998 | 710 | | RESPONSE by plaintiff USA to round II objections. (bdf, ) (Entered: 07/31/1998) |
| 08/06/1998 | 712 | | LETTER from plaintiff USA (bdf, ) (Entered: 08/10/1998) |
| 08/11/1998 | 714 | | ORDER by Mag Judge William E. Callahan granting defendant James Hanson's motion to allow off premises overnight weekend visitation with his minor children [708–1]; defendant Hanson to be off electronic monitoring from 8:00 am 8/21/98 to 9:00 pm 8/23/98; all other conditions of release to remain in effect during the time defendant is not on electronic monitoring (cc: all counsel) (tlf, ) (Entered: 08/12/1998) |
| 08/19/1998 | 717 | | ORDER ex parte by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 08/27/1998 | 718 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 08/28/1998) |
| 08/27/1998 | 719 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) Modified on 09/02/1998 (Entered: 08/28/1998) |

| 08/28/1998 | 720 | | It is hereby Ordered that the motions of Mroch (561), Morgan (566), Powers (568), Blake (579), and Meinen (593) to adopt Brock's, Hanson's, Kruppstadt's, McVay's, Meinen's , Morgan's, O'Neill's, Rostron's and Warneke's "Motion to transfer proceedings to the Northern District of Illinois" (487) be Granted; It is further Ordered that Brock's, Hanson's Kruppstadt's, McVay's, Meinen's Morgan's, O'Neill's, Rostron's and Warneke's "Motion to Transfer Proceedings to the Norther District of Illinois" (487) (joined by Mroch (561), Morgan (566), Powers (568), Blake (579) and Meinen (595) be Denied; It is further ordered that the motions of Kadlec (533), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), O'Neill (569), Blake (590), Meinen (593), Miller (595), Warneke (605) and Brock (614) to adopt Rostron's "Motion to Dismiss Indictment and Stay Proceedings" be Granted; It is further ordered that the motions of Blake (576), Brock (614), Hanson (523), Jensen (564), Kadlec (553), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605) to adopt Rostron's "Motion to strike all Racketeering Acts involving conspiracy from counts one and two" (496) be Granted; It is further ordered that the motions of Blake (588), Brock (614), Hanson (523), Jensen (563), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605) to adopt Rostron's "Alternative motion to require election of one Racketeering Act involving conspiracy" (498) be granted; It is further ordered that the motions of Blake (584), Brock (614), Hanson (571), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605) to adopt Rostron's "Motion to strike Predicate Acts of Conspiracy from Count 2" (497) be Granted; It is further ordered that the motions of Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Hanson (571), Miller (595), Warneke (605), Rostron (608), Brock (614) and Blake (630) to adopt Meinen's, McVay's and Blake's "Motion to Dismiss and/or Strike Counts 1 and 2 Based on Certain Defts not being Involved in Operation and Management of the Enterprise" (517) be Granted.......... (bdf, ) Modified on 09/02/1998 (Entered: 09/01/1998) |
| 08/28/1998 | 720 | | .............It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Meinen's McVay's and Blake's "Motion to dismiss, strike or exclude racketeering Act No. 23 in Count 1 and Count 3 for failure to allege type of Controlled Substances distributed and Motion to strike Paragraph 10(d) under Category IV, means and methods" (519) be Granted; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Meinen's , McVay's and Blake's "Motion to dismiss, strike or exclude reference to events reflected in Racketeering Act No. 3 because of government's inability to prove allegations therein" (521) be Granted; It is further Ordered that the motions of Kadlec (553), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608) and Brock (614) to adopt McVay's Meinen's and Blake's "Motion to dismiss count one of the indictment as to defts as insufficient to meet the requirements of 18:1962(c)" and Meinen's and Blake's "Motion to strike portions of count one as insufficient to meet the requirements of 18:1962(c)" (534) be Granted; It is |

| | | | |
|---|---|---|---|
| | | | further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Hanson (571), Blake (582), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630) to adopt Morgan's "Motion to strike various aspects of the RICO charges in this case due to their violation of his right to due Process" (532) be Granted; It is further ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), Hanson (571), Blake (574), Meinen (593), Miller (595), Warneke (605), Rostron (608), Kadlec (610) and Blake (630) to adopt Morgan's "Motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club" (533) be Granted; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), (571), Blake (575), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630) to adopt Morgan's "Motion to strike various aspects of the RICO charges in this case as incompatible with a proper interpretation of the RICO Statute" (531) be Granted........ (bdf, ) Modified on 09/02/1998 (Entered: 09/01/1998) |
| 08/28/1998 | 720 | | .............It is further ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), Hanson (571), Blake (577), Meinen (593), Miller (595) and Jensen (603) to adopt Warneke's "Motion to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in Count 1 and Counts 2 and 3" (536) be Granted; It is further Ordered that the motions of Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605) to adopt Blake's "Motion to strike various aspects of the RICO charges due to their violation of his right to due Process" be Granted; It is further Ordered that the motions of Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605) to adopt Blake's "Motion to strike various aspects of the RICO charges in the case as a violation of the First Amendment's Right to Freedom of Association" (541) be Granted; It is further Ordered that the motions of Kadlec (553), McVay (560), Mroch (561), Kruppstadt (562), Jensen (564), Morgan (566), Powers (568), O'Neill (569), Blake (581), Meinen (593), Warneke (605), Rostron (608) and Brock (614) to adopt Miller's "Motion to strike prejudicial surplusage" (549) be Granted; It is further Ordered that Miller's "Motion to strike prejudicial surplusage" (549) (joined by Kadlec (533), McVay (560), Mroch (561), Kruppstadt (562), Jensen(564), Morgan (566), Powers (568), O'Neill (569), Blake (581), Meinen (593), Warneke (605), Rostron (608) and Brock (614) be Denied; It is further Ordered that Powers' "Motion to strike as surplusage all language set forth in Paragraph 1(a) through (d) of the indictment" (551) (joined by McVay (560), Mroch (561), Kruppstadt (562), Jensen (564), Morgan (566), (569), Blake (580), Meinen (593), Miller (595) and Warneke (605)) be Denied; It is further Ordered that the motions of McVay(560), Mroch (560), Kruppstadt (562), Jensen (564), Morgan (566), O'Neill (569), Blake (580), Meinen (593), Miller (595) and Warneke (605) to adopt Powers' "Motion to stike as surplusage all language set forth in Paragraph l(a) through (d) of the indictment" (551) be Granted; It is further Ordered that the motions of McVay (560), Mroch (561), Miller (595) and Warneke (605) to adopt Hanson's "Motion for bill of particulars" (510) be Granted; It is further Ordered that Hanson's "Motion for a bill of particular's ((510) (joined by McVay (560), Mroch (561), Miller (595) and Warneke (605) be |

| | | | |
|---|---|---|---|
| | | | Denied............. (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ...........It is further Ordered that the motions of McVay (560), Mroch (561), Powers (568), Blake (589), Meinen (593), Miller (595) and Warneke (605) to adopt Kruppstadt's "Motion for a bill of particulars under Rule 7(f)" (491) be Granted; It is further Ordered that Kruppstadt's "Motion for a bill of particulars under Rule 7(f)" (491) (joined by McVay (560), Mroch (561), Powers (568), Blake (589), Meinen (593), Miller (595) and Warneke (605) be Denied; It is further Ordered that the motions of McVay (560), Mroch (561), Powers (568), Miller (595), Warneke (605), Kadlec (610) and Blake (630) to adopt Meinen's "demand for a bill of particulars" (516) be Granted; It is further Ordered that Meinen's "demand for a bill of particulars" (516) (joined by McVay (560), Mroch (561), Powers (568), Miller (595), Warneke (605), Kadlec (610) and Blake (630)) be Granted, as to the type of drugs that were allegedly involved in the drug conspiracy charges and Denied as to the rest of Meinen's motion/demand; It is further Ordered that the motions of McVay (560), Mroch (561), Meinen (593), Miller (595), Warneke (605), Kadlec (610) and Blake (630) to adopt O'Neill's "Motion for a bill of particulars" (514) be Granted; It is further Ordered that O'Neill's "Motion for a bill of particulars" (524) (joined by McVay (560), Mroch (561), Meinen (593), Miller (595), Warneke (605), Kadlec (610) and Blake (630)) be Granted, as to the type of drugs that were allegedly involved in the drug conspiracy charges and Denied as to the rest of O'Neill's motion; It is Ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (592), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630) to adopt Morgan's "Motion for a bill of particulars" (527) be Granted; It is further Ordered that Morgan's "Motion for a bill of particulars'" (527) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (592), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630)) be Granted as to the type of drugs that were allegedly involved in the drug conspiracy charges and Denied as to the rest of Morgan's motion; It is further Ordered that the motions of McVay (560), Mroch (561), Jensen (564), Powers (568), Blake (586), Meinen (593), Miller (595), Warneke (605) and O'Neill (616) to adopt Kruppstadt's "Motion to require the govt to particularize its evidence under Rule 16a(1)(C)" (489) be Granted;.......... (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ...........It is further Ordered that Kruppstadt's Motion to require the govt to particularize its evidence under Rule 16(a)(1)(C)" (489) (joined by McVay (560), Mroch (561), Jensen (564), Powers (568), Blake (586), Meinen (593), Miller (595), Warneke (605) and O'Neill (616) be Denied; It is further Ordered that the motions of Mroch (561), Jensen (564), Powers (568), Miller (595), Warneke (605) and Rostron (608) to adopt Meinen's "Motion for severance of defts and counts" (514) be Granted; It is further Ordered that Meinen's "Motion for severance of defts and counts" (514) (joined by Mroch (561), Jensen (564), Powers (568), Miller (595), Warneke (605) and Rostron (608) be Denied, as moot; It is further Ordered that the motions of Mroch (561), Jensen (564), Morgan (566), Powers (568) and Warneke (605) to adopt Miller's "Motion to sever counts" (547) be Granted; It is further Ordered that Miller's "Motion to sever counts' (547) (joined by Mroch (561), Jensen (564), Morgan (566), Powers (568) and Warneke (605) be Denied; It is further |

| | | | |
|---|---|---|---|
| | | | Ordered that the motion of Mroch (561) to adopt Hanson's "Motion for severance" (186) be Granted; It is further Ordered that Hanson's "Motion for severance" (186) (joined by Mroch (561)) be Denied; It is further Ordered that Mroch's "Motion to sever from Randall Miller" be Denied; It is further Ordered that the motions of Mroch (561), Powers (568), Meinen (593), Miller (595), Warneke (605) and O'Neill (616) to adopt Kruppstadt's "Motion for relief from prejudicial joinder under Rule 14" (492) be Granted; It is further Ordered that Kruppstadt's "Motion for relief from prejudicial joinder under Rule 14" (492) (joined by Mroch (561), Powers (568), Meinen (593), Miller (595), Warneke (605) and O'Neill (616)) be Denied; It is further Ordered that the motions of Mroch (561), Blake (587), Meinen (593) and Warneke (605) to adopt O'Neill's "Motion for severance from Randall Miller" (508) be Granted; It is further Ordered that O'Neill's "Motion for severance from Randall Miller" (508) (joined by Mroch (561), Blake (587), Meinen (593) and Warneke (605)) be Denied; It is further Ordered that the motions of Kruppstadt (562), Powers (568), O'Neill (569) and Rostron (608) to adopt Meinen's "Motion for severance of trial from that of James Schneider " (512) be Granted; It is further Ordered that Meinen's "Motion for severance of trial from that of James Schneider" (512) (joined by Kruppstadt (562), Powers (568), O'Neill (569) and Rostron (608)) be Denied.......... (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | .........It is further Ordered that the motions of Mroch (561), Jensen (564), Morgan (566), Powers (568), Meinen (595) and Warneke (605) to adopt Blake's "Motion to sever trial of Blake from that of O'Neill and Miller" (543) be Granted; It is further Ordered that Blake's "Motion to sever trial of Blake from that of O'Neill and Miller" (543) (joined by Mroch (561), Jensen (564), Morgan (566), Powers (568), Meinen (593) and Warneke (605) be Denied; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568) and Warneke (605) to adopt Miller's "Motion to sever trial of Miller from that of O'Neill, Kadlec, Kruppstadt, Mroch, Schneider, Powers, Hanson, Warneke and Jensen" (546) be Granted; It is further Ordered that Miller's "Motion to sever trial of Miller from that of O'Neill, Kadlec, Kruppstadt, Mroch, Schneider, Powers, Hanson, Warneke and Jensen" (546) (joined by Mroch (561), Kruppstadt (562), Powers (568), and Warneke (605)) be Denied It is further Ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (583), Meinen (593), Miller (595), Jensen (603), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Morgan's "Motion to sever on the grounds that this case will potentially be a Mega–Trial" (529) be Granted; It is further Ordered that Morgan's "Motion to sever on the grounds that his case will potentially be a Mega–Trial" (529) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (583), Meinen (593), Miller (595), Jensen (603), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630)) be Granted, in part and Denied in part; It is further Ordered that the motions of Mroch (561), Morgan (566), Blake (585), Meinen (593) and Warneke (605) to adopt Rostron's "Motion for severance of trial of Rostron from his co–defts" (502) be Granted; It is further Ordered that Rostron's "Motion for severance of trial of Rostron from his co–defts' (502) (joined by Mroch (561), Morgan (566), Blake (585), Meinen (593) and Warneke (605)) be Granted, in part, as to Mega–Trial concerns and Denied, as to all other parts; It is further Ordered that the |

| | | | |
|---|---|---|---|
| | | | motions of Mroch (561), Morgan (566) and Warneke (605) to adopt Jensen's Motion for severance trial of Jensen from his co–defts" (505) be Granted.............. (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ..........It is further Ordered that Jensen's "Motion for Severance of Trial of Jensen from his Co–defts" (505) (joined by Mroch (561), Morgan (566) and Warneke (605)) be Granted, in part, as to Mega–Trial Concerns and Denied, as to all other parts; It is further Ordered that the motions of Kruppstadt (562), Morgan (566), Powers (568), Blake (578) and Meinen (593) to adopt McVay's "Motion to sever on the basis of defts and of counts' (535) be Granted; It is further Ordered that McVay's "Motion to Sever on the basis of defts and of counts" (535) (joined by Kruppstadt (562), Morgan (566), Powers (568), Blake (578), and Meine ((593)) be Granted in part, as to Mega–Trail Concerns and Denied, as to all other parts; It is further Ordered that the motion of Mroch (561) to adopt Warneke's "Rule 14 Motion for relief form Prejudicial Joinder of defts" (537) be Granted; It is further Ordered that Warneke's "Rule 14 Motion for relief from Prejudicial Joinder of defts" (537) (joined by Mroch (561)) be Granted, in part, as to Mega–Trial Concerns and Denied, as to all other parts; It is further Ordered that Blake's "Motion to adopt Various co–defts' reply memo" (660–680) be Granted; It is further Ordered that Meinen's "Motion to adopt various co'defts' reply memo" (681) be Granted; It is further Ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (573), Meinen (593), Jensen (603), Warneeke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Morgan's "Motion for a Santiago Hearing and for a pretrial Ruling concerning alleged co–conspirator statements" (525) be Granted; It is further Ordered that ruling be reserved on Morgan's "Motion for a Santiago Hearing and for a pretrial ruling concerning alleged co–conspirator statements" (525) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (573), Meinen (593), Jensen (603), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630))........... (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ...........It is hereby Recommended that Rostron's "Motion to dismiss indictment and stay proceedings" (494) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), O'Neill (590), Meinen (593), Miller (595), Warneke (605) and Brock (614) be Denied; It is further Recommended that Rostron's "Motion to strike all Racketeering Acts involving conspiracy from Counts one and two" (496) (joined by Blake (576), Brock (614), Hanson (523), Jensen (564), Kadlec (553), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605)) be Denied; It is further Recommended that Rostron's "alternative motion to require election of one Racketeering Act involving Conspiracy" (498) (joined by Blake (588), Brock (614), Hanson (523), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605)) be Denied; It is further Recommended that Rostron's "alternative motion to require election of One Racketeering Act involving Conspiracy" (498) (joined by Blake (588), Brock (614), Hanson (523), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Power (568) and Warneke (605)) be Denied; It is further Recommended that Rostron's "Motion to strike |

| | | | |
|---|---|---|---|
| | | | Predicate Acts of conspiracy from Count 2" (497) (joined by Blake (584), Brock (614), Hanson (571), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (23), Powers (568) and Warneke (605)) be Denied; It is further Recommended that Meinen's, McVay's, and Blake's "Motion to Dismiss and/or Strike Counts 1 and 2 based on certain defts not being involved in operation and management of the enterprise" (517) (joined by Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Hanson (571), Miller (595), Warneke (605), Rostron (608), Brock (614) and Blake (630)), be Denied; It is further Recommended that Meinen's, McVay's and Blake's "Motion to dismiss, strike or exclude Racketeering Act No. 23 in Count 1 and Count 3 for failure to allege type of controlled substances distributed and motion to stike paragraph 19(d) under Category IV, Means and Methods" (519) (joined by Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630)) be Denied; It is further Recommended that Meinen's, McVay's and Blake's "Motion to dismiss, strike or exclude reference to events reflected in Racketeering Act No. 3 because of govt's inability to prove allegations therein" (521) (joined by Mroch (561), Kruppstadt (562), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630)) be Denied; It is further recommended that McVay's Meinen's and Blake's "motion to dismiss count one of the indictment as to defts insufficient to meet the requirements of 18:1962(c)" and Meinen's and Blake's "motion to strike portions of count one as insufficient to meet the requirements of 18:1962(c)" (534) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608) and Brock (614)) be Denied.............. (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ..........It is further Recommended that Morgan's "Motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process" (532) (joined by Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Hanson (571), Blake (582), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630)) be Denied; It is further Recommended that Morgan's "Motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club" (533) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), Hanson (571), Blake (574), Meinen (593), Miller (595), Warneke (605), Rostron (608), Kadlec (610) and Blake (630)) be Denied; It is further Recommended that Morgan's "Motion to strike various aspects of the RICO Charges in this case as incompatible with a proper interpretation of the RICO Statute' (531) (joined by Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Hanson (571), Blake (575), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630)) be Denied; It is further Recommended that Warneke's "Motion to dismiss duplicitous and Multiplicitous conspiracy charge Racketeering Act 23 in Count 1 and Counts 2 and 3" (536) (joined by McVay (560), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), Hanson (571), Blake (577), Meinen (593), Miller (595) and Jensen (603))be Denied; It is further Recommended that Blake's "Motion to strike various aspects of the RICO charges due to their violation of his right to due process" (539) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605)) be Denied; It is further |

| | | | Recommended that Blake's "Motion to strike various aspects of the RICO charges in this case as a violation of the First Amendment's Right to Freedom of Association" (541) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605) be Denied (cc mailed to all counsel) (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
|---|---|---|---|
| 08/31/1998 | 721 | | ORDER by Mag Judge William E. Callahan denying joint motion of defts for order governing public disclosure (cc: all counsel) (bdf, ) (Entered: 09/02/1998) |
| 09/04/1998 | 722 | | MOTION to extend time to file objections by Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen (bdf, ) (Entered: 09/08/1998) |
| 09/04/1998 | 723 | | AFFIDAVIT of Atty. Daniel D. Resheter, Jr. by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen (bdf, ) (Entered: 09/08/1998) |
| 09/14/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file objections [722–1] to 10/14/98 for Kevin P O'Neill, for Carl J Warneke, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for Leslie John Jensen (cc: all counsel) (bdf, ) (Entered: 09/15/1998) |
| 09/15/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to adopt motion for extension of time to file objections by deft Raymond Morgan (cc: all counsel) (bdf, ) (Entered: 09/16/1998) |
| 09/16/1998 | 727 | | MOTION to set status date by defts. (bdf, ) (Entered: 09/17/1998) |
| 09/21/1998 | 728 | | ORDER by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 10/14/1998 | 736 | | OBJECTIONS by plaintiff USA to Magistrate Judge's recommendation and order re: Round III pretrial motions (bdf, ) (Entered: 10/16/1998) |
| 10/16/1998 | 750 | | Motion and brief challenging Magistrate Judge's Round III recommendation and order by defendant Richard E Mroch (objections) (bdf, ) |
| 10/19/1998 | 751 | | ORDER by Judge J. P. Stadtmueller that O'Neill's "Omnibus motion to suppress evidence intercepted or gather under Title III" (docket No. 355) is denied in part and granted in part; It is further Ordered that Blake's "motion to suppress evidence under Franks v. Delaware" (docket no. 367) is denied; It is further ordered that Powers' Motion to suppress evidence obtained through March 12, 1995, warrantless stop and search of automobile" (docket no. 389) is denied; It is further ordered that Miller's "Motion to dismiss indictment and/or suppress evidence due to outrageous govt conduct" (docket no. 372) is denied; It is further ordered that Miller's "Motion to suppress physical evidence and fruits of unlawful searches, surveillances and seizures" (docket No. 373) is denied; It is further ordered that Miller's "Motion to suppress |

| | | | |
|---|---|---|---|
| | | | statements" (docket No. 374) is denied; It is further ordered that Morgan's "Motion to suppress evidence seized as a result of the March 8, 1995, arrest, search and seizure in evidence in Gary, Indiana" (docket No. 360) is granted in part and denied in part; It is further ordered that Kruppstadt's "Motion to suppress evidence seized as a result of the search of 1228 Hayes Avenue, Racine, Wisconsin" (docket No. 363) is denied; It is further ordered that Mroch's "Motion challenging a search pursuant to a warrant of 7332 W. 59th Street, Summit, Illinois" (docket No. 346) is denied; It is further ordered that Meinen's "Motion to suppress physical evidence" (docket No. 350) is denied; It is further ordered that Meinen's "Motion to suppress statements" (docket No. 349) is denied; It is further ordered that Blake's and O'Neill's "Motion to suppress under Draper v. United States and Miranda v. Arizona Any and All Oral, written, adopted or recorded statements and/or any evidence seized from [their respective] Persons and/or Vehicles by the Village of Fox Lake, Illinois, Police Dept on February 10, 1994" (docket No. 366) is denied; It is further ordered that Morgan's "Motion to suppress evidence seized as a result of Illegal stop of automobile, arrest and search on September 3, 1994" (docket No. 358) is denied; It is further ordered that McVay's Kruppstadt's Meinen's Blake's, O'Neill's, and Power's "Motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin" (docket No 370) is denied; It is further ordered that Kruppstadt's, McVay's, Meinen's, Hanson's, O'Neill's Power's and Blake's "Motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin" (Docket No. 363) is denied; It is further ordered that defts' motion to adopt each other's Round II objections is granted; It is further ordered that pursuant to the court's determination that the govt did not timely seek subsequent authorizaitons for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment is dismissed; It is further ordered that the defts detained on the offenses charged in the indictment be and the same are hereby provisionally released from custody; and It is further ordered that the order releasing defts is stayed for 30 days. (cc: all counsel) (bdf, ) |
| 10/20/1998 | 754 | | SUPPLEMENTAL EX PARTE CJA REQUEST (SEALED) (tlf, ) (Entered: 10/21/1998) |
| 10/26/1998 | 761 | | MOTION for reconsideration of 10/19/98 Order dismissing the indictment by USA as to all defendants (tlf, ) |
| 10/27/1998 | 771 | | APPEAL Notice to USCA by defendant Richard E Mroch regarding that portion of the court's 10/19/98 Order [751−1] staying the release of defendant Mroch (cc: all counsel) (tlf, ) (Entered: 10/28/1998) |
| 10/28/1998 | | | SHORT RECORD Transmitted to USCA for defendant Richard E Mroch Re: Notice of Appeal [771−1] filed 10/27/98 (cc: all counsel) (tlf, ) |
| 10/28/1998 | 773 | | LETTER from defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant Leslie John Jensen as to govt's "motion for reconsideration," other matters (bdf, ) |
| 10/28/1998 | 781 | | |

| | | | |
|---|---|---|---|
| | | | REQUEST by plaintiff USA for extension of time to file its response to Round III objections (bdf, ) (Entered: 10/29/1998) |
| 10/30/1998 | 784 | | RESPONSE in support of Magistrate Judge's severance order by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant William B Brock, defendant James E Meinen, defendant Randall E Miller and not joining because of jurisdictional concerns, but not opposing; defendant Leslie J. Jensen, defendant David Kadlec and defendant Harvey Powers (bdf, ) |
| 10/30/1998 | 786 | | MEMORANDUM by plaintiff USA in support of motion for reconsideration of 10/19/98 Order dismissing the indictment [761−1] (bdf, ) Modified on 11/02/1998 (Entered: 11/02/1998) |
| 11/02/1998 | | | MARGINAL ORDER by Judge J. P. Stadtmueller denying motion for reconsideration of 10/19/98 Order dismissing the indictment [761−1] (cc: all counsel) (bdf, ) |
| 11/02/1998 | 787 | | APPEAL Order from USCA that defendant O'Neill is to pay the required $105.00 appellate filing fee or file a motion to proceed on appeal in forma pauperis with the district court (tlf, ) |
| 11/02/1998 | 788 | | Govt's response to Round III objections (bdf, ) (Entered: 11/03/1998) |
| 11/05/1998 | | | As to defendant Richard E Mroch Re: Notice of Appeal [771−1] filed 10/27/98 Appeal Number: 98−3785 received from USCA (tlf, ) |
| 11/10/1998 | <u>793</u> | | SUPERSEDING INDICTMENT by USA. Counts filed against Kevin P O'Neill (1): count(s) 1s, 2s, 3s, 5s, 6s, 7s; Carl J Warneke (2): count(s) 1s, 2s; Raymond L Morgan (3): count(s) 1s, 2s; Robert A Kruppstadt (4): count(s) 1s, 2s, 3s, 5s, 6s, 7s; Richard E Mroch (5): count(s) 1s, 2s, 3s; Randy M Yager (6): count(s) 1s, 2s; Johnson F Blake (7): count(s) 1s, 2s, 3s, 7s; William B Brock (8): count(s) 1s, 2s; James E Hanson (9): count(s) 1s, 2s; David A Kadlec (10): count(s) 1s, 2s; Allen J McVay (11): count(s) 1s, 2s, 3s; James E Meinen (12): count(s) 1s, 2s, 3s, 4s; Randall E Miller (13): count(s) 1s, 2s, 3s, 4s; Harvey E Powers (14): count(s) 1s, 2s, 3s, 6s, 7s; James C Rostron (15): count(s) 1s, 2s; James W Schneider (16): count(s) 1s, 2s, 3s, 5s; Leslie John Jensen (17): count(s) 1s, 2s. RICO forfeiture allegations pursuant to 18:1963 as to ALL DEFENDANTS. (klp, ) (mlm). (Entered: 11/12/1998) |
| 11/12/1998 | 794 | | APPEAL Order from USCA that the petitioner should either pay the $105.00 appellate filing fee or file a motion to proceed in forma pauperis with the District Court; if either action is not taken the appeal will be dismissed. (hmv, ) |
| 11/13/1998 | 795 | | NOTICE of hearing arraignment on superseding indictment set for 11:00 11/19/98 before Magistrate Judge Gorence in courtroom 225 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen (bdf, ) |

| | | | |
|---|---|---|---|
| 11/16/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting deft Rostron's request to travel to Woodstock, Illinois for Thanksgiving and Christmas Day (cc: all counsel) (bdf, ) |
| 11/16/1998 | 800 | | APPLICATION by plaintiff USA and ORDER (PJG) for a writ of HC f/defts appearance on 11/19/98 at 11:00 a.m. Writ issued (bdf, ) (Entered: 11/20/1998) |
| 11/19/1998 | 798 | | MOTION demand for a speedy trial by Richard E Mroch (bdf, ) |
| 11/19/1998 | 803 | | MOTION to confirm and continue release and detention status of defts by USA (bdf, ) (Entered: 11/20/1998) |
| 11/19/1998 | 804 | | HEARING MINUTES: before Mag Judge Patricia J. Gorence dft Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen arraigned; not guilty plea entered by court on behalf of all defts'; to Mag Judge William E. Callahan All CJA counsel object to court's jurisdiction and appear only as a friend of the court. pretrial motions set for 12/11/98,1/6/99 and 1/15/99 Defense counsel may only file motions that realte to the superseding indictment and which could not have been filed under this court's previous scheduling orders for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, Allen J McVay, for Randall E Miller, Harvey E Powers, for James C Rostron, for James W for Leslie John Jensen Court continues the orders of detention previously entered and the release orders previously entered. Court Reporter: Heidi T. (bdf, ) Modified on 11/23/1998 (Entered: 11/23/1998) |
| 11/23/1998 | 809 | | SEALED (bdf, ) |
| 11/23/1998 | 812 | | LETTER from the Magistrate Judge Callahan in response to Atty. Chris Van Wagner letter (bdf, ) (Entered: 11/24/1998) |
| 11/23/1998 | 813 | | ORDER by Mag Judge William E. Callahan denying motion for withdrawal of attorney Robert G. LeBell [801–1] (cc: all counsel) (bdf, ) (Entered: 11/24/1998) |
| 11/23/1998 | 814 | | ORDER by Mag Judge William E. Callahan granting motion to confirm and continue release and detention status of defts [803–1] (cc: all counsel) (bdf, ) (Entered: 11/24/1998) |
| 11/25/1998 | 818 | | LETTER from Magistrate Judge Callahan in response to Atty. Bowe's letter regarding representation of deft Warneke. (bdf, ) |
| 11/25/1998 | 821 | | LETTER from Magistrate Judge Callahan to Atty. Ann Bowe w/attached letter for deft Warneke (bdf, ) |
| 11/25/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for temporary modification of conditions of release [819–1] (cc: all counsel) (bdf, ) |
| 11/30/1998 | 822 | | ORDER by Judge J. P. Stadtmueller (sealed) (bdf, ) |

| 12/02/1998 | 824 | | LETTER (sealed) (bdf, ) (Entered: 12/03/1998) |
|---|---|---|---|
| 12/07/1998 | 831 | | OBJECTIONS by defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant James E Hanson, defendant James E Meinen, defendant Randall E Miller regarding [814–1] (bdf, ) (Entered: 12/08/1998) |
| 12/08/1998 | 834 | | ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [827–1] (cc: all counsel) (bdf, ) Modified on 01/07/1999 (Entered: 12/09/1998) |
| 12/11/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan denying motion to extend time to file motions [836–1] (cc: all counsel) (tlf, ) (Entered: 12/14/1998) |
| 12/11/1998 | 849 | | STATEMENT ON JOINDER OF MOTIONS joining motion for disclosure of grand jury information and Local Rule 6.02 statement [847–1], joining motion to dismiss second indictment [845–1] by Richard E Mroch, Leslie John Jensen, Randall E Miller, William B Brock, Raymond L Morgan, Kevin P O'Neill, Allen J McVay, Johnson F Blake, Robert A Kruppstadt, David A Kadlec, Harvey E Powers (tlf, ) (Entered: 12/14/1998) |
| 12/11/1998 | 877 | | JOINT MOTION for hearing to determine status by CJA defense counsel for defendants Allen J McVay, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, James E Meinen, James E Hanson, David A Kadlec, William B Brock, Harvey E Powers (tlf, ) (Entered: 12/14/1998) |
| 12/14/1998 | 882 | | MOTION to challenge search pursuant to a warrant as derivative evidence by deft Richard E Mroch (bdf, ) Modified on 12/16/1998 (Entered: 12/16/1998) |
| 12/14/1998 | 883 | | MEMORANDUM by defendant Richard E Mroch in support motion to challenge search pursuant to a warrant [882–1] (bdf, ) (Entered: 12/16/1998) |
| 12/15/1998 | 886 | | ORDER by Chief Judge J. P. Stadtmueller that the motions to adopt submitted by Hanson (Docket Nos. 730 and 735), Blake (Docket No. 743), Miller (Docket No. 744), Jensen (Docket No. 748), Meinen (Docket Nos. 752,765 and 768), Morgan (Docket No. 756), O'Neill (Docket No. 757), Rostron (Docket No. 766), Kadlec (Docket No. 785) and Kruppstadt (Docket No. 792) be and the same are hereby granted; It is further ordered that Rostron's "Motion to dismiss the indictment and stay proceedings" (Docket No. 494) is hereby denied; It is further ordered that Rostron's "Motion to strike all racketeering acts involving conspiracy from counts one and two" (Docket No. 496) is denied; It is further ordered that Rostron's "Alternative motion to require election of one racketeering act involving conspiracy" (Docket No. 498) is denied; It is further ordered that Rostron's "Motion to strike predicate acts of conspiracy from count two" (Docket No. 497) is denied; It is further ordered that Meinen's, McVay's, and Blake's "Motion to dismiss or strike counts one and two" (Docket No. 517) is denied, It is further ordered that Meinen's, McVay's and Blake's "Motion to dismiss, strike or exclude" [racketeering act number 23 in counts one and three for failure to allege the type of controlled substances distributed] (docket no. 519) is denied; It is further ordered that Meinen's, McVay's and Blake's "Motion to dismiss count one of the indictment as to those defts as insufficient to meet the requirements of 18:1962(c), and of the defts Meinen and Blake to strike portions of count one as insufficient to meet the requirements of 18:1962(c)" |

(Docket No. 534) is denied; It is further ordered that Morgan's "Motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process" (Docket No. 532) is denied; It is further ordered that Morgan's "Motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club" (Docket No. 533) is denied; It is further ordered that Morgan's "Motion to strike various aspects of the RICO charges in his case as incompatible with a proper interpretation of the RICO statute" (Docket No. 531) is denied; It is further ordered that Warneke's [as joined by other defts] "Combined motion to dismiss duplicitous and multiplicitous {sic} conspiracy charge racketeering act 23 in count one and counts two and three" (docket No. 536) is denied; It is further ordered that Blake's Meinen's O'Neill's and McVay's "Motion to strike various aspects of the RICO charges due to their violation of his right to due process" (Docket No. 539) is denied; It is further ordered that Blake's Meinen's, O'Neill's and McVay's "Motion to strike various aspects of the RICO charges in this case as a violation of the first amendment's right to freedom of association" (Docket No. 541) is denied; It is further ordered that Miller's objection to the magistrate's denial of his "Motion to strike prejudicial surplusage" (Docket No. 549) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Powers' objection to the magistrate's denial of his "Motion to strike surplusage from indictment" (Docket No. 551) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Meinen's objection to the magistrate's denial of his "Demand for bill of particular" (Docket No. 516 is denied; It is further ordered that the magistrate's partial grant of Meinen's demand for bill of particular" (Docket No. 516) is vacated as moot; It is further ordered that Meinen's objection to the magistrate's denial of his "Motion for severance of defts and counts" (Docket No. 514) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Miller's objection to the magistrate's denial of his "Motion to sever counts" (docket No. 547) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Jensen's objection to the magistrate's denial of Miller's "Motion to sever counts" (Docket No. 547), Hanson's "Motion for severance" (Docket No. 186), Mroch's "Motion for severance from deft Randall Miller" (Docket no. 485), Blake's "Motion for severance pursuant to Fed. R. Crim. P. 14 from defts Kevin P. O'Neill and Randall E. Miller" (Docket No. 543), and Miller's "Motion for severance of defts" (Docket No. 546) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Meinen's objection to the magistrate's denial of his "Motion for severance" (Docket No. 512) is denied and the court adopts the magistrate's order on this point; It is further ordered that Rostron's objection to the magistrate's partial denial of his "Motion to sever Co–defts" (Docket No. 502) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Jensen's objection to the magistrate's partial denial of his "Motion for severance of defts" (Docket No. 505) is denied and the court adopts the magistrate's order on this point; It is further ordered that McVay's objection to the magistrate's partial denial of his "Motion to sever on the basis of misjoinder of defts and counts" (Docket No. 535) is denied and the court hereby adopts the magistrate's order on this point; It is furhter ordered that Warneke's objection to the magistrate's partial denial of his "Rule 14 motion for relief from prejudical joinder of defts" (Docket No. 537) is denied and the court adopts

| | | | |
|---|---|---|---|
| | | | the magistrate's order on this point; It is further ordered that Kruppstadt's objection to the magistrate's denial of his "Motion for relief from prejudcial joinder under F.R.Cr.P. Rule 14" (Docket No. 492), is denied and the court adopts the magistrate's order on this point; It is further ordered that O'Neill's objection to the magistrate's denial of his "Motion for severance from deft Rnadall Miller" (Docket No. 508) as it relates to the alleged conflict of interest involving Daniel Bishop is partially denied and the court hereby adopts the magistrate's order on this point with the exception of O'Neill's objection to the magistrate's denial of his "Motion for severance from deft Randall Miller"s (Docket No. 508) as it relates to Attorney Franklyn Gimbel's alleged conflict of interest with regard to his previous representation of defts, on which point the magistrate's order is hereby vacated and the motion is remanded to Magistrate Judge William E. Callahan, Jr. for further determination consistent with this decision; It is further ordered that the govt's, McVay's and Jensen's responses to the magistrate's partial denial of Morgan's "Motion to sever on the grounds that his case will potentially be a mega–trial (Docket No. 529( as well as their objections and/or responses to the mega/trial portions of Rostron's "Motion to sever co–defts" (Docket No. 502), Jensen's "Motion for severance of co–defts" Docket No. 505), McVay's "motion to sever on the basis of misjoinder of defts and of counts" (Docket No. 535) and Warneke's "Rule 14 motion for relief from prejudicial joinder of defts" (Docket No. 537) are denied without prejudice. all counsel) (bdf, ) (Entered: 12/17/1998) |
| 12/16/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan that deft Kevin O'Neill's motion to accept amended motion as timely filed is granted (cc: all counsel) (bdf, ) (Entered: 12/17/1998) |
| 12/17/1998 | 889 | | ORDER by Mag Judge William E. Callahan that Atty. Gimbel is directed to advise this court whether any defts, other than Randall Miller, have paid him or his firm to represent them in this criminal proceeding and, if so, who those other defts are, all by 12/31/98. (cc: all counsel) (bdf, ) |
| 12/18/1998 | 901 | | ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [895–1] to allow deft Hanson off premises for holiday visitation with his children and family (cc: all counsel) (bdf, ) (Entered: 12/21/1998) |
| 12/21/1998 | 902 | | MOTION to join/adopt joining motion [881–1], joining motion to dismiss Count 1s of the 11/10/98 indictment as insufficient to meet requirements of 18:1962(C) [879–1], joining motion to produce Giglio material [878–1], joining motion for hearing to determine status [877–1], joining motion to suppress arrest warrants issued re 5/30/97 indictment and to suppress evidence seized on 6/10/97 at Janesville Clubhouse of Outlaws Motorcycle Club [876–1], joining motion to dismiss indictment: double jeopardy [874–1], joining motion to compel additional discovery [862–1], joining motion for disclosure of use of Title III materials in second grand jury and supporting authority [861–1], joining motion to dismiss indictment [860–1], joining motion to exclude discovery for failure to comply with discovery order, or to dismiss [853–1], joining motion to join/adopt joining defendant O'Neill's objection to Magistrate's recommendation and order (second submission); joining defendants Kruppstadt, Mroch, Hansen, Meinen and Miller's objections to 11/23/98 Magistrate's order [831–1]; joining defendant |

| | | | |
|---|---|---|---|
| | | | Blake's objection to 11/23/98 Magistrate's order [833−1]; joining defendant O'Neill's appeal from the Magistrate's order [825−1]; joining defendant Morgan's motion to dismiss as to Raymond L Morgan : double jeopardy [838−1], memorandum in support [839−1], and amended memorandum in support [844−1] [851−1], joining motion to dismiss indictment returned 11/10/98 for lack of personal jurisdiction [850−1], joining motion for disclosure of grand jury information and Local Rule 6.02 statement [847−1], joining motion to dismiss second indictment [845−1] by Richard E Mroch (bdf, ) |
| 12/22/1998 | 907 | | RESPONSE by plaintiff USA to defts' objections to Judge Callahan's Order of November 23, 1998 (bdf, ) (Entered: 12/23/1998) |
| 12/22/1998 | 908 | | NOTICE of hearing bond hearing set for 9:00 1/6/99 for James C Rostron before Magistrate Judge Callahan (bdf, ) (Entered: 12/23/1998) |
| 12/22/1998 | 909 | | NOTICE of hearing ; bond hearing set for 10:00 1/6/99 for Randall E Miller (bdf, ) (Entered: 12/23/1998) |
| 12/23/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [911−1] (cc: all counsel) (bdf, ) |
| 12/28/1998 | 915 | | MANDATE/CERTIFIED COPY from USCA USCA Number: 98−3785 dismissing the appeal [771−1] and denying all other requested relief as moot for defendant Richard E Mroch; NO RECORD FILED (tlf, ) (Entered: 12/29/1998) |
| 12/29/1998 | 914 | | REPLY TO GOVERNMENT RESPONSE TO DEFENDANT'S OBJECTIONS TO 11/23/98 ORDER by defendant Richard E Mroch (tlf, ) |
| 01/06/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to respond to defense motions filed on or about 12/11/98 [926−1] and defts' replies are due 1/19/99 (cc: all counsel) (bdf, ) (Entered: 01/08/1999) |
| 01/07/1999 | 924 | | HEARING MINUTES: before Mag Judge William E. Callahan granting motion to review bail conditions [808−1] Testimony taken and arguments from defense counsel and govt. Defense propose imposing curfew and lifting electronic monitoring. Govt oppose modification. Pretrial services has no objection to modification of deft Rostron's bond condition. Court adopts deft's motion and lifts condition of electronic monitoring. Court impose the following curfew: On work days Monday−Friday (and Sat. if deft works) hours imposed: 5:30 a.m. to 8:30 p.m. On days the deft does not work − noon−6:00 p.m., pretrial services may allow deft out at other times w/prior approval, supervision will be conducted by the Milwaukee office of pretrial services rather than the Chicago office, reporting to pretrial as directed in Milwaukee and all other conditions remain the same. Court Reporter: Terry Bucko (bdf, ) |
| 01/07/1999 | 925 | | RESPONSE by plaintiff USA to motion to dismiss indictment as to Carl J Warneke (2) count(s) 1s, 2s [906−1], motion [881−1], motion to challenge search pursuant to a warrant [882−1], motion to dismiss Count 1s of the 11/10/98 indictment as insufficient to meet requirements of 18:1962(C) [879−1], motion to produce Giglio material [878−1], motion to suppress arrest warrants issued re 5/30/97 indictment and to suppress evidence seized |

| | | | |
|---|---|---|---|
| | | | on 6/10/97 at Janesville Clubhouse of Outlaws Motorcycle Club [876–1], motion to dismiss indictment: double jeopardy [874–1], motion to compel additional discovery [862–1], motion for disclosure of use of Title III materials in second grand jury and supporting authority [861–1], motion to dismiss indictment [860–1], motion to suppress evidence gathered under Title III [860–2], motion to suppress all evidence seized on or about 5/3/95 at 1228 Hayes Ave, Racine, WI [858–1], motion to exclude discovery for failure to comply with discovery order, or to dismiss [853–1], motion to dismiss indictment returned 11/10/98 for lack of personal jurisdiction [850–1], motion for disclosure of grand jury information and Local Rule 6.02 statement [847–1], motion to dismiss second indictment [845–1], motion to dismiss as to Raymond L Morgan : double jeopardy [838–1] (bdf, ) |
| 01/11/1999 | 931 | | ORDER by Mag Judge William E. Callahan that on or before 4:30 p.m. on 1/13/99, the govt shall submit to this court for its incamera review: (1) all transcripts of proceedings before the grand jury that returned the 11/10/98, indictment and the record regarding the order obtained by the govt pursuant to 18:2517(5) authorizing the disclosure to that grand jury of any information or evidence derived from conversations intercepted pursuant to Title III Intercept Applications No. 498 and NO. 525.(cc: all counsel) (bdf, ) (Entered: 01/12/1999) |
| 01/15/1999 | 938 | | Sealed (bdf, ) (Entered: 01/19/1999) |
| 01/20/1999 | 945 | | REPLY by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant Leslie John Jensen to response to motion to dismiss indictment: double jeopardy [874–1] (bdf, ) |
| 01/20/1999 | 948 | | REPLY by defendant Richard E Mroch to response to motion to challenge search pursuant to a warrant [882–1] (bdf, ) |
| 01/21/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for leave to file instanter [944–1] (cc: all counsel) (bdf, ) |
| 01/26/1999 | 952 | | ORDER by Mag Judge William E. Callahan hearing on potential conflict of interest hearing set for 10:00 2/8/99 for Johnson F Blake, for James E Hanson, for Randall E Miller before Magistrate Judge Callahan (cc: all counsel) (bdf, ) (Entered: 01/27/1999) |
| 02/03/1999 | 959 | | RECOMMENDATION AND ORDER RE: ROUND IV MOTIONS by Mag Judge William E. Callahan GRANTING motions of Hanson [856–1], O'Neill [888–1], Meinen [891–1], Miller [897–1], Mroch [902–1], Kruppstadt [904–1], and Blake [916–1] to adopt Morgan's motion to dismiss: double jeopardy [838–1]; GRANTING motions of Blake [916–1], Brock [849–1], Hanson [856–1] and [934–1], Jensen, Kadlec, Kruppstadt, and McVay [849–1], Meinen [891–1], Miller [897–1], Morgan [880–1] and [903–1], Mroch [902–1], O'Neill [884–1], and Powers [849–1] to adopt Rostron's motion to dismiss the second indictment [845–1]; GRANTING the motions of Blake [916–1], Brock [849–1], Hanson [856–1] and [ 934–1], Jensen, Kadlec, Kruppstadt and McVay [849–1], Meinen [891–1], Miller [849–1], Morgan [880–1] and [903–1], Mroch [902–1], O'Neill [885–1], and Powers |

[849−1] to adopt Rostron's motion to order disclosure of information re grand jury and local rule 6.02 statement [847−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Mroch [902−1], Morgan [903−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1] and Hanson [934−1] to adopt Powers' motion to dismiss indictment returned 11/10/98 for lack of personal jurisdiction [850−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Mroch [902−1], Morgan [903−1], Kruppstadt [904−1], Blake [916−1], Warneke [920−1] , and Hanson [928−1] and [934−1] to adopt Jensen's motion to exclude evidence for failure to comply with discovery order, or to dismiss [853−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Morgan [903−1], Jensen [905−1], Blake [916−1], Warneke [920−1], and Hanson [928−1] to adopt Kruppstadt's motion to unseal court records [859−1]; GRANTING the motions of Hanson [855−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Mroch [902−1], Morgan [903−1], Jensen [905−1], Blake [916−1], Warneke [920−1], and Hanson [934−1] to adopt O'Neill's motions to dismiss indictment and suppress evidence gathered under Title III [860−1] and [881−1]; GRANTING the motions of Meinen [891−1], Kadlec [892−1], Miller [897−1], Mroch [902−1], Morgan [903−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [934−1] to adopt O'Neill's motion to disclose use of Title III materials in second grand jury [861−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Rostron [893−1], Mroch [902−1], Morgan [903−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [934−1] to adopt Miller's motion to compel additional discovery [862−1]; DENYING, for lack of standing, the motion of Miller [897−1] to adopt Morgan's motion to suppress evidence seized as a result of the 3/8/95 arrest, search and seizure of evidence in Gary, IN [865−1]; DENYING, for lack of standing, the motion of Miller [897−1] to adopt Morgan's motion to suppress illegal stop of automobile, illegal arrest and illegal search [866−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [934−1] to adopt Morgan's motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process [867−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] and [934−1] to adopt Morgan's motion to strike various aspects of the RICO charges in this case as incompatible with a proper interpretation of the RICO statute [868−1]; GRANTING the motions of O'Neill [888−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] to adopt Morgan's motion to strike charges relating to the years when he was not in any authority role in the Outlaws Motorcycle Club [869−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] to adopt Morgan's motion for a Santiago hearing and for a pretrial ruling concerning alleged co−conspirator statements [870−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1], and Hanson [928−1] and [934−1] to adopt Morgan's motion to sever on the grounds that this case will

potentially be a mega−trial [872−1]; GRANTING the motions of Miller [897−1], Mroch [902−1] and Morgan [903−1] to adopt McVay's motion to dismiss: double jeopardy [874−1]; GRANTING the motion of Meinen [891−1] to adopt McVay's motion to suppress arrest warrants issued out of the 5/30/97 indictment and to suppress any evidence seized by law enforcement officers on 6/10/97 at the Janesville Clubhouse of the Outlaws Motorcycle Club [876−1]; GRANTING the motions of Kadlec [892−1], Miller [897−1], Mroch [902−1], Morgan [903−1], and Warneke [920−1] to adopt McVay's motion with respect to the suppression of arrest warrants out of the 5/30/97 indictment [876−1] and DENYING, for lack of standing, their motions to adopt McVay's motion with respect to suppression of any evidence seized by law enforcement officers on 6/10/97 at the Janesville Clubhouse of the Outlaws Motorcycle Club [876−1]; GRANTING the motions of LeBell [891−1], Rosen [892−1], Barth [902−1], Hunt [903−1], Reiher [916−1] and Bowe [920−1] to adopt CJA Defense Counsel's motion requesting hearing to determine status [877−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Rostron [893−1], Mroch [902−1], Morgan [903−1], Kruppstadt [904−1], Jensen [905−1] and Hanson [934−1] to adopt McVay's motion for production of Giglio material [878−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Mroch [902−1], Morgan [903−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] to adopt McVay's motion to dismiss Ct 1 of the 11/10/98 indictment as insufficient to meet the requirements of 18:1962(c) [879−1]; DENYING, for lack of standing, the motions of Miller [897−1] and Blake [916−1] to adopt Mroch's motion challenging search pursuant to a warrant as derivative evidence [883−1]; GRANTING, as to joining in the severance plan, the motions of Morgan [903−1], Jensen [905−1], Hanson [934−1] and Meinen to adopt Rostron's renewed motion instanter to sever co−defendants and proposed severance plan [894−1] and DENYING the motions to adopt with respect to Rostron's motion for severance from O'Neill; GRANTING the motions of Morgan [903−1], Jensen [905−1], Hanson [934−1], and Meinen to adopt Warneke's motion to dismiss indictment [906−1]; DENYING Kruppstadt's motion to unseal court records [859−1]; DENYING, as moot, Rostron and Miller's motion to order disclosure of information regarding grand jury [847−1]; DENYING, as moot, O'Neill's motion to disclose use of Title III materials in second grand jury [861−1]; DENYING, without prejudice, Jensen's motion to exclude evidence for failure to comply with discovery order, or to dismiss [853−1]; DENYING, without prejudice, McVay's motion for production of Giglio material [878−1]; GRANTING in part, DENYING in part, as moot, and DENYING in part, on the merits, Miller's motion to compel additional discovery [862−1]; the government is hereby directed to allow Miller's expert to test audio tapes UC189A and UC189B, subject to conditions discussed in this Recommendation and Order; DENYING Morgan's motion for a Santiago hearing and for a pretrial ruling concerning alleged co−conspirator statements [870−1]; DENYING Morgan's motion to sever on the grounds that this case will potentially be a mega−trial [872−1]; DENYING, as moot, Mroch's demand for a speedy trial [798−1]; DENYING CJA Defense Counsel's motion requesting hearing to determine status [877−1]; RECOMMENDING that Powers' motion to dismiss 11/10/98 indictment for lack of personal jurisdiction [850−1] be DENIED; RECOMMENDING Warneke's motion to dismiss indictment [906−1] be DENIED; RECOMMENDING Rostron's

| | | | |
|---|---|---|---|
| | | | motion to dismiss second indictment [845–1] be DENIED; RECOMMENDING O'Neill's motion to dismiss indictment and suppress evidence gathered under Title III [860–1] and [881–1] be DENIED; RECOMMENDING that McVay, Blake, Jensen, Kruppstadt, Meinen, Miller, Morgan, Mroch, O'Neill, Powers and Warneke's motion to dismiss: double jeopardy [874–1] be DENIED; RECOMMENDING that Morgan's motion to dismiss: double jeopardy [838–1] be DENIED; RECOMMENDING that Mroch's motion challenging search pursuant to a warrant as derivative evidence [883–1] be DENIED; RECOMMENDING that McVay, Blake, Meinen and Rostron's motion to dismiss Ct 1 of the 11/10/98 indictment as insufficient to meet the requirements of 18:1962(c) [879–1] be DENIED; RECOMMENDING that Kruppstadt's motion to suppress [858–1] be DENIED; RECOMMENDING that McVay, Blake, Kruppstadt, Meinen, O'Neill, Hanson and Powers' motion to suppress arrest warrants issued out of the 5/30/97 indictment and to suppress any evidence seized by law enforcement officers on 6/10/97 at the Janesville clubhouse of the Outlaws Motorcycle Club [876–1] be DENIED; RECOMMENDING that Rostron's renewed motion instanter to sever co–defendants and proposed severance plan [894–1] be DENIED; RECOMMENDING that Morgan's motion to suppress evidence seized as a result of the 3/8/95 arrest, search and seizure of evidence in Gary, IN [865–1] be denied; RECOMMENDING that Morgan's motion to strike charges relating to the years when he was not in any authority role in the Outlaws Motorcycle Club [869–1] be DENIED; RECOMMENDING that Morgan's motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process [867–1] be DENIED; RECOMMENDING that Morgan's motion to strike various aspects of the RICO charges in this case as incompatible with a proper interpretation of the RICO statute [868–1] be DENIED; RECOMMENDING that Morgan's motion to suppress illegal stop of automobile, illegal arrest and illegal search [866–1] be DENIED; any objections to this Recommendation and Order to be filed with the Clerk of Court within 10 days of service of same; failure to file a timely objection shall result in waiver of right to appeal all factual and legal issues counsel) (tlf, ) Modified on 02/04/1999 |
| 02/04/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [956–1] (cc: all counsel) (tlf, ) (Entered: 02/05/1999) |
| 02/08/1999 | 966 | | HEARING MINUTES: before Mag Judge William E. Callahan in–court hearing held on 2/8/99 (SEALED) Court Reporter: Karen Smith (tlf, ) (Entered: 02/09/1999) |
| 02/08/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan upon oral motion of defendant to withdraw motion for bail review [965–1], the motion is denied as moot, without prejudice for defendant James Hanson (cc: all counsel) (tlf, ) (Entered: 02/09/1999) |
| 02/09/1999 | 969 | | EX PARTE MOTION SEALED (tlf, ) (Entered: 02/10/1999) |
| 02/11/1999 | 970 | | ORDER by Mag Judge William E. Callahan finding that Atty. Gimbel and his law firm have no conflict of interest in continuing to represent Mr. Miller in this criminal proceeding. (cc: all counsel) (bdf, ) (Entered: 02/12/1999) |

| 02/16/1999 | 976 | | ORDER by Judge J. P. Stadtmueller granting motion SEALED [969−1] (bdf, ) (Entered: 02/17/1999) |
|---|---|---|---|
| 02/18/1999 | 979 | | OBJECTIONS by defendant Richard E Mroch regarding [959−1] (bdf, ) |
| 02/22/1999 | 988 | | OBJECTIONS by defendant Robert A Kruppstadt, defendant Richard E Mroch regarding [959−1] (bdf, ) |
| 02/25/1999 | 998 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 03/01/1999) |
| 02/25/1999 | 999 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) (Entered: 03/01/1999) |
| 02/25/1999 | 1000 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 03/01/1999) |
| 02/25/1999 | 1001 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) (Entered: 03/01/1999) |
| 03/02/1999 | | | MARGINAL ORDER by Judge J. P. Stadtmueller granting motion to extend time to file objections to Magistrate Judge Callahan's Order re: remand for inquiry on funds paid to Atty. Gimbel [991−1] (cc: all counsel) (bdf, ) |
| 03/02/1999 | 1015 | | MOTION to adopt various co−defts' objections to recommendation and orders on Round IV motions by Richard E Mroch (bdf, ) |
| 03/04/1999 | 1019 | | HEARING MINUTES: before Judge J. P. Stadtmueller sentencing. Court adjourns hearing to allow parties to file briefs. Govt must submit information to the probation dept regarding deft Schneider's revelant conduct by 3/25/99 Court Reporter: Diane M. (bdf, ) (Entered: 03/05/1999) |
| 03/08/1999 | 1023 | | REQUEST by plaintiff USA (sealed) (bdf, ) Modified on 03/09/1999 (Entered: 03/09/1999) |
| 03/08/1999 | 1024 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) (Entered: 03/09/1999) |
| 03/08/1999 | 1025 | | RESPONSE by plaintiff USA to objections: Round IV (bdf, ) (Entered: 03/09/1999) |
| 03/25/1999 | 1038 | | LETTER from plaintiff USA (bdf, ) (Entered: 03/26/1999) |
| 04/07/1999 | 1048 | | ORDER by Judge J. P. Stadtmueller granting motions to adopt submitted by defendants Blake 1006 , Brock [835, 986, 996], Hanson [857, 960, 975, 994, 1026], Jensen [903, 1009, 1010], Kadlec 1007 , Kruppstadt 1002 , Meinen [971, 1003], Miller 963 , Morgan [967, 1014], Mroch 1015 , O'Neill 1016 , Powers [980, 985], Rostron 993 and Warneke [841, 1017]; denying defendant O'Neill's appeal from the magistrate's order 825 ; denying objections to magistrate's 11/23/98 order re govt's motion to confirm and continue release and detention status of defts by defendants McVay 828 , Meinen 829 , Kruppstadt, Mroch, Hanson, Miller and Meinen 831 , Blake 832 , and Morgan 833 ; denying defendant Meinen's objections to magistrate's order re motion to withdraw counsel 830 ; denying defendant Morgan's amended objections to magistrate's order re govt motion to confirm and continue release and detention status of defts 840 ; adopting and affirming Magistrate Callahan's 11/23/98 Order re LeBell's motion to withdraw as counsel 813 ; adopting and affirming Magistrate Callahan's 11/23/98 Order re govt's motion to confirm and continue release and |

| | | | |
|---|---|---|---|
| | | | detention status of defts 814 ; denying in part and granting in part defendant Miller's motion to compel additional discovery 862 , objection 974 , and magistrate's partial grant and partial denial 959 and the magistrate's order is modified pursuant to Section II(A) of this order; granting defendant Kruppstadt's motion to unseal Judge Clevert's Authorization Order of 11/98 859 and objection 989 , and vacating the magistrate's denial 959 as set forth in Section II(B) of this order; remanding defendant O'Neill's motion to dismiss indictment and suppress evidence gathered under Title III [860, 881] and objection 982 to magistrate's recommendation 959 to deny that motion to Mag Judge Callahan for further hearings in accordance with Section II(C) of this order; denying defendant O'Neill's motion to dismiss indictment and suppress evidence gathered under Title III [860, 881] and second objection 992 to magistrate's recommendation 959 ; denying defendant Rostron's motion to dismiss second indictment 845 and objection 968 to magistate's recommendation 959 ; denying defendant Morgan's motion to dismiss: double jeopardy 838 and objection 978 to magistrate's recommendation 959 ; denying motion to dismiss: double jeopardy filed by defendants McVay, Blake, Jensen, Kruppstadt, Meinen, Miller and Morgan [838, 874], and defendants Mroch, O'Neill, Powers, and Warneke 874 together with their objection 1004 to magistrate's recommendation 959 ; denying defendants Mroch and Kruppstadt's motion to suppress [858, 882] and objection 988 to magistrate's recommendation 959 ; denying defendant Mroch's demand for speedy trial 798 and objection 979 to magistrate's recommendation 959 ; denying defendant Rostron's renewed motion instanter to sever co–defendants and proposed severance plan 894 and objection 968 to magistrate's recommendation 959 ; denying without prejudice defendant McVay's motion for a bill of particulars and extension of time to file notice of alibi 1005 ; denying defendants' remaining motions not accompanied by objections [850, 865–869, 876, 879, 883, 906] and adopting the magistrate's recommendations as to each (cc: all counsel) (tlf, ) Modified on 04/09/1999 (Entered: 04/08/1999) |
| 04/13/1999 | 1049 | | ORDER by Mag Judge William E. Callahan evidentiary hearing set for 1:30 4/22/99 for Kevin P O'Neill Any co–deft who believes that he has standing to challege the "alleged" illegal intercepts shall submit a written statement by 4/19/99, of the basis for such claim of standing. (cc: all counsel) (bdf, ) (Entered: 04/14/1999) |
| 04/14/1999 | 1050 | | LETTER opposing deft Brock's motion to amend conditions of pretrial release from plaintiff USA (bdf, ) (Entered: 04/15/1999) |
| 04/15/1999 | 1051 | | LETTER from plaintiff USA regarding hearing scheduled for 4/22/99 (bdf, ) (Entered: 04/16/1999) |
| 04/19/1999 | 1060 | | LETTER from plaintiff USA regarding continuance of evidentiary hearing (bdf, ) |
| 04/20/1999 | 1071 | | NOTICE of hearing evidentiary hearing set for 1:30 4/29/99 for Kevin P O'Neill, for Robert A Kruppstadt before Magistrate Judge William E. Callahan, Jr. (bdf, ) (Entered: 04/21/1999) |
| 04/22/1999 | 1084 | | NOTICE OF ALIBI by defendant Richard E Mroch (tlf, ) |
| 04/29/1999 | 1093 | | |

| | | | |
|---|---|---|---|
| | | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held on 4/29/99 and 4/30/99; testimony taken. Atty. Marquis request that deft O'Neill be given a physical exam and dental exam, Court direct deft to make specific request of marshal service, if a problem arises, notify court with your concerns. Matter contiued until 5/3/99 at 9:00 a.m. Court Reporter: Diane M. (bdf, ) (Entered: 05/04/1999) |
| 05/03/1999 | 1092 | | APPEAL Order from USCA that appellant Kevin O'Neill is to pay the $105.00 appellate filing fee or file a motion to proceed on appeal in forma pauperis with USDC (tlf, ) |
| 05/03/1999 | 1098 | | HEARING MINUTES: before Mag Judge William E. Callahan continuation of evidentiary hearing; testimony taken; status/evidentiary hearing set for 1:30 5/5/99 for Kevin P O'Neill, for Robert A Kruppstadt Court Reporter: Peppey Repting (bdf, ) (Entered: 05/04/1999) |
| 05/05/1999 | 1106 | | HEARING MINUTES: before Mag Judge William E. Callahan Discussion regarding defts' expert witness Al Williams and his availability to testify. Continuation of evidentiary hearing set for 9:30 5/10/99 for Kevin P O'Neill, for Robert A Kruppstadt Court Reporter: Heidi (bdf, ) (Entered: 05/06/1999) |
| 05/07/1999 | 1113 | | LETTER from plaintiff USA that the govt has no opposition to motions for extension of time filed by Morgan, Blake and Meinen. (bdf, ) (Entered: 05/10/1999) |
| 05/10/1999 | 1119 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion for disclosure of requested discovery and request for production of testimony [1116–1] evidentiary hearing held on 5/10/99 testimony taken. Briefing schedule: 5/19/99 and 5/24/99. Court Reporter: Karen S. (bdf, ) (Entered: 05/11/1999) |
| 05/13/1999 | 1121 | | TRANSCRIPT of proceedings held 6/13/97 for defendant Richard E Mroch, defendant Johnson F Blake – detention hearing (bdf, ) |
| 05/14/1999 | 1123 | | POST–HEARING MEMORANDUM by plaintiff USA (bdf, ) (Entered: 05/17/1999) |
| 05/14/1999 | 1126 | | APPEAL Order from USCA discharging attorney Ann T Bowe and appointing Richard H Parsons, 401 Main St, Ste 1500, Peoria, IL 61602 to represent defendant/appellant Carl J Warneke (Appeal 99–1927) (tlf, ) (Entered: 05/17/1999) |
| 05/19/1999 | 1129 | | POST–HEARING REPLY memorandum by plaintiff USA (bdf, ) (Entered: 05/20/1999) |
| 05/20/1999 | 1130 | | ORDER by Judge J P. Stadtmueller that Magistrate Judge William E. Callahan, Jr's 2/11/99 order denying severance on the basis of a conflict of interest regarding Atty. Franklyn Gimbel is hereby affirmed and the defts' motion for severance is denied. (cc: all counsel) (bdf, ) (Entered: 05/21/1999) |
| 05/24/1999 | 1131 | | RECOMMENDATION by Mag Judge William E. Callahan that defendant Kevin P O'Neill's motion to suppress Title III evidence [860–1] be denied (cc: all counsel) (tlf, ) |
| 05/24/1999 | 1132 | | ORDER by Judge J P. Stadtmueller denying motions to extend time in which to file a notice of appeal for defendants Morgan, Kruppstadt, Meinen, Blake |

| | | | |
|---|---|---|---|
| | | | and O'Neill [1114–1], [1110–1], [1109–1], [1107–1], [1104–1] (cc: all counsel) (tlf, ) Modified on 05/25/1999 (Entered: 05/25/1999) |
| 06/16/1999 | 1138 | | HEARING MINUTES: before Judge J P. Stadtmueller – (sealed) Court Reporter: Diane M. (bdf, ) |
| 06/18/1999 | 1140 | | LETTER from plaintiff USA w/d objection to release of deft Blake (bdf, ) |
| 06/22/1999 | 1143 | | AFFIDAVIT of Sandra DeValkenaere by plntf USA (djd, ) (Entered: 06/23/1999) |
| 06/22/1999 | 1144 | | CERTIFICATE OF MAILING by plntf USA (djd, ) (Entered: 06/23/1999) |
| 06/30/1999 | 1147 | | LETTER requesting court to extablish a uniform cutoff date for guilty pleas from plaintiff USA (bdf, ) |
| 07/16/1999 | 1152 | | RESPONSE by plaintiff USA to motion to modify conditions of release [1148–1] (bdf, ) (Entered: 07/20/1999) |
| 07/27/1999 | 1153 | | ORDER by Judge J P. Stadtmueller adopting report and recommendation that Magistrate Judge William E. Callahan Jr's 4/7/99 Recommendation that the court deny O'Neill's motion to suppress the evidence obtained through the listening device installed in the lamp is adopted as an order of this court and that O'Neill's motion to suppress that evidence is hereby denied. [1131–1], (cc: all counsel) (bdf, ) (Entered: 07/28/1999) |
| 07/29/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr denying motion to modify conditions of release [1148–1] (cc: all counsel) (bdf, ) (Entered: 07/30/1999) |
| 07/29/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr denying motion to modify conditions of release [1044–1] (cc: all counsel) (bdf, ) (Entered: 07/30/1999) |
| 08/11/1999 | 1166 | | MOTION to request that deft Morgan's motion to join deft's Meinen's motion for sanctions, filed on 8/5/99, be filed under seal, retroactive to the original date of filing (tlf, ) Modified on 11/10/1999 (Entered: 08/12/1999) |
| 08/16/1999 | | | MARGINAL ORDER by Judge J P. Stadtmueller granting deft Morgan's motion to join deft Meinen's motion for sanctions (SEALED) (unsealed 11/10/99) [1166–1] (cc: all counsel) (tlf, ) Modified on 11/10/1999 (Entered: 08/17/1999) |
| 08/17/1999 | 1168 | | AFFIDAVIT of Atty. Ann T. Bowe (SEALED) (unsealed 11/10/99) (tlf, ) Modified on 11/10/1999 |
| 08/18/1999 | 1170 | | AFFIDAVIT Atty. Paul L. Kanter (SEALED) (unsealed 11/10/99)(tlf, ) Modified on 11/10/1999 (Entered: 08/19/1999) |
| 08/26/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting petition [1173–1] as to deft Johnson Blake (cc: all counsel) (bet, ) (Entered: 08/27/1999) |
| 08/27/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion for temporary modification of conditions of release [1171–1] as to defendant William B Brock (cc: all counsel) (tlf, ) (Entered: 08/30/1999) |

| | | | |
|---|---|---|---|
| 09/02/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify conditions of release to allow camping trip from 9/3/99 through 9/6/99 [1174−1] for defendant James Hanson (cc: all counsel) (tlf, ) (Entered: 09/03/1999) |
| 09/08/1999 | 1182 | | RECOMMENDATION and ORDER re: motion for sanctions by Mag Judge William E. Callahan Jr I It is recommended that the district judge deny the defts' motion for sanctions, to the extent that such motion seeks dismissal of some, or all, of the counts of the indictment in this case or "exclusion for use in evidence of the testimony of Mark Quinn and/or derivative leads from such testimony". it is further ordered that this recommendation remain sealed for a period of 15 days from the filing thereof, after which time it shall be unsealed, unless,in the interim, any party seeks a further sealing order form Chief Judge Stadtmueller. [1154−1] (SEALED) (unsealed 11/10/99) (cc: all counsel)...... (tlf, ) Modified on 11/10/1999 |
| 09/08/1999 | 1182 | | ...ORDER by Mag Judge William E. Callahan Jr that the defts' motion to file brief in excess of district court rule is granted; it is further ordered that deft Brock's motion to adopt the motion for sanctions is granted; it is further ordered that all of the parties submissions filed in connection with the defts'motion for sanction be sealed; it is further ordered that this order remain sealed for a period of 15 days from the filing thereof, after which time it shall be unsealed, unless, in the interim, any party seeks a further sealing order form Chief Judge Stadtmueller. (SEALED) (unsealed 11/10/99) (cc: all counsel) (tlf, ) Modified on 11/10/1999 |
| 09/15/1999 | 1186 | | NOTICE of hearing ; bond hearing set for 2:00 9/21/99 for Raymond L Morgan (tlf, ) (Entered: 09/16/1999) |
| 09/17/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant Johnson Blake's request to attend wedding on 9/18/99 and to attend childrens' activities with prior approval of USPO [1187−1] (cc: all counsel) (tlf, ) (Entered: 09/21/1999) |
| 09/21/1999 | 1189 | | SUPPLEMENTAL REPORT by plaintiff USA (SEALED) (tlf, ) (Entered: 09/22/1999) |
| 09/22/1999 | 1193 | | MOTION for continued sealing govt (sealed) (unsealed 11/10/99) (tlf, ) Modified on 11/10/1999 (Entered: 09/24/1999) |
| 09/28/1999 | 1200 | | RESPONSE by defendant Johnson F Blake, defendant James E Meinen to govt's motion to unseal SEALED (unsealed 11/10/99) [1193−1] (tlf, ) Modified on 11/10/1999 (Entered: 09/30/1999) |
| 10/05/1999 | 1206 | | RESPONSE by plaintiff USA to defts' objections regarding motion for sanctions (sealed) (unsealed 11/10/99) (bdf, ) Modified on 11/10/1999 (Entered: 10/06/1999) |
| 11/10/1999 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion for reconsideration [1162−1] (cc: all counsel) (bdf, ) |
| 11/10/1999 | 1215 | | ORDER by Chief Judge J P Stadtmueller that the motions to adopt submitted by Rostron (Docket No. 1194), Kruppstadt (Docket No. 1198), O'Neill (Docket No. 1201), Brock (Docket NO. 1202), Kadlec (Docket No. 1203), Morgan (Docket No. 1204), Miller (Docket No. 1205) and Powers No. 1213) |

| | | |
|---|---|---|
| | | are granted; It is further Ordered that Magistrate Judge Callahan's 9–8–99 recommendation that the court deny Meinen, Blake, Rostron, Kruppstadt, O'Neill, Brock, Kadlec, Morgan, Miller, Jensen, Hanson, Powers, Warneke, and McVay's motion for sanctions is denied; It is further Ordered that Docket Nos. 1154, 1155, 1161, 1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170,1176, 1177, 1178, 1179, 1182, 1190, 1191, 1192, 1193, 1196, 1197, 1198, 1199, 1200, 1206, 1208, 1209 are herewith unsealed. (cc: all counsel) (bdf, ) |
| 11/22/1999 | 1220 | NOTICE of hearing preliminary pretrial conference – for counsel only set for 8:30 1/7/00 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, William B Brock, for James E Hanson, for David A Kadlec, Allen J McVay, for James E Meinen, for Randall E Miller, Harvey E Powers, for James C Rostron, for Leslie John Jensen (bdf, ) |
| 11/22/1999 | 1221 | NOTICE of hearing pretrial conference set for 8:30 2/23/00 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for Leslie John Jensen (bdf, ) |
| 11/22/1999 | 1222 | NOTICE of hearing jury trial set for 8:30 3/8/00 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for Leslie John Jensen (bdf, ) |
| 11/22/1999 | 1223 | ORDER by Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 11/23/1999) |
| 12/02/1999 | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify conditions of release [1229–1] (cc: PTS, deft & AUSA) (bdf, ) |
| 12/15/1999 | 1246 | REQUEST by plaintiff USA for continuation of sealing order as to [367–1] (tlf, ) (Entered: 12/20/1999) |
| 12/16/1999 | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify conditions of release [1241–1] (cc: all counsel) (bdf, ) (Entered: 12/21/1999) |
| 12/21/1999 | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting deft Blake's request for modification of bond conditions. (bdf, ) (Entered: 12/23/1999) |
| 01/05/2000 | 1249 | ORDER by Chief Judge J P Stadtmueller that Docket Nos. 367, 368, and Exhibits 1–6 attached to Docket No. 368 are sealed. (cc: all counsel) (bdf, ) (Entered: 01/06/2000) |
| 01/07/2000 | 1251 | HEARING MINUTES: before Chief Judge J P Stadtmueller preliminary pretrial conference hearing held on 1/7/00 Court denies motion for severance; all defts' will be tried jointly; govt intends to file motion for anonymous jury selection; court gives defense until 1/31/00 to respond; Kruppstadt objects to |

| | | | |
|---|---|---|---|
| | | | severance decision; Court Reporter: Chris P. (admin, ) Modified on 01/12/2000 (Entered: 01/12/2000) |
| 01/12/2000 | 1254 | | EX PARTE REQUEST by plaintiff USA (SEALED) (tlf, ) (Entered: 01/14/2000) |
| 01/19/2000 | 1257 | | LETTER regarding scanning exhibits from plaintiff USA (bdf, ) (Entered: 01/20/2000) |
| 01/19/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant James Hanson's motion to modify conditions of release [1252−1]; defendant's conditions are modified to allow him 17 hours of release time from E/M per day and a 48−hour release for his upcoming wedding (cc: all counsel) (tlf, ) (Entered: 01/20/2000) |
| 01/21/2000 | 1258 | | HEARING MINUTES: before Mag Judge William E. Callahan Jr Re: defendant Johnson Blake's motion to modify conditions of release [1255−1]; govt and defense counsel to report back to the court in writing re possible refinancing of property posted as bond for defendant; Court Reporter: Tape AC−212−213 (tlf, ) (Entered: 01/26/2000) |
| 01/25/2000 | 1259 | | EX PARTE MOTION SEALED (tlf, ) (Entered: 01/26/2000) |
| 01/26/2000 | 1261 | | LETTER w/attachements from plaintiff USA (sealed) (unsealed 11/10/99) (bdf, ) Modified on 03/02/2001 |
| 02/04/2000 | 1265 | | APPLICATION of by plaintiff USA and ORDER (PJG) f/writ of HC f/deft David Kadlec's appearance on 2/23/00 at 8:30 a.m. Writ issued. (bdf, ) (Entered: 02/07/2000) |
| 02/07/2000 | 1267 | | ORDER by Chief Judge J P Stadtmueller SEALED (bdf, ) |
| 02/09/2000 | 1270 | | AFFIDAVIT of Atty. Charles W. Giesen (bdf, ) (Entered: 02/10/2000) |
| 02/10/2000 | 1271 | | Information by USA naming Allen J McVay (11) count(s) 1 (bdf, ) Modified on 11/07/2000 (Entered: 02/11/2000) |
| 02/10/2000 | 1273 | | SUPERSEDING Information by USA naming James E Meinen (12) count(s) 1ss, 2ss (bdf, ) (Entered: 02/11/2000) |
| 02/11/2000 | 1276 | | LETTER from plaintiff USA that a reply brief will be filed on or before 2/15/00 (bdf, ) |
| 02/14/2000 | 1281 | | APPLICATION and WRIT OF HABEAS CORPUS AD TESTIFICANDUM for the appearance of Roger Fiebrantz on 3/10/00 at the jury trial in this matter (tlf, ) (Entered: 02/15/2000) |
| 02/15/2000 | 1286 | | AFFIDAVIT of Jay A. Quabius (sealed) (unsealed 11/10/99) (bdf, ) Modified on 03/02/2001 (Entered: 02/17/2000) |
| 02/15/2000 | 1287 | | ORDER by Mag Judge William E. Callahan Jr (sealed) (bdf, ) (Entered: 02/17/2000) |
| 02/18/2000 | 1291 | | NOTICE of non−consent to deft Rostron's request for bench trial by plaintiff USA (bdf, ) (Entered: 02/22/2000) |
| 02/22/2000 | 1293 | | RENEWED MOTION to sever by Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, |

| | | | |
|---|---|---|---|
| | | | James E Hanson, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen, Kevin P O'Neill (bdf, ) |
| 02/22/2000 | 1295 | | MOTION to bar interim summations by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Randall E Miller, James C Rostron (bdf, ) |
| 02/22/2000 | 1296 | | MOTION in limine to exclude testimony of Special Agent Robert Brown or conduct pretrial hearing on admissibility by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen (bdf, ) |
| 02/22/2000 | 1297 | | MOTION for open courtroom and public trial by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen (bdf, ) |
| 02/22/2000 | 1298 | | PROPOSED JURY INSTRUCTIONS submitted by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant William B Brock, defendant James E Hanson, defendant David A Kadlec, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen (bdf, ) |
| 02/22/2000 | 1304 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (bdf, ) (Entered: 02/24/2000) |
| 02/22/2000 | 1308 | | MOTION for separate tables by Raymond L Morgan, Carl J Warneke, Richard E Mroch, Johnson F Blake, James E Hanson, James C Rostron (bdf, ) (Entered: 02/24/2000) |
| 02/23/2000 | 1309 | | MOTION seal (bdf, ) (Entered: 02/24/2000) |
| 02/23/2000 | 1310 | | HEARING MINUTES: before Chief Judge J P Stadtmueller pretrial conference held on 2/23/00 Court will enter written decision denying govt's motion; voir dire due 3/2/00; all discovery motion will be denied by court; court will deny bench trial of severance requests by order Court Reporter: (bdf, ) (Entered: 02/24/2000) |
| 02/23/2000 | 1311 | | PETITION of Richard A. Williams, (WEC) that a summons be issued to return deft James Hanson to court for a bail review hearing (bdf, ) (Entered: 02/24/2000) |
| 02/24/2000 | 1312 | | MOTION seal (bdf, ) |
| 02/25/2000 | 1313 | | PETITION of Richard Williams. pretrial services officer w/ORDER (WEC) that deft Hanson be required to pay the costs of the electronic monitoring program as directed by the pretrial services office. (bdf, ) (Entered: 02/28/2000) |
| 02/28/2000 | 1317 | | HEARING MINUTES: before Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 02/29/2000) |

| 03/01/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying as moot defts' motion for separate tables [1308-1] (cc: all counsel) (djd, ) (Entered: 03/02/2000) |
|---|---|---|---|
| 03/01/2000 | 1320 | | LETTER REQUEST by defts SEALED (djd, ) (Entered: 03/02/2000) |
| 03/01/2000 | 1321 | | ORDER by Chief Judge J P Stadtmueller granting govt's motion to review documents previously filed under seal for in camera review [1288-1] (cc: all counsel) (djd, ) (Entered: 03/02/2000) |
| 03/01/2000 | 1322 | | HEARING MINUTES: SEALED [1312-1] (djd, ) (Entered: 03/02/2000) |
| 03/02/2000 | 1323 | | PROPOSED VOIR DIRE submitted by plntf USA (djd, ) |
| 03/02/2000 | 1324 | | SUPPLEMENT to Proposed Voir Dire Questions by plntf USA (Outlaw Member List inadvertently left out) (djd, ) |
| 03/02/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting request for modification of conditions of bond [1328-1] as to defendant Johnson F Blake; electronic monitoring shall be terminated and a midnight curfew imposed (cc: all counsel) (tlf, ) (Entered: 03/03/2000) |
| 03/06/2000 | 1340 | | MOTION to change venue by Richard E Mroch (tlf, ) |
| 03/06/2000 | 1341 | | MEMORANDUM by defendant Richard E Mroch in support motion to change venue [1340-1] (tlf, ) |
| 03/06/2000 | 1350 | | LETTER from plaintiff USA enclosing partial mock-up of proposed juror notebook (tlf, ) (Entered: 03/07/2000) |
| 03/06/2000 | 1356 | | PETITION for Action on Conditions of Pretrial Release by PO Shawn Robinson w/ ORDER (WEC) that a summons be issued to return William Brock to Court to show cause as to why his bond should not be revoked (djd, ) (Entered: 03/07/2000) |
| 03/07/2000 | 1351 | | LETTER from plaintiff USA re government's proposed case summary (tlf, ) |
| 03/07/2000 | 1352 | | PROPOSED CASE SUMMARY FOR USE DURING VOIR DIRE submitted by plaintiff USA (tlf, ) |
| 03/07/2000 | 1353 | | JOINT VOIR DIRE WITNESS list submitted by plaintiff USA (tlf, ) |
| 03/07/2000 | 1354 | | APPLICATION by plaintiff USA and ORDER (WEC) for issuance of a writ of habeas corpus ad testificandum for the appearance of Robert J Trepainer at 9:00 3/20/00 to testify at the jury trial (tlf, ) |
| 03/07/2000 | 1367 | | LETTER from defendants Kevin P O'Neill, Robert A Kruppstadt, David A Kadlec, Randall E Miller, James C Rostron, Leslie John Jensen, Richard E Mroch, Carl J Warneke, Raymond L Morgan re proposed lineup for opening statements, cross-examination and closing arguments (tlf, ) |
| 03/07/2000 | 1478 | | PROPOSED VOIR DIRE witness list submitted by plaintiff USA (bdf, ) (Entered: 05/19/2000) |
| 03/08/2000 | 1368 | | MOTION SEAL (djd, ) |
| 03/08/2000 | 1525 | | HEARING MINUTES: before Chief Judge J P Stadtmueller trial began (3/8/00 – 6/15/00) Testimony taken. finding Kevin P O'Neill (1) count(s) 1s, |

| | | |
|---|---|---|
| | | 2s, 3s, 5s, 6s, 7s, Carl J Warneke (2) count(s) 1s, 2s, Raymond L Morgan (3) count(s) 2s, Robert A Kruppstadt (4) count(s) 1s, 2s, 3s, 5s, 6s, Richard E Mroch (5) count(s) 1s, 2s, 3s, David A Kadlec (10) count(s) 1s, 2s, Randall E Miller (13) count(s) 1s, 2s, 3s, 4s, Leslie John Jensen (17) count(s) 1s, 2s guilty Adjudged guilty; PSR ordered sentencing hearing set for 8:30 10/10/00 for Kevin P O'Neill As to ALL DEFT'S written objections to PTS due 9/15/00, govt's version due 7/14/00 and deft's version (optional) 7/28/00 sentencing hearing set for 8:30 10/11/00 for Carl J Warneke sentencing hearing set for 11:00 10/10/00 for Raymond L Morgan sentencing hearing set for 2:00 10/11/00 for Robert A Kruppstadt sentencing hearing set for 8:30 10/12/00 for Richard E Mroch sentencing hearing set for 11:00 10/12/00 for David A Kadlec sentencing hearing set 2:00 10/12/00 for Randall E Miller sentencing hearing set for 11:00 10/6/00 for Leslie John Jensen finding Raymond L Morgan (3) count(s) 1s, Robert A Kruppstadt (4) count(s) 7s not guilty Court Reporter: Diane M., Chris P., John S. and Heidi T. (bdf, ) Modified on 06/20/2000 (Entered: 06/20/2000) |
| 03/09/2000 | 1370 | TRIAL BRIEF by plaintiff USA (tlf, ) |
| 03/09/2000 | 1371 | EXHIBIT A TO TRIAL BRIEF by plaintiff USA (tlf, ) |
| 03/16/2000 | 1379 | PROPOSED JURY INSTRUCTION RE PUNISHMENT submitted by plaintiff USA (tlf, ) (Entered: 03/17/2000) |
| 03/16/2000 | 1479 | WITNESS list submitted by plaintiff USA (bdf, ) (Entered: 05/19/2000) |
| 03/20/2000 | 1385 | ADDENDUM TO EXHIBIT AND WITNESS LIST by plaintiff USA (tlf, ) |
| 03/20/2000 | 1386 | EXHIBIT list by defendants (Exhibits 201–230) (tlf, ) |
| 03/22/2000 | 1391 | MOTION seal by USA (bdf, ) |
| 03/22/2000 | 1392 | Exparte by plaintiff USA (sealed) (bdf, ) |
| 03/22/2000 | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant James Rostron's motion to modify conditions of bond [1384–1] extending hours permitted out of the home on weekdays to 5:30 a.m. to 9:00 p.m. and on weekends to 10:00 a.m. to 8:00 p.m. for the duration of the trial (cc: all counsel) (tlf, ) (Entered: 03/23/2000) |
| 03/29/2000 | 1399 | PETITION by USPO Shawn P Robinson and ORDER (WEC) modifying conditions of pretrial release for defendant William Brock to include deft's participation in alcohol/drug assessment and inpatient/outpatient treatment if deemed appropriate (tlf, ) (Entered: 03/30/2000) |
| 04/06/2000 | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting defendant James C Rostron's motion for order authorizing issuance of Rule 17(c) subpoena duces tecum [1425–1] (cc: all counsel) (tlf, ) (Entered: 04/25/2000) |
| 04/07/2000 | 1410 | NOTICE of Rule 404(b) by plaintiff USA (bdf, ) Modified on 05/17/2000 |
| 04/10/2000 | 1413 | NOTICE of hearing ; pretrial conference set for 8:30 8/29/00 for Harvey E Powers (bdf, ) (Entered: 04/11/2000) |
| 04/10/2000 | 1414 | NOTICE of hearing ; jury trial set for 8:30 9/6/00 for Harvey E Powers (bdf, ) (Entered: 04/11/2000) |

| 04/11/2000 | 1418 | | Prehearing memo on photographic identification by plaintiff USA (bdf, ) Modified on 05/17/2000 (Entered: 04/13/2000) |
|---|---|---|---|
| 04/12/2000 | 1419 | | HEARING MINUTES: before Mag Judge William E. Callahan Jr on deft Morgan's motion to suppress; testimony taken; Court recommends to Judge Stadtmueller that deft's motion to suppress ID be denied; Court Reporter: Karen Smith (bdf, ) (Entered: 04/13/2000) |
| 04/13/2000 | 1416 | | REPLY by defendant Harvey E Powers to response to motion for bail review [1402–1] (tlf, ) |
| 04/14/2000 | 1420 | | LETTER w/attached witness list from plaintiff USA (bdf, ) |
| 04/20/2000 | 1426 | | SUBPOENA issued to Attorney James C Reiher for production of documents pertaining to Mark Quinn (tlf, ) (Entered: 04/25/2000) |
| 04/24/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting defendant Leslie Jensen's motion for order authorizing issuance of Rule 17(c) subpoena duces tecum [1427–1] (cc: all counsel) (tlf, ) (Entered: 04/25/2000) |
| 04/28/2000 | 1430 | | ORDER by Mag Judge William E. Callahan Jr granting motion for order for dental treatment [1429–1] (cc: all counsel) (tlf, ) (Entered: 05/01/2000) |
| 05/01/2000 | 1431 | | MOTION for judgment of acquittal by Richard E Mroch (bdf, ) |
| 05/01/2000 | 1432 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Kevin O'Neill (bdf, ) |
| 05/01/2000 | 1433 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Carl Warneke (bdf, ) |
| 05/01/2000 | 1434 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA – Raymond Morgan, Jr. (bdf, ) |
| 05/01/2000 | 1435 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Robert Kruppstadt (bdf, ) |
| 05/01/2000 | 1436 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Richard Mroch (bdf, ) |
| 05/01/2000 | 1437 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft David Kadlec (bdf, ) |
| 05/01/2000 | 1438 | | PROPOSED verdict & special interrgs submitted by plaintiff USA – as to deft Randall Miller (bdf, ) |
| 05/01/2000 | 1439 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA – James Rostron (bdf, ) |
| 05/01/2000 | 1440 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA – as to deft Leslie Jenson (bdf, ) |
| 05/04/2000 | 1443 | | MOTION to quash subpoena by movant Ronald Ingle (tlf, ) |
| 05/04/2000 | 1444 | | AFFIDAVIT of Bridget E Boyle by movant Ronald Ingle (tlf, ) |
| 05/09/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting motion to modify conditions of release to allow deft to weekend vacation with family |

| | | | |
|---|---|---|---|
| | | | [1450–1] (cc: all counsel) (bdf, ) (Entered: 05/10/2000) |
| 05/11/2000 | 1457 | | ORDER by Chief Judge J P Stadtmueller granting defendant David Kadlec's request for a 15–20 minute visit with his hospitalized mother under US Marshal escort (cc: all counsel) (tlf, ) (Entered: 05/15/2000) |
| 05/15/2000 | 1458 | | ORDER by Chief Judge J P Stadtmueller to prodeuce Donna Kennedy as a witness for 5/17/00 at 8:00 a.m. before Chief Judge J.P. Stadtmueller (cc: all counsel) (bdf, ) (Entered: 05/16/2000) |
| 05/16/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant James C Rostron's motion to modify financial conditions of bond [1459–1]; releasing $25,000 cash bond posted by Alex and Paula Rothacker (cc: all counsel) (tlf, ) |
| 05/17/2000 | 1461 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (bdf, ) |
| 05/17/2000 | 1465 | | Motion of journalist Mark Kiesling to quash subpoena (bdf, ) Modified on 05/17/2000 |
| 05/17/2000 | 1466 | | BRIEF regarding admissibility of photographs depicting cerain defts' tattoos by plaintiff USA (bdf, ) |
| 05/22/2000 | 1484 | | ORDER by Chief Judge J P Stadtmueller that deft Power's motion for modification of bond order is granted; it is further ordered that the magistrate judge's 3/20/00 bond order is hereby modified and the deft is detained pending trial subject to the order of the 3/25/98 detention hearing and it is further ordered that Power's requested confinement pending trial at MCC–Chicago, located in Chicago, Illinois is hereby denied without prejudice. (cc: all counsel) (bdf, ) |
| 05/22/2000 | 1511 | | REVISED PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (received by Clerk's office on 6/9/00) (tlf, ) (Entered: 06/12/2000) |
| 05/23/2000 | 1485 | | LETTER regarding defts' Kruppstadt adn Mroch's proposed jury instructions from plaintiff USA (bdf, ) |
| 05/23/2000 | 1486 | | PROPOSED JURY INSTRUCTIONS submitted by defendant Richard E Mroch – theory of defense (bdf, ) |
| 05/24/2000 | 1491 | | LETTER w/attached summary of govt's response to jury instructions filed by deft James Rostron on behalf of all defts' from plaintiff USA (bdf, ) (Entered: 05/25/2000) |
| 05/24/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify financial conditions of bond for the return of $23,725.00 to Alex Rothacker and Paula Rothacker [1487–1] (cc: Rostron's counsel and govt) (bdf, ) (Entered: 05/25/2000) |
| 05/26/2000 | 1492 | | LETTER requesting that the court make three changes to the working of the elements instructions from plaintiff USA (bdf, ) |
| 05/26/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion to continue trial [1467–1] (cc: all counsel) (bdf, ) (Entered: 05/30/2000) |
| 06/02/2000 | 1498 | | MOTION brief supplemental instruction to correct the record regarding Illinois arson law by USA as to Richard E Mroch (bdf, ) |

| | | | |
|---|---|---|---|
| 06/07/2000 | 1503 | | PROPOSED JURY INSTRUCTIONS submitted by defendant Richard E Mroch (admin, ) |
| 06/09/2000 | 1505 | | ORDER by Chief Judge J P Stadtmueller denying defendant Harvey Powers' motion for discovery and inspection [1499–1] as premature and directing counsel to comply with the procedural requirements of this order as a condition precedent to the filing of any further discovery–related motions (cc: all counsel) (tlf, ) |
| 06/13/2000 | 1519 | | ORDER by Chief Judge J P Stadtmueller (sealed) (bdf, ) |
| 06/14/2000 | 1522 | | ORDER by Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 06/16/2000) |
| 06/14/2000 | 1544 | | LETTER to jurors from the court in response to their question (bdf, ) (Entered: 06/21/2000) |
| 06/15/2000 | 1531 | | VERDICT of guilty as to counts 1 and 2 as to Richard E Mroch (bdf, ) (Entered: 06/20/2000) |
| 06/16/2000 | 1524 | | EXHIBIT/WITNESS list by defendants and plaintiffs (eeb, ) (Entered: 06/19/2000) |
| 06/16/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting deft Rostron's motion to modify bond for one week (cc: all counsel) (bdf, ) (Entered: 06/20/2000) |
| 06/16/2000 | 1535 | | NOTICE of hearing ; sentencing hearing set for 8:30 10/6/00 for James C Rostron (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1536 | | NOTICE of hearing ; sentencing hearing set for 2:00 10/6/00 for Allen J McVay (bdf, ) Modified on 10/11/2000 (Entered: 06/21/2000) |
| 06/16/2000 | 1537 | | NOTICE of hearing ; sentencing hearing set for 8:30 10/13/00 for James E Hanson (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1538 | | NOTICE of hearing ; sentencing hearing set for 11:00 10/13/00 for James E Meinen (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1539 | | NOTICE of hearing ; sentencing hearing set for 8:30 10/18/00 for Johnson F Blake (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1540 | | NOTICE of hearing ; sentencing hearing set for 11:00 10/18/00 for William B Brock (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1645 | | JURY Instructions (bdf, ) (Entered: 09/28/2000) |
| 06/19/2000 | 1541 | | LETTER regarding stipulation re: govt's forfeiture allegations by and between the govt and deft Kadlec from plaintiff USA (bdf, ) (Entered: 06/21/2000) |
| 06/19/2000 | 1542 | | STIPULATION regarding govt's Rico Forfeiture Allegations by and between the govt and deft David Kadlec (bdf, ) (Entered: 06/21/2000) |
| 06/19/2000 | 1545 | | LETTER from the court to Atty. Parsons (bdf, ) (Entered: 06/21/2000) |
| 06/20/2000 | 1546 | | MOTION for judgment of acquittal by Richard E Mroch (bdf, ) (Entered: 06/21/2000) |

| 06/29/2000 | 1551 | | Trial sign–in sheets (courtroom and viewing room) (bdf, ) |
|---|---|---|---|
| 07/07/2000 | 1566 | | RESPONSE by plaintiff USA to defts' post–verdict motions. (bdf, ) (Entered: 07/10/2000) |
| 07/13/2000 | 1570 | | LETTER regarding Harvey Powers' motion for continuance from plaintiff USA (bdf, ) (Entered: 07/14/2000) |
| 07/14/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion to continue jury trial [1569–1] (cc: all counsel) (bdf, ) (Entered: 07/17/2000) |
| 07/14/2000 | 1571 | | ORDER by Chief Judge J P Stadtmueller denying motion for detention pending sentencing [1550–1] (cc: all counsel) (bdf, ) (Entered: 07/17/2000) |
| 07/20/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to terminate curfew conditions of release [1567–1] (cc: all counsel) (bdf, ) (Entered: 07/21/2000) |
| 07/27/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion for temporary modification of conditions of release [1572–1] (cc: all counsel) (bdf, ) (Entered: 07/28/2000) |
| 08/02/2000 | 1578 | | ORDER by Chief Judge J P Stadtmueller denying defendant Harvey Powers' motion for complete trial transcripts [1568–1] (cc: all counsel) (tlf, ) |
| 08/04/2000 | 1580 | | LETTER requesting the court to suspend the jury trial for 9/14/00 from plaintiff USA (bdf, ) (Entered: 08/08/2000) |
| 08/09/2000 | 1582 | | ORDER by Chief Judge J P Stadtmueller granting motion for order to transfer deft to medical detention facility [1581–1] (cc: all counsel) (bdf, ) |
| 08/10/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to allow deft a overnight hospital stay and to weekend vacation with family [1583–1] (cc: all counsel) (bdf, ) (Entered: 08/14/2000) |
| 08/14/2000 | 1590 | | APPLICATION by plaintiff USA and ORDER (PJG) for a writ of HC f/Roger Fiebrantz appearance on 9/6/00 at 9:00 a.m. before Chief Judge Stadtmueller in courtroom 425. Writ issued. (bdf, ) (Entered: 08/15/2000) |
| 08/15/2000 | 1591 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (bdf, ) |
| 08/16/2000 | 1593 | | NOTICE of hearing ; sentencing hearing set for 3:30 10/11/00 for Johnson F Blake (bdf, ) |
| 08/16/2000 | 1594 | | NOTICE of hearing ; sentencing hearing set for 9:00 10/16/00 for James E Meinen (bdf, ) |
| 08/16/2000 | 1595 | | NOTICE of hearing ; sentencing hearing set for 10:00 10/4/00 for William B Brock (bdf, ) |
| 08/16/2000 | 1596 | | LETTER from Bureau of Prison regarding Carl Warneke (bdf, ) |
| 08/17/2000 | 1598 | | HEARING MINUTES: before Mag Judge William E. Callahan Jr granting in part and denying in part defendant William E Brock's motion to amend conditions of release [1573–1]; deft to remain on E/M with hours of release extended to 6:00 a.m.–10:00 p.m. Mondays through Saturdays and 8:00 a.m.–5:00 p.m. on Sundays; Court Reporter: Tape AC–242 (tlf, ) (Entered: 08/18/2000) |

| 08/18/2000 | 1597 | | TEMPORARY RELEASE OF EXHIBITS (0–90,0–91,0–114,0–115,0–129,0–130,0–131,9–1B,11–12,11–25A, 11–28F,13–115,13–116,13–132,21–5,13–130) to counsel for plaintiff USA ; receipt filed (eeb, ) |
|---|---|---|---|
| 08/22/2000 | 1604 | | LETTER w/attached proposed insertion to special verdict from plaintiff USA (bdf, ) (Entered: 08/24/2000) |
| 08/24/2000 | 1609 | | RESPONSE by plaintiff USA to motion in limine for exclusion of the testimony of Elizabeth Aaron, Danny Sorbello, Dennis Stout, Dale Distel and Thomas Chester [1589–1] (bdf, ) |
| 08/25/2000 | 1613 | | ORDER by Chief Judge J P Stadtmueller granting motion (SEALED) [1612–1] (cc: all counsel) (tlf, ) (Entered: 08/29/2000) |
| 08/25/2000 | 1617 | | RETURN OF SERVICE executed on 8/17/00; defendant Kevin O'Neill delivered to FMC–Springfield, MO pursuant to 8/9/00 court order (tlf, ) (Entered: 08/29/2000) |
| 08/25/2000 | 1619 | | ORDER by Chief Judge J P Stadtmueller denying motions for judgment of acquittal as to defendants Kevin O'Neill, Carl Warneke, Raymond Morgan, Robert Kruppstadt, Richard Mroch, David Kadlec, Randall Miller, and Leslie John Jensen [1559–1], [1555–1], [1552–1], [1552–2], [1546–1], [1481–1], [1448–1], [1447–1], denying motions for new trial as to defendants Kevin O'Neill, Carl Warneke, Raymond Morgan, Robert Krupstadt, Richard Mroch, David Kadlec, Randall Miller, and Leslie John Jensen [1592–1], [1563–1], [1560–1], [1558–1], [1554–1], denying defendant Randall Miller's motion for relief from prejudicial joinder [1464–1], denying motion to dismiss indictment as to David A Kadlec (10) [1556–1], denying Kevin O'Neill's motion to vacate judgment based upon court's failure to suppress admission of Title III intercepts (cc: all counsel) (tlf, ) (Entered: 08/29/2000) |
| 08/25/2000 | 1815 | | EXHIBITS – 1 box of tapes temporary released to Leemais Rodriguez with the U.S. Atty's Office. Exhibits were also returned on the same day. (eeb, ) (Entered: 03/09/2001) |
| 08/29/2000 | 1621 | | HEARING MINUTES: before Chief Judge J P Stadtmueller, pretrial conference held on 8/29/00 ; Court Reporter: Chris Petrie (tlf, ) (Entered: 08/30/2000) |
| 08/30/2000 | 1622 | | TRANSCRIPT of Stipulation, excerpt of proceedings held 5/17/00 before Judge Stadtmueller and a jury, for defendants Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, David A Kadlec, Randall E Miller, Leslie John Jensen (tlf, ) |
| 08/30/2000 | 1623 | | TRANSCRIPT of Testimony of Michele Roberts from the Jury Trial, held 5/11/00 (tlf, ) |
| 09/05/2000 | 1626 | | LETTER from plaintiff USA w/attached govt's exhibit list and combined witness list of the parties (bdf, ) (Entered: 09/06/2000) |
| 09/05/2000 | 1816 | | PAPER EXHIBITS (11–1A–11–1E, 11–1M–11–10, 11–2A, 11–5 thru 11–17, 11–30,11–30A thru 11–30J, and 11–1N) TEMPORARY RELEASED to Jan Klika w/U.S. Atty's Office. The above exhibits were also RETURNED the same day. (eeb, ) (Entered: 03/09/2001) |

| | | | |
|---|---|---|---|
| 09/08/2000 | 1627 | | ORDER by Chief Judge J P Stadtmueller (preliminary order ) of forfeiture. See order for details. (cc: all counsel) (bdf, ) (Entered: 09/11/2000) |
| 09/08/2000 | 1814 | | ALL EXHIBITS TEMPORARY RELEASED to Jay Quabius w/ATF for the Powers trial which started 9/7/00. (eeb, ) (Entered: 03/09/2001) |
| 09/12/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to be released f/EM system for 23 hours for surgery [1628−1] (cc: all counsel) (bdf, ) (Entered: 09/14/2000) |
| 09/19/2000 | 1633 | | ORDER by Chief Judge J P Stadtmueller granting motion to release witness to ATF agents for return to state institution [1632−1] (cc: all counsel) (bdf, ) (Entered: 09/20/2000) |
| 09/21/2000 | 1634 | | PROPOSED JURY INSTRUCTIONS (supplementary instruction # 1) submitted by plaintiff USA (bdf, ) |
| 09/22/2000 | 1637 | | AFFIDAVIT of Atty. Peter Gross (bdf, ) (Entered: 09/25/2000) |
| 09/26/2000 | 1641 | | EXHIBIT/WITNESS list by plaintiff USA (bdf, ) |
| 09/26/2000 | 1642 | | JURY Instructions (bdf, ) |
| 09/26/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to allow deft to weekend vacation with family [1635−1] (cc: all counsel) (bdf, ) (Entered: 09/28/2000) |
| 09/27/2000 | 1644 | | REPORT by plaintiff USA (sealed) (bdf, ) |
| 09/27/2000 | 1650 | | STIPULATION by and between deft Powers and the govt regarding Rico Forfeiture allegations (bdf, ) (Entered: 09/28/2000) |
| 09/29/2000 | 1652 | | AFFIDAVIT of Atty. Eric J. Klumb by plaintiff USA (bdf, ) (Entered: 10/02/2000) |
| 10/02/2000 | 1653 | | ORDER by Chief Judge J P Stadtmueller granting motion for entry of preliminary order of forfeiture [1649−1] (cc: all counsel) (bdf, ) (Entered: 10/04/2000) |
| 10/04/2000 | 1659 | | NOTICE OF MOTION and MOTION for downward departure by Richard E Mroch (tlf, ) (Entered: 10/05/2000) |
| 10/05/2000 | 1658 | | NOTICE of hearing sentencing hearing set for 8:30 12/19/00 for Kevin P O'Neill (bdf, ) |
| 10/06/2000 | 1660 | | HEARING MINUTES: before Chief Judge J P Stadtmueller continuing objections by defense counsel regarding restitution figure. sentencing rescheduled for 8:30 12/21/00 for William B Brock Court Reporter: Diane M. (bdf, ) (Entered: 10/11/2000) |
| 10/06/2000 | 1662 | | STIPULATION for denial of 9/22/00 motion for release of lis pendens as moot (bdf, ) (Entered: 10/11/2000) |
| 10/06/2000 | 1664 | | ORDER by Chief Judge J P Stadtmueller denying motion for new trial [1592−1] as to defendant Leslie John Jensen (cc: all counsel) (sealed, ) (Entered: 10/11/2000) |
| 10/10/2000 | 1667 | | |

| | | | |
|---|---|---|---|
| | | | ORDER by Chief Judge J P Stadtmueller finding the motion for release of lis pendens [1636–1] moot. (cc: all counsel) (tlf, ) (Entered: 10/12/2000) |
| 10/12/2000 | 1685 | | NOTICE of hearing ; sentencing hearing set for 3:30 12/21/00 for Johnson F Blake (bdf, ) (Entered: 10/17/2000) |
| 10/12/2000 | 1686 | | NOTICE of hearing ; sentencing hearing set for 1:30 12/21/00 for Raymond L Morgan (bdf, ) (Entered: 10/17/2000) |
| 10/12/2000 | 1687 | | HEARING MINUTES: before Chief Judge J P Stadtmueller, sentencing held for defendant Richard E Mroch (5) count(s) 1s, 2s , 3s: SENT: 240 months as to each of Cts 1 and 2 to run concurrently to each other and consecutive to 48 months as to Ct 3 for a total term of imprisonment of 288 months, SR: 3 years as to each of Cts 1–3 to run concurrently for a total term of supervised release of 3 years, SA: $300.00, FINE: $5,000.00; Conditions of Supervised Release/Probation imposed; See Judgment for additional details ; terminating party Richard E Mroch ; Court Reporter: Diane Meredith (tlf, ) (Entered: 10/18/2000) |
| 10/16/2000 | 1688 | | JUDGMENT and Commitment issued to U.S. Marshal as to Richard E Mroch by Chief Judge J P Stadtmueller (cc: all counsel) (tlf, ) (Entered: 10/18/2000) |
| 10/17/2000 | 1702 | | ORDER by Chief Judge J P Stadtmueller directing production of discovery materials (cc: all counsel) (bdf, ) (Entered: 10/19/2000) |
| 10/23/2000 | 1709 | | EXHIBITS received for defendant Richard E Mroch ; exhibit list filed (eeb, ) |
| 10/26/2000 | 1712 | | APPEAL Notice to USCA by defendant Richard E Mroch regarding [1688–1] (cc: all counsel) (bdf, ) (Entered: 10/27/2000) |
| 10/26/2000 | 1713 | | DOCKETING STATEMENT by defendant Richard E Mroch (cc: all counsel) (bdf, ) (Entered: 10/27/2000) |
| 10/27/2000 | | | SHORT RECORD Transmitted to USCA for defendant Richard E Mroch Re: [1712–1] (cc: all counsel) (bdf, ) |
| 11/06/2000 | | | As to defendant Richard E Mroch Re: Notice of Appeal [1712–1] filed 10/26/00 Appeal Number: 00–3865 received from USCA (tlf, ) |
| 11/08/2000 | 1720 | | ... ORDER by Chief Judge J P Stadtmueller denying defendant Randall Miller's motion for withdrawal of attorney [1706–1] for lack of jurisdiction (cc: all counsel) (tlf, ) (Entered: 11/09/2000) |
| 11/22/2000 | 1724 | | RETURN OF SERVICE of writ of habeas corpus for the appearance of witness Roger Fiebrantz at trial 9:00 9/6/00 (tlf, ) |
| 11/27/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting motion to allow release from EM [1722–1] (cc: all counsel) (bdf, ) (Entered: 11/28/2000) |
| 11/27/2000 | 1725 | | NOTICE of release of lien against deft James Rostron in the amount of $7,550.00 by plaintiff USA (bdf, ) (Entered: 11/28/2000) |
| 11/30/2000 | 1726 | | ALL PAPER EXHIBITS released to Diane Meredith (1 Box) for preparation of transcripts. (eeb, ) Modified on 03/09/2001 (Entered: 03/09/2001) |

| | | | |
|---|---|---|---|
| 12/01/2000 | 1727 | | LETTER from plaintiff USA regarding judgment and commitment order of deft James Meinen (bdf, ) |
| 12/05/2000 | 1729 | | ORDER by Chief Judge J P Stadtmueller for release of mortgage lien for property located at 227 Maplewood Drive, Antioch, IL for deft James Hanson. Papers returned to Atty. Robert Penegor, 16655 W. Bluemound Rd., Brookfield, WI 53005. (cc: all counsel) (bdf, ) (Entered: 12/06/2000) |
| 12/18/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion to continue sentencing [1730–1] (cc: all counsel) (bdf, ) (Entered: 12/19/2000) |
| 12/19/2000 | 1731 | | ORDER by Chief Judge J P Stadtmueller denying motion for judgment of acquittal [1698–1] (cc: all counsel) (bdf, ) |
| 12/20/2000 | 1732 | | LETTER from plaintiff USA (bdf, ) |
| 12/21/2000 | 1733 | | STIPULATED motion by govt for forfeiture of case in lieu of interest of defts Warneke and Mroch in Chicago clubhouse property (bdf, ) |
| 12/21/2000 | 1735 | | HEARING MINUTES: before Chief Judge J P Stadtmueller sentencing hearing adjourned until later date Court Reporter: Diane M. (bdf, ) |
| 12/22/2000 | 1748 | | ORDER FORFEITING CASH IN LIEU OF PROPERTY INTERESTS by Chief Judge J P Stadtmueller as to defendants Carl J Warneke, Richard E Mroch (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/22/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion for temporary modification of conditions of release [1749–1] as to defendant William B Brock (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/22/2000 | 1757 | | AMENDED JUDGMENT and Commitment issued to U.S. Marshal as to Richard E Mroch by Chief Judge J P Stadtmueller (cc: all counsel) (bdf, ) (Entered: 12/27/2000) |
| 12/29/2000 | 1764 | | ORDER by Chief Judge J P Stadtmueller granting motion to withdraw motion [1611–1] [1747–1] (cc: all counsel) (bdf, ) (Entered: 01/03/2001) |
| 01/03/2001 | 1763 | | Process receipt and return by plaintiff USA (bdf, ) |
| 01/05/2001 | 1766 | | APPEAL Order from USCA that defendant Kevin P O'Neill is to pay the $105.00 appellate filing fee or file a motion to proceed on appeal in forma pauperis with USDC (tlf, ) (Entered: 01/08/2001) |
| 01/11/2001 | 1768 | | NOTICE of hearing ; sentencing hearing set for 1:30 1/30/01 for James W Schneider (bdf, ) |
| 01/18/2001 | 1818 | | ALL PAPER EXHIBITS (1 box) TEMPORARY RELEASED to Diane Meredith for the Powers Trial. (eeb, ) (Entered: 03/09/2001) |
| 01/22/2001 | 1773 | | SEALED document by plaintiff USA (bdf, ) (Entered: 01/23/2001) |
| 01/25/2001 | 1774 | | LETTER requesting continuance of sentencing of deft James Schneider from plaintiff USA (bdf, ) |
| 01/26/2001 | 1776 | | ORDER by Chief Judge J P Stadtmueller any further submission shall be filed by the govt by 2/15/01; the deft will be granted until 2/27/01 to respond and the govt may file any further reply by 3/1/01 sentencing hearing set for 10:00 3/9/01 for James W Schneider (cc: all counsel) (bdf, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/29/2001) |
| 01/29/2001 | 1777 | | ORDER by Chief Judge J P Stadtmueller for return of bail to Raymond L. Morgan, Sr., consisting of securities deposited in the registry as bail for deft Raymond Morgan, Jr. (cc: all counsel) (bdf, ) (Entered: 01/30/2001) |
| 02/02/2001 | 1779 | | ORDER by Chief Judge J P Stadtmueller for release of mortgage lien against property posted by Raymond Morgan, Sr.; 8221 Stateline Avenue, Munster, IN 46321 (cc: all counsel) (bdf, ) (Entered: 02/07/2001) |
| 02/05/2001 | 1780 | | ORDER by Chief Judge J P Stadtmueller granting motion for return of property [1778–1] as to property posted for James Rostron (cc: all counsel) (bdf, ) (Entered: 02/07/2001) |
| 02/13/2001 | 1781 | | MASTER ALPHABETICAL WITNESS INDEX FOR JURY TRIAL HELD 9/7/00 THRU 9/27/00 (djd, ) |
| 02/16/2001 | 1800 | | GOVERNMENT'S APPRENDI MEMORANDUM by plaintiff USA (tlf, ) |
| 02/20/2001 | 1801 | | APPEAL Order from USCA granting attorney Daniel D Resheter's motion to withdraw and appointing attorney Morris D Berman, Berman Law Office, 306 E Wilson St, Madison, WI 53701 to represent defendant–appellant Robert A Kruppstadt (tlf, ) |
| 02/20/2001 | 1802 | | APPEAL Order from USCA granting attorney Michael Barth's motion to withdraw and appointing Thomas G Wilmouth, 312 E Wisconsin Ave, Ste 400, Milwaukee, WI 53202 to represent defendant–appellant Richard Mroch (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1803 | | APPEAL Order from USCA discharging attorney Ann T Bowe and appointing attorney Thomas L Shriner, Foley & Lardner, 777 E Wisconsin Ave, Milwaukee, WI 53202 to represent defendant–appellant Carl J Warneke (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1804 | | APPEAL Order from USCA granting attorney Charles W Giesen's motion to withdraw and appointing Dean Strang, Federal Defender, 517 E Wisconsin Ave, Ste 325A, Milwaukee, WI 53202 to represent defendant–appellant Leslie J Jensen (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1805 | | APPEAL Order from USCA granting attorney Mark S Rosen's motion to withdraw and appointing attorney Kent R Carlson, 53 W Jackson, Ste 1515, Chicago, IL 60604 to represent defendant–appellant David Kadlec (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1806 | | APPEAL Order from USCA granting attorney Franklyn M Gimbel's motion to withdraw and appointing attorney Noelle S Berg, Winston & Strawn, 35 W Wacker Dr, Chicago, IL 60601 to represent defendant–appellant Randall E Miller (tlf, ) (Entered: 02/21/2001) |
| 03/02/2001 | 1809 | | APPEAL Order from USCA granting motion for substitution of attorneys as to defendant–appellant Kevin P O'Neill; attorney William Marquis is permitted to withdraw and attorney Thomas Peters is substituted as retained counsel (tlf, ) |
| 03/05/2001 | 1810 | | ORDER by Chief Judge J P Stadtmueller for release of mortgage lien against property located at: 7318 N. Ridge Rd, Chicago, Ill; returned to Atty. Thomas |

| | | | |
|---|---|---|---|
| | | | G. Halloran, The Schroeder Group, S.C., Crossroads Corporate Center, 20800 Swenson Drive, Suite 475, Waukesha, WI 53186 (cc: all counsel) (bdf, ) (Entered: 03/08/2001) |
| 03/08/2001 | 1812 | | LETTER requesting to w/d four exhibits from plaintiff USA (bdf, ) (Entered: 03/09/2001) |
| 03/09/2001 | 1813 | | ALL EXHIBITS returned by Diane Meredith (doc. 1726) (eeb, ) |
| 03/09/2001 | 1817 | | PAPER EXHIBITS (10–1A, 10–1B, 10–1C) were TEMPORARY RELEASED to Scott J. Campbell w/U.S. Atty's Office for copies of pictures taken by Sandy w/ATF. The above exhibits were also RETURNED the same day by Sandy w/ATF. (eeb, ) |
| 03/09/2001 | 1819 | | ALL PAPER EXHIBITS (1 box) RETURNED by Diane Meredith. (eeb, ) |
| 03/09/2001 | 1822 | | ORDER by Chief Judge J P Stadtmueller for return of bail to The Schroeder Group, S.C. Trust Account at 20800 Swenson Drive, Suite 475, Waukesha, WI 53186 in the sum of $10,000.00 for deft William Brock. (cc: all counsel) (bdf, ) Modified on 03/13/2001 (Entered: 03/13/2001) |
| 03/20/2001 | 1825 | | MASTER ALPHABETICAL WITNESS INDEX – Jury trial held 3/8/00 through 6/15/00 (tlf, ) |
| 03/20/2001 | 1826 | | TRANSCRIPT of Jury Trial – Vol 1 – March 8, 2000 (tlf, ) Modified on 03/20/2001 |
| 03/20/2001 | 1827 | | TRANSCRIPT of Jury Trial – Vol 2 – March 13, 2000 (tlf, ) |
| 03/20/2001 | 1828 | | TRANSCRIPT of Jury Trial – Vol 3 – March 14, 2000 (tlf, ) |
| 03/20/2001 | 1829 | | TRANSCRIPT of Jury Trial – Vol 4 – March 15, 2000 (tlf, ) |
| 03/20/2001 | 1830 | | TRANSCRIPT of Jury Trial – Vol 5 – March 16, 2000 (tlf, ) |
| 03/20/2001 | 1831 | | TRANSCRIPT of Jury Trial – Vol 6 – March 20, 2000 (tlf, ) |
| 03/20/2001 | 1832 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Robert J Trepanier – March 20, 2000 (tlf, ) |
| 03/20/2001 | 1833 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Charles B Powers – March 20, 2000 (tlf, ) |
| 03/20/2001 | 1834 | | TRANSCRIPT of Jury Trial – Vol 7 – March 21, 2000 (tlf, ) |
| 03/20/2001 | 1835 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Charles B Powers – March 21, 2000 (tlf, ) |
| 03/20/2001 | 1836 | | TRANSCRIPT of Jury Trial – Vol 8 – March 22, 2000 (tlf, ) |
| 03/20/2001 | 1837 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of James W Schneider – March 22, 2000 (tlf, ) |
| 03/20/2001 | 1838 | | TRANSCRIPT of Jury Trial – Vol 9 – March 23, 2000 (tlf, ) |
| 03/20/2001 | 1839 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of James W Schneider – March 23, 2000 (tlf, ) |
| 03/20/2001 | 1840 | | |

| | | |
|---|---|---|
| | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of David J Balkema – March 23, 2000 (tlf, ) |
| 03/20/2001 | 1841 | TRANSCRIPT of Jury Trial – Vol 10 – March 24, 2000 (tlf, ) |
| 03/20/2001 | 1842 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Joseph A Badaracco – March 24, 2000 (tlf, ) |
| 03/20/2001 | 1843 | TRANSCRIPT of Jury Trial – Vol 11 – March 27, 2000 (tlf, ) |
| 03/20/2001 | 1844 | TRANSCRIPT of Jury Trial – Vol 12 – March 28, 2000 (tlf, ) |
| 03/20/2001 | 1845 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of John Richard Jones – March 28, 2000 (tlf, ) |
| 03/20/2001 | 1846 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Houston Clyde Murphy – March 28, 2000 (tlf, ) |
| 03/20/2001 | 1847 | TRANSCRIPT of Jury Trial – Vol 13 – March 29, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1848 | EXCERPT OF TRANSCRIPT of Jury Trial – Continued Testimony of Houston Clyde Murphy – March 29, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1849 | TRANSCRIPT of Jury Trial – Vol 14 – March 30, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1850 | TRANSCRIPT of Jury Trial – Vol 15 – April 3, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1851 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of David B Wolf – April 3, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1852 | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of David B Wolf – April 4, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1853 | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of David B Wolf – April 5, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1854 | TRANSCRIPT of Jury Trial – Vol 16 – April 6, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1855 | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of David B Wolf – April 6, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1856 | TRANSCRIPT of Jury Trial – Vol 17 – April 7, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1857 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Mark Parco – April 7, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1858 | TRANSCRIPT of Jury Trial – Vol 18 – April 17, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1859 | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark Parco – April 17, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1860 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Patricia Lynn Wolf – April 18, 2000 (tlf, ) (Entered: 03/21/2001) |

| 03/20/2001 | 1861 | | TRANSCRIPT of Jury Trial – Vol 19 – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
|---|---|---|---|
| 03/20/2001 | 1862 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Patricia Lynn Wolf – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1863 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Gary Govekar – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1864 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Mark Fritz – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1865 | | TRANSCRIPT of Jury Trial – Vol 20 – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1866 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark Fritz – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1867 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Eric Klinkhammer – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1868 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Todd Leifker – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1869 | | TRANSCRIPT of Jury Trial – Vol 21 – April 24, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1870 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Mark William Quinn – April 24, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1871 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark William Quinn – April 25, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1872 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark William Quinn – April 26, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1873 | | TRANSCRIPT of Jury Trial – Vol 22 – April 27, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1874 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark Quinn – April 27, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1875 | | TRANSCRIPT of Jury Trial – Vol 23 – April 28, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1876 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Daniel Schuh Jr, Mari Jo Addy Burri, Daniel Schuh Sr, and Gary Reith – April 28, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1877 | | TRANSCRIPT of Jury Trial – Vol 24 – May 3, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1878 | | TRANSCRIPT of Jury Trial – Vol 25 – May 4, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1879 | | TRANSCRIPT of Jury Trial – Vol 26 – May 5, 2000 (tlf, ) (Entered: 03/21/2001) |

| 03/20/2001 | 1880 | TRANSCRIPT of Jury Trial – Vol 27 – May 8, 2000 (tlf, ) (Entered: 03/21/2001) |
| --- | --- | --- |
| 03/20/2001 | 1881 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Linda Brannigan – May 8, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1882 | TRANSCRIPT of Jury Trial – Vol 28 – May 9, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1883 | TRANSCRIPT of Jury Trial – Vol 29 – May 10, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1884 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of John Pozzi – May 10, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1885 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Charles A Berard – May 10, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1886 | TRANSCRIPT of Jury Trial – Vol 30 – May 11, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1887 | TRANSCRIPT of Jury Trial – Vol 31 – May 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1888 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Richard Terrones – May 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1889 | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Lloyd M Brueggeman – May 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1890 | TRANSCRIPT of Jury Trial – Vol 32 – May 17, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1891 | TRANSCRIPT of Jury Trial – Vol 33 – May 23, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1892 | TRANSCRIPT of Jury Trial – Vol 34 – May 24, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1893 | TRANSCRIPT of Jury Trial – Vol 35 – May 25, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1894 | TRANSCRIPT of Jury Trial – Vol 36 – May 30, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1895 | TRANSCRIPT of Jury Trial – Vol 37 – June 7, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1896 | TRANSCRIPT of Jury Trial – Vol 38 – June 14, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1897 | TRANSCRIPT of Jury Trial – Vol 39 – June 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1898 | TRANSCRIPT of Arraignment and Plea held 11/19/98 for defendants Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, Randall E Miller, Harvey E Powers, James |

| | | | |
|---|---|---|---|
| | | | C Rostron, Leslie John Jensen (tlf, ) (Entered: 03/22/2001) |
| 04/13/2001 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting motion for extension of time to report to prison [1899–1] (cc: all counsel) (bdf, ) (Entered: 04/16/2001) |
| 05/04/2001 | 1900 | | STIPULATED motion to allow the govt to take possession of Wisconsin Chapter Clubhouse pending decision as to final order of forfeiture. (bdf, ) |
| 05/10/2001 | 1918 | | NOTICE OF FORFEITURE by plaintiff USA (tlf, ) |
| 05/10/2001 | 1919 | | ORDER by Chief Judge J P Stadtmueller granting US' stipulated motion to take possession of Wisconsin Chapter Clubhouse (1263 S Cherry St, Janesville) as well as associated land, buildings & fixtures pending decision as to final order of forfeiture [1900–1] (cc: all counsel) (djd, ) (Entered: 05/11/2001) |
| 05/24/2001 | 1926 | | TRANSCRIPT of Sentencing held 10/12/00 for defendant Richard E Mroch (tlf, ) (Entered: 05/29/2001) |
| 06/11/2001 | 1928 | | APPEAL Order from USCA substituting attorney Jack J Crowe, Winston & Strawn, 35 W Wacker Dr, Chicago, IL 60601 as court–appointed counsel for defendant–appellant Randall E Miller (tlf, ) (Entered: 06/12/2001) |
| 06/11/2001 | 1929 | | STIPULATION AND SETTLEMENT AGREEMENT between plaintiff USA and claimant Rock County regarding property taxes for the Wisconsin Chapter Clubhouse, 1263 S Cherry St, Janesville, WI (tlf, ) (Entered: 06/12/2001) |
| 06/27/2001 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion for extension of time to report to prison [1931–1] (cc: all counsel) (bdf, ) (Entered: 06/28/2001) |
| 07/03/2001 | 1935 | | NOTICE of process receipt and return by plaintiff USA (bdf, ) (Entered: 07/06/2001) |
| 08/15/2001 | 1939 | | AFFIDAVIT of AUSA Scott Campbell by plaintiff USA (bdf, ) (Entered: 08/16/2001) |
| 09/04/2001 | 1940 | | ORDER by Chief Judge J P Stadtmueller granting motion for order and judgment [1938–1] (cc: all counsel) (bdf, ) (Entered: 09/05/2001) |
| 09/06/2001 | 1942 | | APPEAL Order from USCA granting attorney Paul Flynn's motion for substitution of counsel and appointing attorney William Theis of the Federal Defender Program for the Northern District of Illinois (tlf, ) |
| 10/02/2001 | 1946 | | EXHIBITS received (2 tapes from 3/25/98) for plaintiff USA ; exhibit list filed (eeb, ) |
| 10/02/2001 | 1948 | | ORDER by Chief Judge J P Stadtmueller f/the return of the certificate of deposit to M & I Bank, 4380 N. Campbell Ave., Suite 100, Tucson, AZ 85718. (cc: all counsel) (bdf, ) (Entered: 10/04/2001) |
| 10/04/2001 | 1949 | | NOTICE of release of lien against deft Raymond Morgan in the amount of $5,050.00 by plaintiff USA (bdf, ) |
| 10/12/2001 | 1950 | | |

| | | | |
|---|---|---|---|
| | | | ORDER by Chief Judge J P Stadtmueller for release of non−cash collateral to Johnson C. Blake, Sr. − the 575 shares of Bellsouth Corporation stock. (cc: all counsel) (bdf, ) (Entered: 10/15/2001) |
| 02/05/2002 | 1954 | | ORDER by Chief Judge J P Stadtmueller that Kevin O'Neill's December 31, 2001 request for sanctions is dismissed without prejudice (cc: all counsel) (bdf, ) (Entered: 02/07/2002) |
| 03/01/2002 | | | Criminal Appeal Record Prepared for defendant Richard E Mroch (tlf, ) |
| 05/10/2002 | 1958 | | ORDER by Mag Judge Patricia J. Gorence (sealed) (bdf, ) |
| 08/01/2002 | 1959 | | ORDER by Chief Judge J P Stadtmueller that within 30 days the govt shall respond to Kevin O'Neill's motion for the return of property. (cc: all counsel) (bdf, ) (Entered: 08/05/2002) |
| 08/16/2002 | 1962 | | Criminal Appeal Record Request received from USCA − defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant David A Kadlec, defendant Randall E Miller, defendant James W Schneider, defendant Leslie John Jensen USCA Number: 00−3719, 00−3720, 00−3721, 00−3731, 00−3740, 00−3865, 00−4344 and 01−1683. (kmm, ) (Entered: 08/21/2002) |
| 08/21/2002 | | | RECORD on Appeal sent to USCA for defendant Richard E Mroch consisting of 6 vols of pleadings, 5 loose pleadings, 4 transcripts and PSR. USCA Number: 00−3865 Re: [1712−1] (cc: all counsel) (kmm, ) |
| 09/03/2002 | 1964 | | AFFIDAVIT of Jay A. Quabius by plaintiff USA (bdf, ) (Entered: 09/04/2002) |
| 09/05/2002 | 1965 | | ORDER by Judge J P Stadtmueller for release of mortgage lien to Atty. Neil J. Anderson of property located at Lot 149, Pineneedle Drive, Westminster, SC 29693. (cc: all counsel) (bdf, ) (Entered: 09/12/2002) |
| 12/04/2002 | 1969 | | ORDER that deft Mroch's motion for the return of property is denied without prejudice. Signed by Judge J P Stadtmueller on 12/4/02. (cc: all counsel) (bdf, ) (Entered: 12/05/2002) |
| 12/06/2002 | 1975 | | MANDATE of USCA (certified copy) as to Richard E Mroch AFFIRMING the decision of the district court re 1712 Notice of Appeal (slip opinion attached to defendant O'Neill's mandate 00−4344) USCA Number 00−3865 (hmv, ) (Entered: 01/02/2003) |
| 01/13/2003 | 1979 | | ORDER of USCA: AMENDING the first paragraph on page 3 of the slip opinion (mandate) of this court issued on 11/12/02 as to David A Kadlec, Randall E Miller, Harvey E Powers, James W Schneider, Leslie John Jensen, Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch re 1699 Notice of Appeal, 1677 Notice of Appeal, 1678 Notice of Appeal, 1823 Notice of Appeal, 1712 Notice of Appeal, 1703 Notice of Appeal, 1745 Notice of Appeal, 1743 Notice of Appeal, 1679 Notice of Appeal. The Petitions for Rehearing for Deft−Appellants Kruppstadt (00−3731), O'Neill (00−4344), and Powers (00−4345) are DENIED. (hmv, ) |
| 01/13/2003 | | | APPEAL RECORDS RETURNED as to David A Kadlec, Randall E Miller, James W Schneider, Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch, Leslie John Jensen and Harvey Powers. KADLAC−7 vols |

| | | | |
|---|---|---|---|
| | | | of pleadings, 1 transcript, 5 sealed documents and PSR. MILLER–8 vols of pleadings, 4 loose pleadings, 1 transcript and PSR. SCHNEIDER–2 vols of pleadings, 5 transcripts, PSR. O'NEILL–11 vols of pleadings, 5 loose pleadings, 103 of 105 vols of trial transcripts (vols 31 and 33 missing from appeal record), 6 boxes of exhibits. WARNECKE–7 vols of pleadings, 2 loose pleadings, 3 transcripts and PSR. KRUPPSTADT–8 vols of pleadings, 3 loose pleadings, 2 transcripts and PSR. MROCH–6 vols of pleadings, 5 loose pleadings, 4 transcripts and PSR. JENSEN–7 vols of pleadings, 3 loose pleadings, 3 transcripts and PSR. POWERS–6 vols of pleadings, 2 loose pleadings, 28 vols of transcripts and PSR. (kmm, ) (Entered: 09/10/2003) |
| 03/11/2003 | 1982 | | NOTIFICATION OF EXHIBIT Release sent to counsel for the Government – Carol Kraft (ers, ) |
| 03/14/2003 | 1983 | | ALL TRIAL EXHIBITS released to counsel for USA, receipt filed. (ers, ) |
| 02/28/2005 | | | NOTIFICATION OF EXHIBIT Release sent to defendants' trial counsel of record. (kmm, ) |
| 03/17/2005 | 2021 | | EXHIBIT release letter to counsel for Richard E Mroch, Leslie John Jensen. Exhibits to be picked up from clerk's office. (kmm, ) |
| 01/11/2006 | 2028 | | NOTICE OF ATTORNEY APPEARANCE: Carol L Kraft appearing for USA (Kraft, Carol) |
| 10/15/2010 | 2046 | | MOTION to Seal Document by USA as toKevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Randy M Yager, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen. (Attachments: # 1 Text of Proposed Order)(Kraft, Carol) |
| 10/15/2010 | 2047 | | Document sealed (djd) |
| 10/18/2010 | 2048 | | ORDER signed by Judge J P Stadtmueller on 10/18/2010 granting 2046 Motion to Seal Document (cc: all counsel) (djd) |
| 11/05/2010 | 2049 | | SEALED DOCUMENT (djd) |
| 11/05/2010 | 2050 | | SEALED Document(djd) (Entered: 11/09/2010) |
| 05/21/2015 | 2104 | | RETROACTIVE SENTENCE REDUCTION MEMORANDUM from Probation (Sealed) filed by US Probation Office as to Richard E Mroch (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (dd) |
| 06/29/2015 | 2115 | | NOTICE OF ATTORNEY APPEARANCE: Ann R Auberry appearing for Richard E Mroch (Auberry, Ann) |
| 07/13/2016 | 2172 | | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. |
| 08/09/2018 | 2200 | | ORDER re Request to Modify Conditions as to Richard E. Mroch signed by Judge J.P. Stadtmueller on 8/9/2018 CONCURRING with Officer's Recommendation to MODIFY conditions as specified. (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (Attachments: # 1 Waiver of Hearing Form) (cc: all counsel) (jm) |

| 09/13/2018 | 2201 | | Probation Jurisdiction Transferred to Northern District of Illinois as to Richard E Mroch. (mlm) |

SEALED

unsealed 6/1/97

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT C...
EASTERN DISTRICT
'97 MAY 30 P3:32
SOFRON B. NEDILSKY
CLERK

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

Kevin P. O'Neill
a/k/a "Spike",
Carl J. Warneke
a/k/a "Jay",
Raymond L. Morgan, Jr.
a/k/a "Shemp",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",
Randy M. Yager
a/k/a "Mad",
Johnson F. Blake
a/k/a "Beeker",
William B. Brock
a/k/a "Bad Bill",
James E. Hanson
a/k/a "Manson",
David A. Kadlec
a/k/a "Kid",
Allen J. McVay
a/k/a "Big Al",
James E. Meinen, Jr.
a/k/a "LJ",
Randall E. Miller
a/k/a "Madman",
Harvey E. Powers
a/k/a "RV",
James C. Rostron
a/k/a "Just Jim",
James W. Schneider
a/k/a "Preacher", and
Leslie John Jensen
a/k/a "Jack",

                Defendants.

Case No. 97-CR-

97-Cr-98

## Indictment

The Grand Jury Charges:

## Count One

## I.  Introduction

1.  At times material to this indictment:

a.  The American Outlaw Association, better known as, and hereinafter referred to as, the Outlaws Motorcycle Club, was an international organization which engaged in, and the activities of which affect, interstate and foreign commerce.

b.  Within the United States, the Outlaws Motorcycle Club is composed of individual chapters located in various cities throughout the country.  Each chapter has a president, vice-president, treasurer and enforcer, as well as general members.

c.  The various chapters are grouped into regions headed by a regional president and several additional regional officers.  The regions, and each chapter thereof, ultimately falls under the authority of the national president.

d.  The Chicago Region is comprised of three (3) chapters located in the Chicago metropolitan area, and chapters located in Joliet, Illinois; Gary, Indiana; and Milwaukee, Janesville, and LaCrosse, Wisconsin.

e.  Membership in the Outlaws Motorcycle Club, which is limited to males only, is the result of a controlled process, beginning with an associate or "hanger-on" status, followed by a pledge or probationary period lasting approximately six (6) months.  During the pledge period, probates are expected to

perform duties and assignments as directed by full members or "patches". Full membership or "patch" status requires the unanimous vote of the chapter sponsoring membership. New chapters will go through a probationary period for both the chapter and the individual members. Full Outlaws status for both the chapter and the members requires the unanimous vote of the chapter presidents within the region.

    f. "Patches" and probates are expected to abide by a written code. Violations of the code may result in fines, expulsion, another probationary period, and/or physical violence.

    g. The vestments or "colors" of full club membership include a leather or denim vest with a back patch consisting of the club emblem (skull with crossed pistons), surrounded by a top "rocker" with the word "Outlaws" and a bottom "rocker" identifying the chapter (e.g. "Milwaukee"). The vests may also display other symbols such as "MC" (motorcycle club), "A.O.A.", and a "One Percenter" diamond.

    h. Probates will wear vests displaying patches identifying their probationary status. Females, though excluded from membership, may wear vests with patches reading "Property of Outlaws". Females associated with members, pledges or associates are referred to as "Old Ladies".

    i. Members pay monthly dues to the chapter, a percentage of which is forwarded to the regional and national organizations. Members are also subject to special assessments or "taxes" for various special purposes. Funds are transferred

between chapters and the regional and national organizations as the need may require. Club members engaging in criminal activity which generates a profit are expected to contribute a portion of those proceeds to the chapter.

j. Chapter meetings are held regularly and are referred to as "church". Only full, patched, members are allowed to attend "church".

k. Patched and probate members are required to attend certain special events referred to as "runs", which may be organized on either the national or regional level. Failure to attend a "run" as required, subjects the member to disciplinary sanction.

## II. The Enterprise

2. At various times relevant to this indictment, the defendants and others known and unknown, were members and associates of the Chicago Region of the Outlaws Motorcycle Club, a criminal organization whose members and associates engaged in acts of violence, including murder, robbery and arson; narcotics trafficking; trafficking in stolen motor vehicles and motor vehicle parts; interstate transportation of stolen property; and the sale, purchase and passing of counterfeit United States currency.

3. The Chicago Region of the Outlaws Motorcycle Club, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter the enterprise), that is, a group of

individuals associated in fact.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

4.   The Wisconsin/Stateline Chapter of the Outlaws Motorcycle Club (hereinafter the Wisconsin Chapter) is a local chapter of the national club, Chicago Region, which is active primarily within the southeastern/central counties of Wisconsin and the northeastern/central counties of Illinois, i.e. the stateline area.  The chapter became an Outlaws chapter on or about January 1, 1991.  Prior to that time, the chapter existed as the Booze Runners, a local motorcycle club allied with the Outlaws.  The Booze Runners, and later the Wisconsin Chapter, operated from a chapter house located at 42741 Route 45, Antioch, Lake County, in the Northern District of Illinois from at least 1988 until 1994, when the clubhouse burned.  Thereafter, the Wisconsin Chapter established a clubhouse at 1263 South Cherry Street, Janesville, Rock County, in the Western District of Wisconsin.  The Wisconsin Chapter also used a facility located at 1106 Main Street, Union Grove, Racine County, in the Eastern District of Wisconsin, as a meeting place.  The Wisconsin Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

5.   The Milwaukee Chapter of the Outlaws Motorcycle Club (hereinafter the Milwaukee Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Milwaukee, Wisconsin metropolitan area.  The Milwaukee Chapter has operated from a chapter house located at 1835-9 South

2nd Street, Milwaukee, Milwaukee County, in the Eastern District of Wisconsin, from at least 1988 to the present. The Milwaukee Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

6. The Chicago (Southside) Chapter of the Outlaws Motorcycle Club (hereinafter the Chicago (Southside) Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Chicago, Illinois metropolitan area. The Chicago (Southside) Chapter has operated from a chapter house located at 2601 W. 25th Street, Chicago, Cook County, in the Northern District of Illinois, from at least 1992 to the present. From at least 1988 to 1992 the chapter operated from a chapter house located at 2201 Roosevelt Road, Chicago, Cook County, in the Northern District of Illinois. Prior to approximately July 15, 1995, the Chicago (Southside) Chapter was the only local chapter of the Outlaws Motorcycle Club in the Chicago metropolitan area, and was known as the Chicago Chapter. The Chicago (Southside) Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

7. The Chicago (Northside) Chapter of the Outlaws Motorcycle Club (hereinafter the Chicago (Northside) Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Chicago, Illinois, metropolitan area. The chapter became an Outlaws chapter on or about July 15, 1995. Prior to that time, the chapter existed as the Wheelmen, a local motorcycle club allied with the Outlaws. The Wheelmen, and later

the Chicago (Northside) Chapter, operated from a chapter house located at 3745 Division Street, Chicago, Cook County, in the Northern District of Illinois, from at least 1988 to the present. The Chicago (Northside) Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

8. The Chicago (Westside) Chapter of the Outlaws Motorcycle Club (hereinafter the Chicago (Westside) Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Chicago, Illinois, metropolitan area. The chapter became an Outlaws chapter on or about July 15, 1995. Prior to that time, the chapter existed as the High Spirits, a local motorcycle club allied with the Outlaws. The High Spirits, and later the Chicago (Westside) Chapter, operated from a chapter house located at 214 Park Street, Bensenville, Du Page County, in the Northern District of Illinois, from at least 1994 to the present. From at least 1988 to 1994, the High Spirits operated from a chapter house located at 1228 E. Harding, Des Plaines, Cook County, in the Northern District of Illinois. The Chicago (Westside) Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

9. The Joliet Chapter of the Outlaws Motorcycle Club (hereinafter the Joliet Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in Will County, Illinois. The Joliet Chapter has operated from a chapter house located at 1915 W. Washington Street, Joliet, Will County, in the Northern District of Illinois, from at least 1992 to the

present. From at least 1988 to 1992, the Joliet Chapter operated from a chapter house located at 204 Oak Street, Lockport, Will County, in the Northern District of Illinois. The Joliet Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

10. The Gary Chapter of the Outlaws Motorcycle Club (hereinafter the Gary Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in Lake County, and northeast, Indiana area. The Gary Chapter has operated from a chapter house located at 3265 Carolina Street, Gary, Lake County, in the Northern District of Indiana from at least 1988 to the present. The Gary Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

11. The LaCrosse Chapter of the Outlaws Motorcycle Club (hereinafter the LaCrosse Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the LaCrosse County and west central Wisconsin area. The LaCrosse Chapter has operated from a chapter house located at 504 Avon Street, LaCrosse, LaCrosse County, in the Western District of Wisconsin from 1996 to the present. The LaCrosse Chapter became an Outlaws Motorcycle Club chapter on or about February 15, 1997. The LaCrosse Chapter has elected officers and formal membership categories indicated by appropriate vestments.

12. The following defendants were members and/or associates of the Outlaws Motorcycle Club:

(a)  Defendant Kevin P. O'Neill, a/k/a "Spike", was a
     member and president of the Wisconsin Chapter of
     the Outlaws Motorcycle Club.

(b)  Defendant Carl J. Warneke, a/k/a "Jay", was a
     member and president of the Chicago (Southside)
     Chapter of the Outlaws Motorcycle Club.

(c)  Defendant Raymond L. Morgan, Jr., a/k/a "Shemp",
     was a member and president of the Gary Chapter of
     the Outlaws Motorcycle Club.

(d)  Defendant Robert A. Kruppstadt, a/k/a "Clay", was
     a member and vice-president of the Wisconsin
     Chapter of the Outlaws Motorcycle Club.

(e)  Defendant Richard E. Mroch, a/k/a "Richie" was a
     member and vice-president of the Chicago
     (Southside) Chapter of the Outlaws Motorcycle
     Club.

(f)  Defendant Randy M. Yager, a/k/a "Mad", was the
     regional president of the Chicago Region, and a
     member and president of the Gary Chapter of the
     Outlaws Motorcycle Club.

(g)  Defendant William B. Brock, a/k/a "Bad Bill", was
     a member of the Wisconsin Chapter of the Outlaws
     Motorcycle Club.

(h)  Defendant James E. Hanson, a/k/a "Manson", was a
     member of the Wisconsin Chapter of the Outlaws
     Motorcycle Club.

(i) Defendant Johnson F. Blake, a/k/a "Beeker", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(j) Defendant David A. Kadlec, a/k/a "Kid", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(k) Defendant Allen J. McVay, a/k/a "Big Al", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(l) Defendant James E. Meinen, Jr., a/k/a "LJ", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(m) Defendant Randall E. Miller, a/k/a "Madman", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(n) Defendant Harvey E. Powers, a/k/a "RV", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(o) Defendant James C. Rostron, a/k/a "Just Jim", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(p) Defendant James W. Schneider, a/k/a "Preacher", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(q)  Defendant Leslie John Jensen, a/k/a "Jack", was a member and president of the LaCrosse Chapter of the Outlaws Motorcycle Club.

### III.  Objects and Purposes

13.  It was an object and purpose of the enterprise to enforce discipline among members of the Outlaws Motorcycle Club by acts of violence.

14.  It was an object and purpose of the enterprise to protect and defend territory considered to be within the control of the Outlaws Motorcycle Club by acts of violence committed against members of rival motorcycle clubs.

15.  It was an object and purpose of the enterprise to possess and traffick in controlled substances for the benefit of the Outlaws Motorcycle Club and its members.

16.  It was an object and purpose of the enterprise to possess and traffick in stolen motor vehicles and motor vehicle parts for the benefit of the Outlaws Motorcycle Club and its members.

17.  It was an object and purpose of the enterprise to commit acts of robbery and burglary for the benefit of the Outlaws Motorcycle Club and its members.

18.  It was an object and purpose of the enterprise to possess and traffick in counterfeit United States currency for the benefit of the Outlaws Motorcycle Club and its members.

## IV. <u>Means and Methods</u>

19. To accomplish some of the objects and purposes of the enterprise, the defendants and others known and unknown to the grand jury, used, among others, the following means and methods:

a. Acts involving the murder of rival gang members, particularly members of the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels. These acts also consisted of murders committed in the course of, and/or in the furtherance of robberies committed for the benefit of the enterprise.

b. Acts involving arson against the person and properties of rival gangs and their members, particularly the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels.

c. Acts involving robbery against rival gang members, particularly the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels. These acts also consisted of robberies committed for the benefit of the enterprise.

d. Acts of the felonious dealing in controlled substances, including cocaine and marijuana.

e. Acts of the transportation in interstate and foreign commerce of stolen motor vehicles, and the possession with the intent to sell or otherwise dispose of motor vehicles

bearing a vehicle identification number which has been removed, obliterated, tampered with or altered.

f.  Acts of the transportation in interstate commerce of stolen property.

g.  Acts of the sale, purchase and passing of counterfeit United States currency.

20.  It was further part of the enterprise that the defendants and others known and unknown to the grand jury would possess, transport, and use firearms, silencers, explosives, explosive devices, and other deadly weapons, including but not limited to knives, and use violence and threats of violence to promote and conduct the affairs of the enterprise.

21.  It was further part of the enterprise that the defendants and others known and unknown to the grand jury would commit acts designed to intimidate owners, managers, employees, and customers of businesses frequented by members of rival gangs, particularly the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels.

22.  It was further part of the enterprise that the defendants and others known and unknown to the grand jury would assert that particular business and geographic locations were the exclusive territory of the Outlaws Motorcycle Club.

23.  It was further part of the enterprise that the defendants and others known and unknown to the grand jury would distribute quantities of controlled substances to each other and otherwise deal in controlled substances.

24.   It was further part of the enterprise that the
defendants and others known and unknown to the grand jury would
assert that the States of Wisconsin, Illinois and Indiana and
parts of the State of New York, and elsewhere, was the territory
of the Outlaws Motorcycle Club and that no other motorcycle clubs
or organizations could operate or display "colors" within said
territories without the consent of the Outlaws Motorcycle Club.

25.   It was further part of the enterprise that the
defendants would commit acts of violence, intimidation and
threats against members and associates of other motorcycle clubs
including, but not limited to, the Hell's Angels and other
motorcycle clubs allied with the Hell's Angels.

26.   It was further part of the enterprise that those
defendants and other members known and unknown to the grand jury,
who did not have felony convictions would possess firearms for
the use of other defendants and members known and unknown to the
grand jury who did have felony convictions.

27.   It was further part of the enterprise that the
defendants and others known and unknown to the grand jury would
possess and use and threaten the use of explosives and explosive
devices to promote and conduct the affairs of the enterprise.

28.   It was further part of the enterprise that the
defendants and others known and unknown to the grand jury would
steal motor vehicles and sell the stolen motor vehicles or
otherwise use the stolen motor vehicles to promote and conduct
the affairs of the enterprise.

29. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would and did acquire and possess law enforcement information regarding the Outlaws Motorcycle Club, and other motorcycle clubs, including information about members, associates, and activities, and information regarding the activities of law enforcement concerning the Outlaws Motorcycle Club and other motorcycle clubs.

30. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would and did utilize the United States mail, other private and commercial carriers, and wire communications to promote and conduct the affairs of the enterprise.

31. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would acquire, use and distribute counterfeit money to promote and conduct the affairs of the enterprise.

32. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would and did misrepresent, conceal and hide, and caused to be misrepresented, concealed, and hidden, the purpose of the acts, and the acts, done in furtherance of the enterprise.

## V. The Racketeering Violation

33. From on or about January 1, 1988, the exact date being unknown to the grand jury, and continuing to on or about

May 30, 1997, in the Eastern District of Wisconsin and elsewhere,

the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Carl J. Warneke
a/k/a "Jay",
Raymond L. Morgan, Jr.
a/k/a "Shemp",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",
Randy M. Yager
a/k/a "Mad",
Johnson F. Blake
a/k/a "Beeker",
William B. Brock
a/k/a "Bad Bill",
James E. Hanson
a/k/a "Manson",
David A. Kadlec
a/k/a "Kid",
Allen J. McVay
a/k/a "Big Al",
James E. Meinen, Jr.
a/k/a "LJ",
Randall E. Miller
a/k/a "Madman",
Harvey E. Powers
a/k/a "RV",
James C. Rostron
a/k/a "Just Jim",
James W. Schneider
a/k/a "Preacher", and
Leslie John Jensen
a/k/a "Jack",

and others known and unknown, being persons employed by and

associated with the enterprise, that is, the Chicago Region of

the Outlaws Motorcycle Club, as described above, which was an

enterprise engaged in, and the activities of which affected,

interstate and foreign commerce, knowingly, willfully and

unlawfully conducted and participated, directly and indirectly,

in the conduct of the affairs of the enterprise through a pattern

of racketeering activity, as those terms are defined in Title 18, United States Code, Sections 1961(1) and (5), to wit: through the commission of Racketeering Acts 1 through 34, as set forth below.

## VI.   The Pattern of Racketeering Activity

The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and (5), consisted of the following acts:

### Racketeering Act # 1

The defendants below committed the following acts involving arson, any one of which alone constitutes the commission of racketeering act # 1:

a.   On or about November 13, 1990, in Winnebago County, in the Northern District of Illinois, the defendants,

> Kevin P. O'Neill
> a/k/a "Spike", and
> Randall E. Miller
> a/k/a "Madman",

did by means of an explosive, knowingly damage, without consent, buildings and personal property having a value of $150.00 or more, in violation of Ch. 38, ¶¶ 20-1 and 5-1 (Chapter 720, Sections 5/20-1(a) and 5/5-1) of the Illinois Statutes.

b.   On or about November 13, 1990, in Winnebago County, in the Northern District of Illinois, the defendants,

> Kevin P. O'Neill
> a/k/a "Spike", and
> Randall E. Miller
> a/k/a "Madman",

did by means of an explosive, knowingly damage, without consent, buildings and personal property having a value of $150.00 or

18

more, and did injure as a result of the explosion, policemen
present at the scene and acting in the line of duty, in violation
of Ch. 38, ¶¶ 20-1, 20-1.1 and 5-1 (Chapter 720, Sections 5/20-
1(a), 5/20-1.1(a)(3) and 5/5-1) of the Illinois Statutes.

### Racketeering Act # 2

On or about August 24, 1992, in Racine County, in the
Eastern District of Wisconsin, the defendants,

                    Kevin P. O'Neill
                    a/k/a "Spike",
                    David A. Kadlec
                    a/k/a "Kid", and
                    Randall E. Miller
                    a/k/a "Madman",

did commit an act involving murder, that is, with the intent to
kill, did cause the death of Donald Wagner, a/k/a "Domino", a
human being, in violation of Sections 940.01(1) and 939.05(1) of
the Wisconsin Statutes.

### Racketeering Act # 3

On or about January 30, 1993, in the Eastern District
of Wisconsin and elsewhere, the defendants,

                    Kevin P. O'Neill
                    a/k/a "Spike",
                    Raymond L. Morgan, Jr.
                    a/k/a "Shemp",
                    Robert A. Kruppstadt
                    a/k/a "Clay",
                    Johnson F. Blake
                    a/k/a "Beeker",
                    David A. Kadlec
                    a/k/a "Kid",
                    James E. Meinen, Jr.
                    a/k/a "LJ",
                    Randall E. Miller
                    a/k/a "Madman", and
                    James W. Schneider
                    a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill members and associates of the Hell's Angels Motorcycle Club, and to effect the object of the conspiracy, one or more of said conspirators did travel to LaCrosse, Wisconsin, while armed with dangerous weapons, to confront members of the Hell's Angels Motorcycle Club, in violation of Sections 940.01(1), 939.31 and 939.05(1) of the Wisconsin Statutes.

<u>Racketeering Act # 4</u>

The defendants below committed the following acts involving murder, any one of which alone constitutes the commission of racketeering act # 4:

a. On or about April 7, 1993, in McHenry County, in the Northern District of Illinois, the defendants,

> **Randall E. Miller**
> a/k/a "Madman", and
> **James W. Schneider**
> a/k/a "Preacher",

did, without lawful justification, knowingly and intentionally kill Morris Gauger, a human being, while committing a forcible felony, to wit, robbery, in violation of Chapter 720, Sections 5/9-1(a)(3) and 5/5-1 of the Illinois Statutes.

b. On or about April 7, 1993, in McHenry County, in the Northern District of Illinois, the defendants,

> **Randall E. Miller**
> a/k/a "Madman", and
> **James W. Schneider**
> a/k/a "Preacher",

did, without lawful justification, knowingly and intentionally kill Ruth Gauger, a human being, while committing a forcible felony, to wit, robbery, in violation of Chapter 720, Sections 5/9-1(a)(3) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 5

On or about August 5, 1993 in Rock County, in the Western District of Wisconsin, the defendants,

        Kevin P. O'Neill
          a/k/a "Spike",
        Johnson F. Blake
          a/k/a "Beeker",
        William B. Brock
          a/k/a "Bad Bill",
        James E. Hanson
          a/k/a "Manson",
        Randall E. Miller
          a/k/a "Madman", and
        James W. Schneider,
          a/k/a "Preacher",

did commit an act involving robbery, that is, with intent to steal, did take property from the person of the owner by the use of force against said person, intended to overcome said persons physical resistance to the taking and carrying away of the property, in violation of Sections 943.32(1)(a) and 939.05(1) of the Wisconsin Statutes.

## Racketeering Act # 6

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 6:

a. Between on or about October 1, 1993 and February 10, 1994, in Lake County, in the Northern District of Illinois and elsewhere, the defendants,

                    Kevin P. O'Neill
                    a/k/a "Spike",
                    Johnson F. Blake
                    a/k/a "Beeker",
                    Randall E. Miller
                    a/k/a "Madman", and
                    James W. Schneider,
                    a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and

intentionally combine, conspire, confederate and agree among

themselves and with others known and unknown to the grand jury to

kill, without lawful justification, Edward Murphy, and in

furtherance thereof, one or more of said conspirators did commit,

among others, the following overt acts:  (1)  On or about October

30, 1993, an explosive device was placed on a vehicle operated by

Edward Murphy; (2)  On February 10, 1994, Kevin P. O'Neill,

Johnson F. Blake and Randall E. Miller, while in possession of a

handgun, confronted Edward Murphy.

         All in violation of Chapter 720, Sections 5/9-1(a),

5/8-2(a) and 5/5-1 of the Illinois Statutes.

         b.   On or about October 30, 1993, in Lake County, in

the Northern district of Illinois, the defendants,

                    Kevin P. O'Neill
                    a/k/a "Spike",
                    Johnson F. Blake
                    a/k/a "Beeker",
                    Randall E. Miller
                    a/k/a "Madman", and
                    James W. Schneider,
                    a/k/a "Preacher",

did commit an act involving arson, that is, by means of an

explosive, did knowingly attempt to damage, without consent,

personal property having a value of $150.00 or more, in violation

of Chapter 720, Sections 5/20-1(a), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

       c.  On or about October 30, 1993, in Lake County, in the Northern District of Illinois and elsewhere,

> **Kevin P. O'Neill**
> a/k/a "Spike",
> **Johnson F. Blake**
> a/k/a "Beeker",
> **Randall E. Miller**
> a/k/a "Madman", and
> **James W. Schneider,**
> a/k/a "Preacher",

did commit an act involving murder, that is, without lawful justification, did knowingly and intentionally attempt to kill Edward Murphy, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

       d.  On or about February 10, 1994, in Lake County, in the Northern District of Illinois and elsewhere,

> **Kevin P. O'Neill**
> a/k/a "Spike",
> **Johnson F. Blake**
> a/k/a "Beeker", and
> **Randall E. Miller**
> a/k/a "Madman",

did commit an act involving murder, that is, without lawful justification, did knowingly and intentionally attempt to kill Edward Murphy, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 7

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 7:

a.  On or about December 15, 1993, in the District of Minnesota and elsewhere, the defendants,

> **Kevin P. O'Neill**
> a/k/a "Spike",
> **David A. Kadlec**
> a/k/a "Kid", and
> **Randall E. Miller**
> a/k/a "Madman",

did travel in interstate commerce from the State of Wisconsin to the State of Minnesota, with the intent to promote, manage and carry on, or facilitate the promotion, management and carrying on of an unlawful activity, to wit, arson in violation of Section 609.562 of the Minnesota Statutes, and thereafter did perform and attempt to perform acts to promote, manage and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

b.  On or about December 15, 1993, in Minneapolis, in the District of Minnesota, the defendants,

> **Kevin P. O'Neill**
> a/k/a "Spike",
> **David A. Kadlec**
> a/k/a "Kid", and
> **Randall E. Miller**
> a/k/a "Madman",

did commit an act involving arson, that is, by means of an explosive, did unlawfully and intentionally destroy and damage a

building and personal property valued at more than $2,500.00, in violation of Sections 609.562 and 609.05 of the Minnesota Statutes.

    c.  On or about December 15, 1993, in Minneapolis, in the District of Minnesota, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
David A. Kadlec
a/k/a "Kid", and
Randall E. Miller
a/k/a "Madman",

did commit an act involving murder, that is, with the intent to effect the death of Patrick Matter, did attempt to cause the death of Patrick Matter, a human being, while committing arson, in violation of Sections 609.185(3), 609.562, 609.17 and 609.05 of the Minnesota Statutes.

## Racketeering Act # 8

    On or about March 19, 1994, in Cook County, in the Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Carl J. Warneke
a/k/a "Jay",
Raymond L. Morgan, Jr.
a/k/a "Shemp",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",
Randy M. Yager
a/k/a "Mad",
Johnson F. Blake
a/k/a "Beeker",
William B. Brock
a/k/a "Bad Bill",
James E. Hanson
a/k/a "Manson",
Randall E. Miller
a/k/a "Madman",

Harvey E. Powers
a/k/a "RV",
James C. Rostron
a/k/a "Just Jim", and
James W. Schneider
a/k/a "Preacher",

did commit an act involving robbery, that is, did take property,

to wit, United States currency, from the person and presence of

another by the use of force and by threatening the imminent use

of force, in violation of Chapter 720, Sections 5/18-1(a) and

5/5-1 of the Illinois Statutes.

### Racketeering Act # 9

On or about June 14, 1994, in Winnebago County, in the

Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",
William B. Brock
a/k/a "Bad Bill",
James E. Hanson
a/k/a "Manson",
Randall E. Miller
a/k/a "Madman",
Harvey E. Powers
a/k/a "RV",
James C. Rostron
a/k/a "Just Jim",
James W. Schneider
a/k/a "Preacher", and
Leslie John Jensen
a/k/a "Jack",

did commit an act involving murder, that is, did knowingly and

intentionally combine, conspire, confederate and agree among

themselves and with others known and unknown to the grand jury to

kill, without lawful justification, members of the Hell's

Henchmen Motorcycle Club, and in furtherance thereof, one or more of said conspirators did travel to Winnebago County, Illinois, to confront members of the Hell's Henchmen Motorcycle Club, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 10

On or about June 26, 1994, in Lake County, in the Northern District of Indiana, the defendants,

> Kevin P. O'Neill
> a/k/a "Spike",
> Robert A. Kruppstadt
> a/k/a "Clay",
> Richard E. Mroch
> a/k/a "Richie",
> Randy M. Yager
> a/k/a "Mad",
> David A. Kadlec
> a/k/a "Kid",
> James C. Rostron
> a/k/a "Just Jim", and
> James W. Schneider
> a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to kill members of the Invaders Motorcycle Club, and in furtherance thereof, one or more of said conspirators did travel to Lake County, Indiana, while armed with dangerous weapons, to confront members of the Invaders Motorcycle Club, in violation of Sections 35-42-1-1, 35-41-5-2 and 35-41-2-4 of the Indiana Statutes.

## Racketeering Act # 11

The defendants below committed the following acts involving murder, any one of which alone constitutes the commission of racketeering act # 11:

a.   Between on or about May 15, 1994 and June 28, 1994, in Winnebago County, in the Northern District of Illinois and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Allen J. McVay**
a/k/a "Big Al",
**Harvey E. Powers**
a/k/a "RV", and
**Leslie John Jensen**
a/k/a "Jack",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, LaMonte Mathias, and in furtherance thereof, one or more of said conspirators did kill LaMonte Mathias, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b.   On or about June 28, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Allen J. McVay**
a/k/a "Big Al", and
**Harvey E. Powers**
a/k/a "RV",

did, without lawful justification, knowingly and intentionally kill LaMonte Mathias, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 12

On or about July 12, 1994, in Lake County in the Northern District of Illinois, the defendants,

**James E. Hanson**
a/k/a "Manson", and
**James C. Rostron**
a/k/a "Just Jim",

did commit an act involving arson, that is, by means of fire, did knowingly attempt to damage, without consent, real property, in violation of Chapter 720, Sections 5/20-1(a), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 13

On or about September 25, 1994, in the Western District of New York and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among

themselves and with others known and unknown to the grand jury, to kill members of the Hell's Angels Motorcycle Club, and in furtherance thereof, one or more of said conspirators did travel to Erie County, New York, while armed with dangerous weapons, to confront members of the Hell's Angels Motorcycle Club, in violation of Sections 125.25 and 105.15 of the Penal Laws of the State of New York.

<u>Racketeering Act # 14</u>

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 14:

a.  On or about October 12, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, Roger Fiebrantz, and in furtherance thereof, one or more of said conspirators did place an explosive device on a vehicle owned and operated by Roger Fiebrantz, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b.  On or about October 12, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay", and
Harvey E. Powers
a/k/a "RV",

did commit an act involving murder, that is, without lawful

justification, did knowingly and intentionally attempt to kill

Roger Fiebrantz, a human being, in violation of Chapter 720,

Sections 5/9-1(a)(1), 5/8-4(a), and 5/5-1 of the Illinois

Statutes.

c.  On or about October 12, 1994, in Winnebago County,

in the Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay", and
Harvey E. Powers
a/k/a "RV",

did commit an act involving arson, that is, by means of an

explosive, did knowingly damage, without consent personal

property having a value of $150.00 or more, in violation of

Chapter 720, Sections 5/20-1(a) and 5/5-1 of the Illinois

Statutes.

## Racketeering Act # 15

The defendants below committed the following acts, any

one of which alone constitutes the commission of racketeering act

# 15:

a.  On or about November 7, 1994, in Winnebago County,

in the Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",

Johnson F. Blake
a/k/a "Beeker", and
Harvey E. Powers
a/k/a "RV",

did commit an act involving murder, that is, did knowingly and

intentionally combine, conspire, confederate and agree among

themselves and with others known and unknown to the grand jury to

kill, without lawful justification, Michael Coyne, and in

furtherance thereof, one or more of said conspirators did place

an explosive device on a vehicle owned and operated by Michael

Coyne, in violation of Chapter 720, Sections 5/9-1(a), 5/8-2(a)

and 5/5-1 of the Illinois Statutes.

b.   On or about November 7, 1994, in Winnebago County,

in the Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Johnson F. Blake
a/k/a "Beeker", and
Harvey E. Powers
a/k/a "RV",

did commit an act involving murder, that is, without lawful

justification, did knowingly and intentionally attempt to kill

Michael Coyne, a human being, in violation of Chapter 720,

Sections 5/9-1(a), 5/8-4(a), and 5/5-1 of the Illinois Statutes.

c.   On or about November 7, 1994 in Winnebago County,

in the Northern District of Illinois, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Johnson F. Blake
a/k/a "Beeker", and
Harvey E. Powers
a/k/a "RV",

did commit an act involving arson, that is, by means of an explosive, did knowingly damage, without consent, personal property having a value of $150.00 or more, in violation of Chapter 720, Sections 5/20-1(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 16

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 16:

a. On or about November 7, 1994, in Cook County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp", and
**William B. Brock**
a/k/a "Bad Bill",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to commit murder, and in furtherance thereof, one or more of said conspirators did place and detonate an explosive device, in violation of Chapter 720, Sections 5/9-1, 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b. On or about November 7, 1994, in Cook County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp", and

William B. Brock
a/k/a "Bad Bill",

did commit an act involving arson, that is, by means of an explosive, did knowingly damage, without consent, real property, in violation of Chapter 720, Sections 5/20-1(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 17

On or about December 16, 1994, in Cook County, in the Northern District of Illinois, the defendants,

Carl J. Warneke
a/k/a "Jay" and
Richard E. Mroch
a/k/a "Richie",

did commit an act involving arson, that is, did by means of fire, knowingly attempt to damage, without consent, real property, in violation of Chapter 720, Sections 5/20-1(a), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 18

On or about December 19, 1994, in the Eastern District of Wisconsin, the defendants,

Kevin P. O'Neill
a/k/a "Spike", and
Randall E. Miller
a/k/a "Madman",

did unlawfully transport in interstate commerce from the State of Illinois to the State of Wisconsin, United States currency of a value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 2314 and 2.

## Racketeering Act # 19

Between on or about December 1, 1994 and February 1, 1995, in Racine County, in the Eastern District of Wisconsin and elsewhere, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay",
Harvey E. Powers
a/k/a "RV", and
James E. Hanson
a/k/a "Manson",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill Anthony Baschetti, and in furtherance thereof, one or more of said conspirators did surveil Anthony Baschetti in preparation for the intended killing, in violation of Sections 940.01(1), 939.31 and 939.05(1) of the Wisconsin Statutes.

## Racketeering Act # 20

The defendants below committed the following acts involving murder, any one of which alone constitutes the commission of racketeering act # 20:

a. Between on or about February 1, 1995 and March 6, 1995, in Cook County, in the Northern District of Illinois and elsewhere, the defendants,

Kevin P. O'Neill
a/k/a "Spike", and
Carl J. Warneke
a/k/a "Jay",

did knowingly and intentionally combine, conspire, confederate
and agree among themselves and with others known and unknown to
the grand jury to kill, without lawful justification, Jack
Castle, and in furtherance thereof, one or more of said
conspirators did surveil the activities of Jack Castle in
preparation for the intended killing, in violation of Chapter
720, Sections 5/9-1(a), 5/8-2(a) and 5/5-1 of the Illinois
Statutes.

    b.  On or about March 3, 1995, in Cook County, in the
Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike", and
**Carl J. Warneke**
a/k/a "Jay",

did, without lawful justification, knowingly and intentionally
kill Jack Castle, a human being, in violation of Chapter 720,
Sections 5/9-1(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 21

    Between on or about March 1, 1995 and April 25, 1995,
in Racine County, in the Eastern District of Wisconsin and
elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Harvey E. Powers**
a/k/a "RV", and
**Leslie John Jensen**
a/k/a "Jack",

did commit an act involving murder, that is, did knowingly and
intentionally combine, conspire, confederate and agree among

themselves and with others known and unknown to the grand jury to kill Jerry Bokina, and in furtherance thereof, one or more of said conspirators did surveil the activities of Jerry Bokina in preparation for the intended killing, in violation of Sections 940.01(1), 939.31 and 939.05(1) of the Wisconsin Statutes.

### Racketeering Act # 22

On or about April 6, 1995, in Kenosha County, in the Eastern District of Wisconsin, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay", and
James E. Meinen, Jr.
a/k/a "LJ",

did commit an act involving robbery, that is, did, with intent to steal, attempt to take property from the person or presence of the owner by the use of force against said person, intended to overcome said person's physical resistance to the taking and carrying away of the property, in violation of Sections 943.32(1)(a), 939.32 and 939.05(1) of the Wisconsin Statutes.

### Racketeering Act # 23

Between on or about January 1, 1989 and continuing to on or about May 30, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Raymond L. Morgan, Jr.
a/k/a "Shemp",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",

Johnson F. Blake
a/k/a "Beeker",
Allen J. McVay
a/k/a "Big Al",
James E. Meinen, Jr.
a/k/a "LJ",
Randall E. Miller
a/k/a "Madman",
Harvey E. Powers
a/k/a "RV", and
James W. Schneider
a/k/a "Preacher",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), and in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## Racketeering Act # 24

In or about February, 1992, in the Eastern District of Wisconsin, the defendants,

Randall E. Miller
a/k/a "Madman", and
James W. Schneider
a/k/a "Preacher",

did, with intent to defraud, pass, utter and publish, falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes of denominations totaling approximately $100,000.00, which they then knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Sections 472 and 2.

### Racketeering Act # 25

In or about July, 1993, in the Eastern District of Wisconsin, the defendant,

**Raymond L. Morgan, Jr.**
a/k/a "Shemp",

did knowingly buy and receive false, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes of denominations totaling approximately $100,000.00, with the intent that the same be passed, published or used as true and genuine, in violation of Title 18, United States Code, Sections 473 and 2.

### Racketeering Act # 26

In or about January, 1995, in the Western District of Wisconsin, the defendant,

**Harvey E. Powers**
a/k/a "RV",

did, with intent to defraud, possess falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes of denominations totaling approximately $17,000.00 which he knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Sections 472 and 2.

### Racketeering Act # 27

On or about September 18, 1991, in the Northern District of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did unlawfully transport in interstate and foreign commerce stolen motor vehicles, that is, a 1990 Harley Davidson

motorcycle, VIN # 1HD1DJL1XLY511271 and a 1989 Harley Davidson
motorcycle, VIN # 1HD1FAL18LY508041, from the State of Illinois
and the United States of America, to Germany, knowing said motor
vehicles to be stolen, in violation of Title 18, United States
Code, Sections 2312 and 2.

<u>Racketeering Act # 28</u>

On or about May 13, 1992, in the Northern District of
Illinois, the defendant,

William B. Brock<br>
a/k/a "Bad Bill",

did unlawfully transport in interstate and foreign commerce a
stolen motor vehicle, that is, a 1991 Harley Davidson motorcycle,
VIN # 1HD1EBL12MY128056, from the State of Illinois and the
United States of America, to Germany, knowing the same to be
stolen, in violation of Title 18, United States Code, Sections
2312 and 2.

<u>Racketeering Act # 29</u>

On or about October 7, 1992, in the Northern District
of Illinois, the defendant,

William B. Brock<br>
a/k/a "Bad Bill",

did unlawfully transport in interstate and foreign commerce a
stolen motor vehicle, that is, a 1992 Harley Davidson motorcycle,
VIN # 1HD1BML13NY028750, from the State of Illinois and the
United States of America, to Germany, knowing the same to be
stolen, in violation of Title 18, United States Code, Sections
2312 and 2.

### Racketeering Act # 30

On or about October 20, 1994, in the Northern District
of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did knowingly possess with intent to sell and otherwise dispose
of a motor vehicle, that is, a 1990 Nissan Sentra, VIN #
1N4GB22B9LC736592, knowing that the vehicle identification number
(VIN) of said vehicle had been unlawfully removed, obliterated,
tampered with and altered, in violation of Title 18, United
States Code, Section 2321 and 2.

### Racketeering Act # 31

On or about December 2, 1994, in the Northern District
of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did knowingly possess with intent to sell and otherwise dispose
of a motor vehicle, that is, a 1988 Ford Crown Victoria, VIN #
2FABP74F9JX135305, knowing that the vehicle identification number
(VIN) of said vehicle had been unlawfully removed, obliterated,
tampered with and altered, in violation of Title 18, United
States Code, Section 2321 and 2.

### Racketeering Act # 32

On or about December 15, 1994, in the Northern District
of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did knowingly possess with intent to sell and otherwise dispose
of a motor vehicle, that is, a 1989 Ford Crown Victoria, VIN #
2FABP74F9KX109059, knowing that the vehicle identification number
(VIN) of said vehicle had been unlawfully removed, obliterated,
tampered with and altered, in violation of Title 18, United
States Code, Section 2321 and 2.

### Racketeering Act # 33

On or about January 16, 1995, in the Northern District
of Illinois, the defendant,

**Harvey E. Powers**
a/k/a "RV",

did unlawfully transport in interstate commerce a stolen motor
vehicle, that is, a Harley Davidson motorcycle, from the State of
Wisconsin to the State of Illinois, knowing the same to be
stolen, in violation of Title 18, United States Code, Sections
2312 and 2.

### Racketeering Act # 34

On or about January 30, 1995, in the Eastern District
of Wisconsin, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did knowingly possess with intent to sell and otherwise dispose
of a motor vehicle, that is, a 1949 Harley Davidson motorcycle,
VIN # 49FL7206, knowing that the vehicle identification number
(VIN) of said vehicle had been unlawfully removed, obliterated,

tampered with and altered, in violation of Title 18, United States Code, Section 2321 and 2.

All in violation of Title 18, United States Code, Section 1962(c) and 2.

## Count Two

### I.   Introduction

1.   The paragraphs of Sections I, II, III and IV, of Count One are realleged and incorporated by reference as though fully set forth herein.

### II.   The Racketeering Conspiracy

2.   From on or about January 1, 1988, the exact date being unknown to the grand jury, and continuing to on or about May 30, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Carl J. Warneke
a/k/a "Jay",
Raymond L. Morgan, Jr.
a/k/a "Shemp",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",
Randy M. Yager
a/k/a "Mad",
Johnson F. Blake
a/k/a "Beeker",
William B. Brock
a/k/a "Bad Bill",
James E. Hanson
a/k/a "Manson",
David A. Kadlec
a/k/a "Kid",
Allen J. McVay
a/k/a "Big Al",
James E. Meinen, Jr.
a/k/a "LJ",

Randall E. Miller
a/k/a "Madman",
Harvey E. Powers
a/k/a "RV",
James C. Rostron
a/k/a "Just Jim",
James W. Schneider
a/k/a "Preacher", and
Leslie John Jensen
a/k/a "Jack",

being persons employed by and associated with the enterprise described in Section II of Count One, that is, the Chicago Region of the Outlaws Motorcycle Club, knowingly, willfully and unlawfully did combine, conspire, confederate, and agree among themselves and with others known and unknown to the grand jury, to commit an offense against the United States, to wit: to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as those terms are defined in Title 18, United States Code, Sections 1961(1) and (5). The pattern of racketeering activity through which the conspirators agreed to conduct the affairs of the enterprise, consisted of the acts set forth in Section VI of Count One of this indictment, which are realleged and incorporated by reference as though fully set forth herein.

3. It was part of the conspiracy that each defendant agreed that at least two acts of racketeering activity would be committed in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d) and 2.

## Count Three

Between on or about January 1, 1989 and continuing to on or about January 1, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Johnson F. Blake**
a/k/a "Beeker",
**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV", and
**James W. Schneider**
a/k/a "Preacher",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), and in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## Count Four

1. At all times material to this indictment, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay", and
James W. Schneider
a/k/a "Preacher",

together with other persons known and unknown to the grand jury, were members of the Chicago Region of the Outlaws Motorcycle Club which constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.

2. From on or about January 1, 1988, the exact date being unknown to the grand jury, and continuing to on or about May 30, 1997, the above-described enterprise and its members and associates engaged in the acts of racketeering activity as defined in Title 18, United States Code, Section 1961(1) and (5), which are set forth in Section VI of Count One of this indictment and which are realleged and incorporated by reference as though fully set forth herein.

3. In or about January, 1993, in Racine County, in the Eastern District of Wisconsin, for the purpose of maintaining and increasing their position in the enterprise described in paragraph 1 above, the defendants,

Kevin P. O'Neill
a/k/a "Spike",
Robert A. Kruppstadt
a/k/a "Clay", and
James W. Schneider
a/k/a "Preacher",

and others known and unknown to the grand jury, unlawfully, willfully and knowingly did assault with a dangerous weapon, members of the Brotherhood Motorcycle Club, in violation of Sections 940.19, 939.63, 941.30, and 939.05.

All in violation of Title 18, United States Code, Section 1959(a)(3) and 2.

### Count Five

On or about October 12, 1994, in the Eastern District of Wisconsin and the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did knowingly transport, in interstate commerce, an explosive with the knowledge and intent that it would be used to kill, injure and intimidate Roger Fiebrantz or any other individual, and unlawfully damage and destroy a vehicle and other real and personal property, and which did directly result in personal injury to Roger Fiebrantz, in violation of Title 18, United States Code, Section 844(d) and 2.

### Count Six

On or about November 5, 1994, in the Eastern District of Wisconsin and the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",

Robert A. Kruppstadt
a/k/a "Clay",
Johnson F. Blake
a/k/a "Beeker", and
Harvey E. Powers
a/k/a "RV",

did knowingly transport, in interstate commerce, an explosive with the knowledge and intent that it would be used to kill, injure and intimidate Michael Coyne or any other individual, and unlawfully damage and destroy a vehicle and other real and personal property, in violation of Title 18, United States Code, Section 844(d) and 2.

### RICO Forfeiture Allegations

1.  The allegations of Counts One and Two of the Indictment are hereby realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 1963.

2.  The defendants,

Kevin P. O'Neill
a/k/a "Spike",
Carl J. Warneke
a/k/a "Jay",
Raymond L. Morgan, Jr.
a/k/a "Shemp",
Robert A. Kruppstadt
a/k/a "Clay",
Richard E. Mroch
a/k/a "Richie",
Randy M. Yager
a/k/a "Mad",
Johnson F. Blake
a/k/a "Beeker",
William B. Brock
a/k/a "Bad Bill",
James E. Hanson
a/k/a "Manson",

David A. Kadlec
a/k/a "Kid",
Allen J. McVay
a/k/a "Big Al",
James E. Meinen, Jr.
a/k/a "LJ",
Randall E. Miller
a/k/a "Madman",
Harvey E. Powers
a/k/a "RV",
James C. Rostron
a/k/a "Just Jim",
James W. Schneider
a/k/a "Preacher", and
Leslie John Jensen
a/k/a "Jack",

a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests, in whatever forms, wherever located, and in whatever names held, are therefore subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(1);

b. have an interest in, security of, claims against and property and contractual rights affording a source of influence over the enterprise named and described herein, which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and property and contractual rights, in whatever names held, in whatever form, and wherever located, are subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(2);

c. have property consisting and derived from proceeds which the defendants obtained, directly and indirectly, from

racketeering activity in violation of Title 18, United States Code, Section 1962, which property, in whatever form, wherever located, and in whatever names held, is subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(3).

3. The interests subject to forfeiture to the United States of America, pursuant to paragraphs 1 and 2 above, include but are not limited to the following:

a. The property located at 1263 South Cherry Street, Janesville, Wisconsin, including all land, buildings, fixtures, and chattels known as the Clubhouse.

b. The property located at 1835-9 South 2nd Street, Milwaukee, Wisconsin, including all land, buildings, fixtures, and chattels known as the Clubhouse.

c. The property located at 2601 West 25th Street, Chicago, Illinois, including all land, buildings, fixtures, and chattels known as the Clubhouse.

d. The property located at 3745 Division Street, Chicago, Illinois, including all land, buildings, fixtures, and chattels known as the Clubhouse.

e. The property located at 1915 W. Washington Street, Joliet, Illinois, including all land, buildings, fixtures, and chattels known as the Clubhouse.

f. The property located at 3265 Carolina Street, Gary, Indiana, including all land, buildings, fixtures, and chattels known as the Clubhouse.

g.  The property located at 504 Avon Street, LaCrosse, Wisconsin, including all land, buildings, fixtures, and chattels known as the Clubhouse.

h.  An assembled motorcycle, consisting of a Tripoli brand frame, Delkron brand engine cases and miscellaneous parts, registered with the State of Wisconsin as a 1995 Replica, Title # 952491CO14-6 and VIN # 2T91FEL49NR097026.

4.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.  The above-named defendants, and each of them, are jointly and severely liable for the forfeiture obligations as alleged above.

51

All pursuant to Title 18, United States Code, Section
1963.

A TRUE BILL:

~~███████████~~

_____
FOREPERSON

Dated: *MAY 30, 1997*

*Barbara B. Berman*
THOMAS P. SCHNEIDER
United States Attorney

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

V.

RICHARD E. MROCH

**(AMENDED)**
**JUDGMENT IN A CRIMINAL CASE**

**Case Number: 97-CR-98-005**

Michael R. Barth
Defendant's Attorney

**DATE OF ORIGINAL JUDGMENT:**
October 16, 2000

Eric J. Klumb and Carol Kraft
Assistant United States Attorneys

*U.S. DIST. COURT EAST DIST.*
*FILED*
*DEC 2 2 2000*
*AT       O'CLOCK*
*SOFRON B. NEDILSKY*

**REASON FOR AMENDMENT:**
Amend the date the offense concluded and correct Sentence for Clerical Mistake (Fed. R. Crim. P. 36).

**THE DEFENDANT:**
Was found guilty to Counts One, Two, and Three of the superseding indictment.

| Title & Section | Nature of Offense | Date Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. § 1962(c) | Participation in an enterprise engaged in racketeering activity | 1/1/88 until 6/10/97 | 1 |
| 18 U.S.C. § 1962(d) | Conspiracy to participate in an enterprise engaged in racketeering activity | 1/1/88 until 6/10/97 | 2 |
| 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2 | Conspiracy to possess with intent to distribute cocaine | 1/1/89 until 6/10/97 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 9/21/66

Defendant's USM No.:       05024-089

Defendant's Legal Address:
3511 S. Harlem St.
Berwyn, IL 60402

Date Amended Sentence Imposed:
December 22, 2000

J. P. Stadtmueller
Chief Judge

Date Judgment Signed

Defendant: Richard Mroch                              Judgment Page 2 of 8
Case Number: 97-CR-98

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two hundred forty (240) months as to Count One of the superseding indictment, two hundred forty (240) months as to Count Two of the superseding indictment, both counts to run concurrently to each other and consecutive to forty-eight (48) months as to Count Three of the superseding indictment, for a total term of two hundred eighty-eight (288) months of imprisonment.

The defendant is remanded to the custody of the United States Marshal.

The court makes the following recommendation to the Bureau of Prisons:

(1) that the defendant be incarcerated at F.M.C. Rochester, Rochester, MN.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

_____

United States Marshal

By _____
Deputy U. S. Marshal

Defendant: Richard Mroch                                      Judgment Page 3 of 8
Case Number: 97-CR-98

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to Count One of the superseding indictment, three (3) years as to Count Two of the superseding indictment, and three (3) years as to Count Three of the superseding indictment to run concurrently for a total term of three (3) years of supervised release.

The defendant shall not commit another federal, state, or local crime and shall comply with the following special conditions:

1. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921 or any other dangerous weapon.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will be obliged to serve a further term in prison.

4. The defendant shall submit his person, residence, office, or vehicle to a search, conducted by a probation officer at a reasonable time and in a reasonable manner, to determine if the defendant is in compliance with the conditions of supervision including a prohibition regarding the possession of contraband material including contraband substances and weapons. Such search may be conducted by the probation officer without prior notice or search warrant. Refusal to submit to such search constitutes a violation of the conditions of supervision.

5. The defendant is to participate in a program of testing for drug and alcohol abuse as directed by his supervising probation officer and, if deemed appropriate by his supervising probation officer, the defendant shall also participate in residential or outpatient drug treatment. The defendant shall pay the nominal cost of this program as directed by his supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the period of his supervised release term.

6. The defendant shall not associate with any member, prospect, or associate member of the Outlaws Motorcycle Club or any similar club. The defendant shall have no communication whatsoever with the Outlaws Motorcycle Club or members thereof or any similar club or members thereof.

7. The defendant shall pay any balance of the fine at a rate of no less than $200.00 per month.

8. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, nor use existing credit without prior approval from his supervising probation officer.

9. The defendant is to provide his supervising probation officer with access to all of the financial information including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to his supervising probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or his or her supervising probation officer.

2. The defendant shall report to his or her supervising probation officer and shall submit a truthful and complete written report within the first five days of each month.

3. The defendant shall answer truthfully all inquiries by his or her supervising probation officer and follow the instructions of his or her supervising probation officer.

4. The defendant shall support his or her dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by his or her supervising probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify his or her supervising probation officer ten days prior to any change in residence or employment.

7. The defendant shall refrain from excessive use of alcohol.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by his or her supervising probation officer.

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of his or her supervising probation officer.

11. The defendant shall notify his or her supervising probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by his or her supervising probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit his or her supervising probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: Richard Mroch                    Judgment Page 6 of 8
Case Number: 97-CR-98

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5 Part B.

|          | **Assessment** | **Fine**   | **Restitution** |
|----------|----------------|------------|-----------------|
| **Totals:** | $300.00     | $5,000.00  | $0.00           |

## FINE

Based on the defendant's limited finances, the court determines that the defendant does not have the financial ability to pay a fine within the guideline range. However, the court does impose a nominal fine of five thousand dollars ($5,000.00). The court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, community confinement and supervision and therefore waives the interest on the fine, costs of incarceration, costs of community confinement and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to 25 percent of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

Defendant: Richard Mroch                                        Judgment Page 7 of 8
Case Number: 97-CR-98

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) fine.

Special instructions regarding the payment of criminal monetary penalties:

The $300.00 special assessment is due and payable immediately to the Clerk of Court's office, Room 362, U.S. Courthouse.

The court considers the defendant's participation in the Federal Bureau of Prisons Inmate Financial Responsibility Program a necessary part of the repayment of the court-imposed financial obligations. Payments are to apply first to the special assessment and then to the fine until paid in full.

During any period of supervised release, the defendant shall pay any balance of the fine at a rate of no less than $200.00 per month.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All Criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, his or her supervising probation officer, or the United States Attorney.

Defendant: Richard Mroch            Judgment Page 8 of 8
Case Number: 97-CR-98

# STATEMENT OF REASONS

The court adopts the factual findings and guideline computations contained in the 8/30/00 presentence report as updated and modified by the 10/3/00 addendum to that report.

## Guideline Range Determined by the Court:

Total Offense Level:          39

Criminal History Category:     I

Imprisonment Range:        262 to 327 months

Supervised Release Range:     2 to 3 years - Counts One and Two
                                  3 years - Count Three

Fine Range: $25,000.00 to $250,000.00 (with costs of imprisonment/
                                                      supervision)

Fine within guideline range waived because of inability to pay.

Nominal Fine: $5,000.00

$300.00 special assessment

Based upon the defendant's role as an accessory after the fact, the court grants the defendant a six-level adjustment pursuant to U.S.S.G. § 2X3.1, however the resulting offense level increases the number of units and in turn requires a two-level increase pursuant to U.S.S.G. § 3D1.4. The sentence is imposed at the statutory maximum of 240 months for Counts One and Two with a consecutive incremental punishment for the defendant's conduct as found in Count Three.